Pro-per                                                    EE 108937586 US

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Thomas I. Gage.                                    :
Address: P. O. Box 4210, Warren, NJ 07059.         :
                                                   :
Plaintiff.                                         :      Case: 1:18-cv-01226   Jury Demand
                                                   :      Assigned To : Kollar-Kotelly, Colleen
vs.                                                :      Assign. Date : 5/22/2018
                                                   :      Description: Pro Se Gen. Civil (F Deck)
Ocwen Loan Serving, LLC and                        :
Owen Financial Corporation.                        :
Address: 1661 Worthington Road, Street 100,        :
West Palm Beach, Florida 33409.                    :
                                                   :      DEMAND FOR TRIAL BY JURY
State of New Jersey                                :
Address: 125 West State Street, Trenton, NJ.       :      OF PEERS ON ALL ISSUES
                                                   :
New Jersey Courts Administration and               :
Michelle M. Smith (State Officer).                 :
Address: R.J. Hughes Justice Complex,              :
25 W. Market St, Trenton, NJ 08611.                :
                                                   :
Margaret Goodzeit (State Officer);                 :
Address: 20 North Bridge Street,                   :
Somerville, NJ 08876.                              :
                                                   :
Law Office of Rajan Patel                          :
Address: 257 S Middletown Rd, 2nd Floor,           :
Nanuet, New York 10954-3359.                       :
                                                   :
Defendants.                                        :

**Actions Pursuant to:**
**United States Constitution, 42 USC § 1983(5), Federal Common-law And**

**Title 42, U.S.C., Section 14141 - Pattern and Practice.**

Date:  May 21, 2018

1

Mail Room

MAY 2

## COMPLAINT

1.  Thomas I. Gage, by and though, Pro-per, by way of Complaint against all the Defendants, hereby alleges and says:

### NATURE OF THE COMPLAINT

2.  This is a civil rights action under 42 U.S.C. § 1983 for deprivation of civil rights protected by the Constitution of the United States, the New Jersey State Constitution, and related tortious conduct, arising from the flagrant abuse of power by persons primarily employed by the State of New Jersey, the Administrative Office of the Courts, the Superior Court Clerk Michelle M. Smith and Superior Court Judge Margaret Goodzeit, together with Law Office of Rajan Patel and Ocwen Loan Serving, LLC., and others, to maliciously destroy Plaintiff for benefit their own personal agendas, which is to prevent Plaintiff's testimony against them, for their evil felony actions before a Jury of peers.

3.  Further, pursuant to Section 1985(3) of the Civil Rights Act, Plaintiff files a class-based, invidiously discriminatory animus for the conspirators' action as the court records reflect, as the actionable cause is the treatment of a non-lawyer pro-se litigant as a distinct "class-based subject" of the State Superior Court's denial of equal protection of the laws and denial of due process was and are clearly the product of bias and prejudice of the Court.  See Griffen v. Breckenridge, 403 U.S. 88, 102 (1971).

4.  The allegations arose from an attempt of Plaintiff to expose fraudulent documents that have been used on August 8, 2011, to steal Plaintiff's private property at: 51 Hillcrest Blvd, Warren, NJ.

5.  The Plaintiff's rightly attempt to expose fraudulent documents that have been used on August 8, 2011, to steal Plaintiff's private property have been unlawfully obstructed by the fraudulent actions of the Defendants ending in deprivation of Plaintiff's property and more.

6.  Defendants maliciously have denied Plaintiff to a fair hearing of his filed Motions.

7.  Defendants conspirators' action as the court records reflect, Plaintiff's civil rights were violated by defendants who knowingly conducted the unlawfully court proceeding as the court records reflect and therefore the Defendants violated their oaths of office where they swearer

EE 108937586 US

to uphold the U.S. Constitution, pursuant to N.J. **41:1-1.& 41:1-2. Oath of allegiance**, all official of the court take this oath of office swearing to uphold the U.S. Constitution.

8. All the Defendants, who are Officers of the State Court, suborned perjury by soliciting and protecting each other, lying about material facts evidence, and manufactured false evidence to secure an unjust deprivation of property.

9. The Administrative Office of the Courts State of New Jersey, failed to supervise or intervene in the misconduct of the defendants State Officers in their duty, thus also permitted and encouraged, through their inaction, the complete destruction of Plaintiff's constitutional rights.

10. The Fourteenth Amendment Due Process Clause and Equal Protection clause (Section 1), expressly declares no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law..."

11. Further, Plaintiff brings this complaint under Title 42, U.S.C., Section 14141 - Pattern and Practice, due to the Defendants' conspired attempt to force Plaintiff to quit seeking justice in retrieve his property, which it was stolen on August 8, 2011, by County Government officials.

## CASES ON PRO SE RIGHTS:

12. Brotherhood of Trainmen v. Virginia ex rel. Virginia State Bar, 377 U.S. 1; v. Wainwright, 372 U.S. 335; Argersinger v. Hamlin, Sheriff 407 U.S. 425

13. Litigants can be assisted by unlicensed laymen during judicial proceedings.

14. Conley v. Gibson, 355 U.S. 41 at 48 (1957)

"Following the simple guide of rule 8(f) that all pleadings shall be so construed as to do substantial justice"... "The federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." The court also cited Rule 8(f) FRCP, which holds that all pleadings shall be construed to do substantial justice.

15. Davis v. Wechler, 263 U.S. 22, 24; Stromberb v. California, 283 U.S. 359; NAACP v. Alabama, 375 U.S. 449.

16. "The assertion of federal rights, when plainly and reasonably made, are not to be defeated under the name of local practice."

17. Elmore v. McCammon (1986) 640 F. Supp. 905

18. "... the right to file a lawsuit pro-se is one of the most important rights under the constitution and laws."

19. Federal Rules of Civil Procedures, Rule 17, 28 USCA "Next Friend"

20. A next friend is a person who represents someone who is unable to tend to his or her own interest.

21. Haines v. Kerner, 404 U.S. 519 (1972)

22. "Allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient"... "which we hold to less stringent standards than formal pleadings drafted by lawyers."

23. Jenkins v. McKeithen, 395 U.S. 411, 421 (1959); Picking v. Pennsylvania R. Co., 151 Fed 2nd 240; Pucket v. Cox,  456 2nd 233

24. Pro se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers.

25. Maty v. Grasselli Chemical Co., 303 U.S. 197 (1938)

26. "Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants.  They should not raise barriers which prevent the achievement of that end.  Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment."

27. NAACP v. Button, 371 U.S. 415); United Mineworkers of America v. Gibbs, 383 U.S. 715; and Johnson v. Avery, 89 S. Ct. 747 (1969)

28. Members of groups who are competent nonlawyers can assist other members of the group achieve the goals of the group in court without being charged with "unauthorized practice of law."

29. Picking v. Pennsylvania Railway, 151 F.2d. 240, Third Circuit Court of Appeals

30. The plaintiff's civil rights pleading was 150 pages and described by a federal judge as "inept".  Nevertheless, it was held "Where a plaintiff pleads pro se in a suit for protection of civil rights, the Court should endeavor to construe Plaintiff's Pleadings without regard to technicalities."

31. Puckett v. Cox, 456 F. 2d 233 (1972) (6th Cir. USCA)

32. It was held that a pro se complaint requires a less stringent reading than one drafted by a lawyer per Justice Black in Conley v. Gibson (see case listed above, Pro Se Rights Section).

33. Roadway Express v. Pipe, 447 U.S. 752 at 757 (1982)

34. "Due to sloth, inattention or desire to seize tactical advantage, lawyers have long engaged in dilatory practices... the glacial pace of much litigation breeds frustration with the Federal Courts and ultimately, disrespect for the law."

35. Sherar v. Cullen, 481 F. 2d 946 (1973)

36. "There can be no sanction or penalty imposed upon one because of his exercise of Constitutional Rights."

37. Schware v. Board of Examiners, United State Reports 353 U.S. pages 238, 239.

38. "The practice of law cannot be licensed by any state/State."

39. Sims v. Aherns, 271 SW 720 (1925)

40. B.Platsky v. CIA,  953 F.2d  25, 26 28 (2nd Cir. 1991), "Court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings."

## PARTIES

41. Plaintiff, Thomas I. Gage:

Plaintiff is a U.S., born citizen and a resident of New Jersey. He is a victim of an arranged constructive fraud, fraud upon the court and abuses under the COLOR OF LAW by officers of the court and government officers and Ocwen Loan Servicing, LLC., (all public trustees). Plaintiff's contact are: Tel. (908) 419-0937, E-mail: thomasgage63@aol.com. Address: P.O. Box 4210, Warren, NJ 07059.

42. Defendant Ocwen Loan Servicing, LLC and Owen Financial Corporation:

Ocwen Financial Corporation is a provider of residential and commercial mortgage loan servicing, special servicing, and asset management services, which has been described as "essentially debt collectors, collecting monthly principal and interest from homeowners". Ocwen is headquartered in West Palm Beach, Florida, with additional offices in Addison, Texas, Fort Washington, Pennsylvania, Orlando, Florida, Houston, Texas, Rancho Cordova, California, Waterloo, Iowa, St. Croix, U.S. Virgin Islands, and Washington, D.C. The address of Ocwen Loan Servicing is 1661 Worthington Road, Street 100, West Palm Beach, Florida

33409, United States. Phone: 561-682-8000, Fax: 561-682-8154, www.ocwencustomers.com
Plaintiff brings this lawsuit pursuant to Fraud upon the Court, Fraudulent Conveyances and
Deceptive Practices Act, and for the theft of private property.

43. Defendant: State of New Jersey 125 West State Street, Trenton, New Jersey.

Plaintiff brings this lawsuit against the State of New Jersey pursuant to the Fourteenth
Amendment Due Process Clause and Equal Protection clause (Section 1) and under Title 42
U.S. Code § 1986 - Action for neglect to prevent.

(Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction
thereof, are citizens of the United States and of the state wherein they reside. No state shall
make or enforce any law which shall abridge the privileges or immunities of citizens of the
United States; nor shall any state any person deprive of life, liberty, or property, without due
process of law; nor deny to any person within its jurisdiction the equal protection of the laws).

44. Defendant: Administrative Office of the Courts-State of New Jersey.

Regarding to the Office of Foreclosure which is one of the trial courts of the Superior Court of
the state court in the U.S. state of New Jersey. They can be reach at 609-421-6100 or E-mail:
Scco.Mailbox@njcourts.gov. "The Office of Foreclosure reviews all uncontested foreclosure
cases and is responsible for recommending and approving the entry of orders and final
judgments in all uncontested foreclosure cases pursuant to R. 4:64-1 and R. 4:64-7." Their
central office is located at: R.J. Hughes Justice Complex, Superior Court Clerk's Office, 25 W.
Market St. Sixth Floor North Wing, Trenton, NJ 08611. Plaintiff brings this lawsuit pursuant
to the Fourteenth Amendment Due Process Clause and Equal Protection clause (Section 1) and
under Title 42 U.S. Code § 1986 - Action for neglect to prevent.

45. Defendant: Michelle M. Smith.

Michelle M. Smith is the Superior Court Clerk and is responsible for foreclosure case
processing, statewide judgment processing, and managing electronic access to court records
stored in the Judiciary's case management database, the Bail Surety Program, and records
management. She is an officer of the court and her office is located at: R.J. Hughes Justice

Complex, Superior Court Clerk's Office, 25 W. Market St. Sixth Floor North Wing, Trenton, NJ 08611. E-mail: michelle.smith@judiciary.state.nj.us

Plaintiff brings section 1983 claim against this official of the Superior Court Clerk, Michelle M. Smith, in her individual and official capacity for her conspired act of deprivation of Plaintiff's civil rights and under Title 42 U.S. Code § 1986 - Action for neglect to prevent.

46. Defendant: Margaret Goodzeit.

Margaret Goodzeit is a Superior court Judge assigned to the New Jersey Chancery Division of Somerset County. E-mail SomOmbudsman.mailbox@judiciary.state.nj.us

The Courthouse is located at: 20 North Bridge Street, Somerville, NJ 08876. Plaintiff brings section 1983 claim against this official of the Superior Court in her individual and official capacity for her conspired act of deprivation of Plaintiff's civil rights and under Title 42 U.S. Code § 1986 - Action for neglect to prevent.

47. Defendant: Law Office of Rajan Patel, is now and at the time of the event relevant to the complaint herein; employed as an attorney for representing Luke Andersen and Helena Andersen who are calming to be the alleged owners of real property known as 51 Hillcrest Blvd, in warren Township, New Jersey, Which is a stolen property and the Andersens are claiming to have legally bought in 2011 and is pertaining to the matter of Plaintiff's Complaint. Defendant Law Office of Rajan Patel is an attorney at law, an officer of the court, who willfully collaborated with all the others Defendants to their conspired act of deprivation of Plaintiff's civil rights, by way of submitting, as evidence of prof to the Court, for the court record forged and bogus court proceedings and therefore, Plaintiff brings this lawsuit Complaint pursuant to Fraud upon the Court, the New Jersey State False Claims Act and under section 1983 claim against this official of the Court and Misconduct. Defendant's address is: 257 S Middletown Rd, 2nd Floor, Nanuet, New York 10954-3359. raj@rajanpatellaw.com

## DISTRICT COURT JURISDICTION

48. By the authority of Article III Section 2 federal district Article III courts of record have jurisdiction in "all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority;" - Therefore under Amendment V it is the constitutional jurisdiction and duty of this court to protect People from being deprived of life, liberty, or property, without due process of law.

49. The District Court possesses jurisdiction to hear this matter, due to the fact that the state of New Jersey is one of Defendants party in this case.

50. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises under the Fourth and Fourteenth Amendments to the Constitution of the United States and in accordance with 42 U.S.C. § 1983. 16 and pursuant to the amount in controversy which exceeds $75,000 and the parties are "diverse" in citizenship due to state of incorporation.

51. The District Court possesses supplemental jurisdiction to hear the Plaintiff's state claims pursuant to 28 U.S.C. § 1367 because the state claims arise from a common nucleus of operative fact and are logically linked to the Plaintiff's federal claims.

52. The District Court possesses jurisdiction to hear this matter under Title 42, U.S.C., Section 14141 - Pattern and Practice.

    This civil statute was a provision within the Crime Control Act of 1994 and makes it unlawful for any governmental authority, or agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with an administration responsibility, that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

53. The District Court possesses jurisdiction to hear this matter pursuant to Rule 11 of the Federal Rules of Civil Procedure (28 U.S.C.A.),

54. The District Court possesses jurisdiction to hear this matter pursuant to Common Law.

## VENUE

55. Venue is appropriated in this honorable District Court of Columbia.

56. The Officers of the State of New Jersey and Owen Financial Corporation, are not strangers or foreigners of the District of Columbia.

57. The State Attorney's Office and Owen Financial Corporation, both conducts legal business and transacting business in this honorable, District Court and in the District of Columbia. For more support, see, Exhibits "H" and "T"

58. Pursuant to case #: 1:13-cv-02025, the N.J. State Attorney's Office did or still are conducting legal business as one of the Plaintiffs v. Owen Financial Corporation et, el. See hereto attached Exhibits, "H" (U.S. District Court, District of Columbia, case# 1:13:-cv-02025-RMC). The hereto attached Exhibits "H" and "T" it's a proof of Defendants' substantial contacts with this District of Columbia. See *Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995).*

59. Further, On April 11, 2016 the New Jersey State Attorney's Office conducted legal business with the U.S. Department of Health and Human Services 200 Independence Ave, S.W. Washington, DC 20201. See hereto attached Exhibit, "B"

60. Thus, Exhibits "H" and "T" proves that the Defendants 'deliberately' engages in significant activities within the District of Columbia.

61. Hence, the Defendants manifestly has availed their self of the privilege of conducting business in this District of Columbia, and because their activities are shielded by 'the benefits and protections' of the District Court of Columbia's laws.

## WAIVED OF IMMUNITY IN REGARD TO DEFENDANT STATE OF NJ.

62. Federally Mandated Waiver of Immunity under Congressional Spending Power.

63. Congress may require that the states waive their sovereign immunity as a condition of receiving federal funds.

64. In this case, the Eleventh Amendment to the Constitution do not bars this Plaintiff's federal suits against the State of New Jersey due to the fact that the State of New Jersey benefits from

Federal Funding, such like the latest Federal funding through the U.S. Housing and Urban Development's Community Development Block Grant (CDBG) program approved by Congress for 2018 was awarded to several towns in New Jersey's Fourth Congressional District.

65. Some local governments in NJ, also received the Emergency Solutions Grants (ESG) program which provides funding to engage homeless individuals and families.

66. Howell, NJ received $168,261 in CDBG funds; Monmouth County received $2,450,174 in CDBG funding, plus $1,493,634 in HOME funding and $199,439 in ESG funding; Jackson received $179,041 in CDBG funds; and Ocean County received $1,139,236 in CDBG funding and $1,380,873 in HOME funding.

## INVOLVED CONSTITUTIONAL LAWS

67. **Amendment I** :
Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances.

68. **Amendment XIV** :
Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state any person deprive of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

69. **Amendment IV** :
The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

70. **Due Process Clause**: The Fourteenth Amendment reads, in part, that no state shall "deprive any person of life, liberty, or property, without due process of law." This applies to the states and to local governments. The Due Process Clause of the Fifth Amendment applies to the federal government. Most Due Process issues involve state laws.

71. **Common Law**: The two sources of law are statutory law and common law. The common law is that body of rules and principles developed through the courts over time. While legislatures often overrule an area of common law by enacting a statute, and while courts often overrule an area of common law by refusing to follow it further or by handing down a decision which makes use of a competing principle, the common law carries with it the force of law and is generally binding on courts within that jurisdiction.

## INVOLVED FEDERAL CASE LAWS

a. ***Albright v. Oliver, 114 S.Ct. 806 (1994).*** "Federal constitutional claims based on malicious prosecution must be brought under the Fourth Amendment rather than the Fourteenth Amendment's due process clause, a plurality of the U.S. Supreme Court holds

b. ***U.S. Fidelity & Guaranty Co.* (State use of), 217 Miss. 576, 64 So. 2d 697** "When a judicial officer act entirely without jurisdiction or without compliance with jurisdiction requisites he may be held civilly liable for abuse of process even though his act involved a decision made in good faith, that he had jurisdiction."

c. ***Ableman v. Booth,* 21 Howard 506 (1859).** "No judicial process, whatever form it may assume, can have any lawful authority outside of the limits of the jurisdiction of the court or judge by whom it is issued; and an attempt to enforce it beyond these boundaries is nothing less than lawless violence."

d. ***Hartman v. Moore, No. 04-1495, 126 S. Ct. 1695 (2006). [2006 LR Jul]*** "U.S. Supreme Court: a civil rights lawsuit for retaliatory prosecution in violation of a person's First Amendment rights must be based on, among other things, the absence of probable cause to prosecute for the asserted criminal charges."

e. **OWEN v. CITY OF INDEPENDENCE , 445 U.S. 622 (1980)** :"The innocent individual who is harmed by an abuse of governmental authority is assured that he will be compensated for his injury."

f. **Gonzalez v. Commission on Judicial Performance, (1983) 33 Cal. 3d 359, 371, 374.**"Acts in excess of judicial authority constitutes misconduct, particularly where a judge deliberately disregards the requirements of fairness and due process.

g. American Bar Association (ABA). 1994. *Model Rules of Professional Conduct.* Chicago: ABA. American Bar Association (ABA). Center for Professional Responsibility. 1984–94. *ABA/BNA Lawyers' Manual on Professional Conduct.* Chicago: ABA.

h.  Andrews, Carol Rice. 2001. "Highway 101: Lessons in Legal Ethics That We Can Learn on the Road." *Georgetown Journal of Legal Ethics* 15 (fall): 95–125.

i.  Freedman, Monroe H. 1999. *Understanding Lawyers' Ethics.* New York: Matthew Bender.

j.  Hazard, Geoffrey C. 1994. *The Law of Lawyering.* 2 vols. Englewood Cliffs, N.J.: Prentice-Hall.

k.  Lieberman, Hal R., and Ronald W. Meister. 1999. *Serving Clients Well: Avoiding Malpractice and Ethical Pitfalls in the Practice of Law.* New York: Practicing Law Institute.

l.  Liebman, Lance M., and Philip B. Heymann. 1988. *The Social Responsibilities of Lawyers: Case Studies.* Eagan, Minn.: Foundation.

m.  Oldham, Lindsay M., and Christine M. Whitledge. 2002. "The Catch-22 of Model Rule 8.3." *Georgetown Journal of Legal Ethics* 15 (summer): 881–94.

n.  Powell, Sonya. 1993. "Intent as an Element of Attorney Misconduct." *Journal of the Legal Profession* 18: 407–15.

o.  Steinberg, Marc I. 1999. *Lawyering and Ethics for the Business Lawyer.* St. Paul, Minn.: West.

p.  Wolfram, Charles W. 1986. *Modern Legal Ethics.* St. Paul, Minn.: West.

<u>All the above raises questions of federal law.</u>

## **FACTS**

72. The NJ Foreclosure actions are judiciary proceedings.

73. All the New Jersey Foreclosure pleadings are filed with the Office of the Superior Court Clerk, Foreclosure Processing Services in Trenton.

74. All judges take an oath of office swearing to uphold the U.S. Constitution.

75. The U.S. Supreme Court has ruled that "private parties", lawyers may be held to the same standard of "state actors" where the final and decisive act was carried out in conspiracy with a state actor or state official. See ***Dennis v. Sparks, 449 U.S. 24, 101 S.Ct., 183***

76. also See ***Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598.***

77. Since the late 1980s, attorneys have been required to report the misconduct of other lawyers, with failure to do so considered to be misconduct in itself and resulting in serious disciplinary measures.

78. There are two Banks who are calming to have owned an alleged Plaintiff's mortgage and these banks are: Ocwen Loan Servicing, LLC and Wells Fargo Bank, N.A. See Exhibit "A" and "G"

79. These two Banks are known for their blueprint of 150 pages of instruction to their lawyers in producing bogus foreclosure documents.

80. A well planned blueprint in how to still the people property and get away with their crime.

81. According to a federal investigation, they concluded that it was Ocwen Loan Servicing who allegedly foreclosure it, evicted and sold Plaintiff property, obviously based on the facts, that was by way of fraudulent manufactured documents, bogus assignments, backdated notaries, fraudulent claims, etc. See Exhibit "B" and "C"

82. Plaintiff was not aware that Owen Loan Servicing, LLC, was the Plaintiff party of the illegal foreclosure case and that Owen Loan Servicing, LLC, being represented by the law firm of Fein, Such, kahn & Shepard, P.C. See Exhibit "A"

83. How much more fraudulent can get when the court record proves that Wells Fargo Bank, N.A., was the one who filed the illegal foreclosure complaint, by their Attorneys, Law firm of Fein, Such, kahn & Shepard, P.C., who misled the Court to believe that Wells Fargo was the Trustee of the alleged Plaintiff's Mortgage and had the right to foreclose in the Superior Court of New Jersey, Chancery Division, under Docket No.: F-22089-08. See *Wells Fargo v. Cirigliano* (A fraud upon the Court).

84. In the Plaintiff's foreclosure case, Defendant Owen Loan Servicing, LLC, not only should have provided the documentation of the original note, but they should have also shown proof of the actual funding on each specific note transaction, by law. Instead, filed a foreclosure complaint under the name of Wells Fargo Bank, N.A. See Exhibit "A"

85. The documents that the Defendants have filed in Court and recorded into Somerset County Clerk office, were used to establish Owen Loan Servicing's ability to foreclose on Plaintiff's home, despite knowing the documents were false, including multiple examples of particular paralegal signing, of a mortgage assignments on behalf of defunct companies, in what has become known as "robo-signing." and therefore they committed a **felony**: "Fraud upon the Court". See Exhibit "B"(3 pages)

86. In this Plaintiff's case, the Defendant attorneys pursued with a false representation of the facts, misleading, and concealment of what should have been disclosed, which would have been in this case, a legal Assignment of mortgage with the original "NOTE". Although knowing that

the Defendant Ocwen Loan Servicing, were not the owners of the "NOTE" of such alleged mortgage at the time of the foreclosure proceedings, the Defendant's Attorneys willfully provided the Superior Court, as evidence, a securitization pool as proof of funds, and a fraudulent Assignment of mortgage "Wells Fargo" which in cases of foreclosure is considered an inadequate evidence of ownership to stand for a foreclosure action. Under US laws, securitization is illegal because it's fraudulent and causes specific violation of RICO.

87. This act was and is nothing than an act of **fraud upon the court**! See *Wells Fargo v. Reyes WITH PREJUDICE, Fraud on Court & Sanctions Judge Schack June2008.*

88. In conclusion, Ocwen Loan Servicing and Wells Fargo, both didn't had any right to foreclose on Plaintiff's property.

89. In fact, the foreclosing parties had no injury, and no standing in Court of Law, and what makes worse is the fact there wasn't any legal court proceedings according to the due process of the law.

90. Neither the law enforcement officers had any right to execute a force eviction without a court order, on Plaintiff's family and tenant. Hence, by law the Plaintiff has every right to sue for wrongful deprivation of his property and of his civil rights, pursuant to **fraud upon the court** See Exhibit "C"

91. There was never, a legal mortgage assignment of Wells Fargo or Ocwen Loan Servicing to the alleged Plaintiff's mortgage period and the Defendant, Administrative Office of the Courts State of New Jersey is aware of this fact and of the fraudulent practices of Ocwen Loan Servicing, LLC and Wells Fargo Bank. See Exhibit "B" and "J" and "K"

92. It's a fact that Wells Fargo and Ocwen Loan Servicing have both been find to be guilty of Fraudulent Foreclosed activities. See Exhibit "H", "CFPB" and all the 50 States v. Ocwen Loan Servicing, LLC, case No. 1:13-cv-02025, and Exhibit "I" 'Saccameno v. Ocwen Loan Servicing, LLC, case No. 1:15-cv-1164.

93. In Plaintiff's illegal Foreclosure case, Ocwen Loan Servicing has used false documents to prove ownership of an alleged mortgage, to defraud Plaintiff and to submitted insurance claim to the Federal Housing Administration.

94. Consequentially, on or about October 24, 2016, Plaintiff filed a Motion into the New Jersey Court's Office of Foreclosure, as a Defendant party pursuant to Fraud upon the Court regarding to the state "**Docket No. F-22089-08**".

95. On November 10, 2016, Plaintiff received a copy of a filed opposition on that subject matter from Defendant Law Office of "Rajan Patel", with the full knowledge that his clients not being Defendants in the matter and that Defendant Margaret Goodzeit's "generously permitted" he to file opposition to Plaintiff's pending Motion, the subject of this matter. See hereto attached Exhibit "D"

96. Defendant Law Office of "Rajan Patel" declared in a court of record that he and his office represents Luke Andersen and Helena Andersen. See hereto attached exhibits "L"

97. As proven by the court record, of "**Docket No. F-22089-08**", Defendant Law Office of "Rajan Patel" and his clients, Luke Andersen and Helena Andersen, had no standing, they never had any role as Plaintiffs or Defendants in the State Foreclosed case of "**Docket No. F-22089-08**" See hereto attached Exhibit "A"

98. Defendant Law Office of "Rajan Patel", in order to try to prove by deception that his clients Andersens are the alleged lawful owner of Plaintiff's Property, submitted, as evidence of prof to the Court, for the court record the following document:
    a. An alleged valid Final Judgment of foreclosure, signed by Hon. Jacobson;
    b. A forged Sheriff's Deed.
    c. An illegal Deed dated: September 14, 2011.

99. Due to the Defendant, Law Office of "Rajan Patel" opposition on November 10, 2016, Plaintiff submitted an "Emergency Fax/Notice to withdraw the pending motion. See Exhibit "M"

100. Plaintiff felt threatened by the conspired action of allowing a nonparty that has no standing, to file an opposition to Plaintiff's motion and consequentially, on November 17, 2016, under such threats, withdraw the pending motion, which Motion originally was filed into the Mercer County Courthouse, but later, without Plaintiff's consent was moved to the Somerset County Courthouse. See hereto attached Exhibit "N"

101. On March 21, 2017, without Plaintiff's consent and without standing in Court, Defendant Law Office of "Rajan Patel", contacted the Superior Court of Somerset County, by a letter addressed to Honorable Yolanda Ciccone, A.J.S.C. See Exhibit "O"

102.    On August 31, 2016, another Motion by Plaintiff was filed into the New Jersey, Superior Court, (Mercer County Courthouse) a Motion pursuant to **N.J.R.E. 201**, with the supported Exhibits that are Tangible "***Forensic Evidence***" of fraudulent court proceeding.

103.    On September 13, 2017, Plaintiff was served again with another copy of the Defendant filed opposition to a pending Plaintiff's motion, dated September 11, 2017. See exhibit "P"

104.    On September 13, 2017, by via, e-mail, Plaintiff once again advised the Defendant Law Office, Rajan Patel that Plaintiff didn't consent to his filed opposition since he was not a party involved in such case. See Exhibits "E" and "F".

105.    On September 13, 2017, Plaintiff filed a do not Consent document in reply to the field of an opposition from the Andersens Law Office of Rajan Patel, who by law had no standing in "**Docket No. F-22089-08**" to do so. It a fact that the court lacks subject matter jurisdiction to consider the Andersen's opposition. See hereto attached Exhibit "F" (4 pages)

106.    According to Exhibit "S" (4 pages), the Defendant Law Office, of Rajan Patel, who had no standing rights, would have obtained a court order in his favor. But the truth is that the content of the Exhibit "S" (4 pages), the "Order" is a product of fraud.

107.    As indicate by model rules, an attorney may be charged with misconduct if she or he commits a criminal act.

108.    In this Plaintiff case, all Defendants who have full knowledge of the laws and yet, have willfully conspired the filling of a frivolous oppositions, supported with false statements, offered false evidence to the court and misled the court proceeding.

109.    Official misconduct is also committed by a public servant who knowingly refrains from performing a duty which is imposed upon him by law or is clearly inherent in the nature of his office.

110.    Under New Jersey's Official Misconduct law, N.J.S.A. 2C:30-2, a public servant can be prosecuted for acts committed in their official capacity and, if convicted, imprisoned for up to ten years.

111.    All the hereto attached Exhibits to this Complaint proves that all the Defendants involved in this case committed Official Misconduct, due to their dishonesty, breach of trust, interference with the administration of justice and Fraud.

112.    Defendant Law Office, Rajan Patel, thought court records has acquired knowledge of the fact that Plaintiff is a victim of property thief by others lawyers who carry out the criminal act and later they sold the stolen property to his clients.

113.    Defendant Law Office, Rajan Patel, instead to report for prosecution the criminal misconduct of other lawyers, chosen to conceal such misconduct of the, others lawyers and joined them in the thief of Plaintiff's property.

114.    Attorneys have a duty to report other lawyers' misconduct even when a client has instructed them not to do so. See, A 1989 Illinois Supreme Court ruling, *In re Himmel*, 125 Ill. 2d 531, 533 N.E.2d 790, The Illinois Supreme Court suspended James H. Himmel from the practice of law for one year after he failed to report a misappropriation of client funds by another lawyer, a violation of rule 1-103(a) of the Illinois Code of Professional Responsibility. The attorney guilty of misappropriating funds was disbarred.

115.    Attorneys are guilty of misconduct toward the court if he or she brings a frivolous, or unnecessary, proceeding to court; makes false statements to the court; offers false evidence; or unlawfully obstructs another party's access to evidence.

116.    Pursuant to the law herein, Defendant Law Office, "Rajan Patel" must be held to the same standard of "state actors" where the final and decisive act was carried out in conspiracy with a state actor or state official, due to his final and decisive act that he carried out in conspiracy with a state actor or state official. See Dennis v. Sparks, 449 U.S. 24, 101 S.Ct., 183 also See Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598.

117.    Further, every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under

the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued. (R.S. § 1981.)

## COUNT ONE

### Violation of Civil Rights Pursuant to 42 U.S.C. § 1983 Denial of Redress of Grievances, (1st Amendment) – All Defendants

118.   Plaintiff, hereby incorporates all of the preceding allegations and make them a part of this Count as if fully set forth herein.

119.   Defendants at all times acted under color of state law.

120.   Defendants, in their individual and official capacities, acting alone and in concert, engaged in misconduct before and during pending court proceeding which deprived Plaintiff of his right to a fair hearing under the First Amendment.

121.   Defendants suborned and solicited fraud, perjury, offered illegal documents, knowingly presented false and fabricated evidence to the court before and during court proceeding, in order to prevent the court from granting Plaintiff's meritorious motion for an order to repossess his private property and they engaged in egregious Officer misconduct.

122.   As a result of the unfairness created by Defendants' conduct, Plaintiff being a Pro-per was denied his meaningful access to Justice, which caused deprivation of property owned by Plaintiff.

123.   Further, due to the Defendants, negligence misconduct toward the court and the Plaintiff, as a result, Defendants interfered with the administration of justice.

124.   The Defendants' interfering with the administration of justice, has not allowed justice to prevail in "**Docket No. F-22089-08**".

125.   Plaintiff, rightful right to repossess his property back from the thieves was obstructed by the Defendants' opposition to his motion.

126.   As a direct result of Defendants' violation of Plaintiff's constitutional rights, Plaintiff has suffered loss of property, damage to his reputation, mental anguish, emotional distress, embarrassment, humiliation and financial loss, all in extraordinary amounts, and is entitled to relief under 42 U.S.C. § 1983.

127.    Defendants acted maliciously, willfully, and wantonly in violating Plaintiff's federally protected rights.

## COUNT TWO

### Violation of Civil Rights Pursuant to N.J.S.A. § 10:6-1 et seq. Denial of a Fair Trial – All Defendants

128.    Plaintiff, hereby incorporates all of the preceding allegations and make them a part of this Count as if fully set forth herein.

129.    Defendants at all times acted under color of state law.

130.    Defendants, in their individual and official capacities, acting alone and in concert, engaged in misconduct before and during pending court proceeding which deprived Plaintiff of his right to a fair hearing under the First Amendment.

131.    Defendants suborned and solicited fraud, perjury, offered illegal documents, knowingly presented false and fabricated evidence to the court before and during court proceeding, in order to prevent the court from granting Plaintiff's meritorious motion for an order to repossess his private property and they engaged in egregious Officer misconduct.

132.    As a result of the unfairness created by Defendants' conduct, Plaintiff being a Pro-per was denied his meaningful access to Justice, which caused deprivation of property owned by Plaintiff.

133.    Further, due to the Defendants, negligence misconduct toward the court and the Plaintiff, as a result, Defendants interfered with the administration of justice.

134.    The Defendants' interfering with the administration of justice, has not allowed justice to prevail in "**Docket No. F-22089-08**".

135.    Plaintiff, rightful right to repossess his property back from the thieves was obstructed by the Defendants' opposition to his motion.

136.    As a direct result of Defendants' violation of Plaintiff's constitutional rights, Plaintiff has suffered loss of property, damage to his reputation, mental anguish, emotional distress, embarrassment, humiliation and financial loss, all in extraordinary amounts, and is entitled to relief under N.J.S.A. § 10:6-1.

137.    Defendants acted maliciously, willfully, and wantonly in violating Plaintiff's federally protected rights.

## COUNT THREE

## Violation of Civil Rights Pursuant to 42 U.S.C. § 1983 Malicious court proceeding and Conspiracy to commit malicious court proceeding (4th and 14th Amendments) All Defendants

138.    Plaintiff hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

139.    Defendants at all times acted under color of state law.

140.    Defendants, in their individual and official capacities, acting alone and in concert, agreed to engage in and engaged in misconduct amounting to a malicious court proceeding depriving Plaintiff of his rights as a citizen of the United States under the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

141.    Defendants acted maliciously and for purposes other than bringing justice to Plaintiff.

142.    As a result of Defendants' misconduct, Plaintiff suffered a severe deprivation of his liberty and Property.

143.    Plaintiff's rights under the First, Fourth and Fourteenth Amendments were and are clearly established such that any reasonable person would be aware of them. It was not reasonable for Defendants who are officers of the court, to believe that their actions did not violate Plaintiff's constitutional rights under the First, Fourth and Fourteenth Amendments.

144.    As a direct result of Defendants' violation of Plaintiff's constitutional rights, Plaintiff has suffered loss of liberty in using his owned property, Property damage, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is entitled to relief under 42 U.S.C. § 1983.

145.    Defendants acted maliciously, willfully, and wantonly in violating Plaintiff's federally protected rights.

## COUNT FOUR

## Violation of Civil Rights Pursuant to N.J.S.A. § 10:6-1 et seq. Malicious court proceeding and   Conspiracy to commit malicious court proceeding (4th and 14th Amendments)  All Defendants

146.    Plaintiff hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

147.    Defendants at all times acted under color of state law.

148.    Defendants, in their individual and official capacities, acting alone and in concert, agreed to engage in and engaged in misconduct amounting to a malicious court proceeding depriving Plaintiff of his rights as a citizen of the United States under the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

149.    Defendants acted maliciously and for purposes other than bringing justice to Plaintiff.

150.    As a result of Defendants' misconduct, Plaintiff suffered a severe deprivation of his liberty and Property.

151.    Plaintiff's rights under the New Jersey Constitution were and are clearly established such that any reasonable person would be aware of them. It was not reasonable for Defendants who are officers of the court, to believe that their actions did not violate Plaintiff's rights under the New Jersey Constitution, including but not limited to Article I.

152.    As a direct result of Defendants' violation of Plaintiff's constitutional rights, Plaintiff has suffered loss of liberty in using his owned property, Property damage, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, , and is entitled to relief under N.J.S.A. § 10:6-1.

153.    Defendants acted maliciously, willfully, and wantonly in violating Plaintiff's rights.

### COUNT FIVE

### Common Law -Malicious Court Proceeding – All Defendants.

154.    Plaintiff hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

155.    Defendants, acting alone and in concert, with unlawful opposition court proceedings against Plaintiff without jurisdiction, without standing to support such proceedings. Defendants were motivated by malice.

156.    Plaintiff's rights under New Jersey common law were and are clearly established such that any reasonable person would be aware of them. It was not reasonable for Defendants who are all court officers, to believe that their actions and omissions did not violate Plaintiff's clearly established rights.

157.    As a direct result of Defendants' violation of Plaintiff's constitutional rights, Plaintiff has suffered loss of liberty in using his owned property, Property damage, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, , and is entitled to relief under New Jersey common law.

158.    Defendants acted maliciously, willfully, and wantonly in violating Plaintiff's rights.

## COUNT SIX

### Common Law -Attempting to Pervert the Course of Justice – All Defendants.

159.    Plaintiff hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

160.    Defendants, acting alone and in concert, with unlawful opposition court proceedings against Plaintiff without jurisdiction, without standing to support such proceedings. Defendants were motivated by malice.

161.    Plaintiff's rights under New Jersey common law were and are clearly established such that any reasonable person would be aware of them.

162.    It was not reasonable for Defendants who are all court officers, to believe that their actions and omissions did not violate Plaintiff's clearly established rights.

163.    As a direct result of Defendants' violation of Plaintiff's constitutional rights, Plaintiff has suffered loss of liberty in using his owned property, Property damage, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, , and is entitled to relief under New Jersey common law.

164.    Defendants acted maliciously, willfully, and wantonly in violating Plaintiff's rights.

## COUNT SEVEN

### Violation of Civil Rights Pursuant to 42 U.S.C. § 1983 Offered false evidence of - Defendants Law Office of Rajan Patel, Ocwen Loan Servicing, LLC and Owen Financial Corporation

165.    Plaintiff hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

166.    Defendants Law Office of Rajan Patel, Ocwen Loan Servicing, LLC and Owen Financial Corporation acting in conspiracy with the state officials, at all times he acted under color of state law.

167.    Defendants Law Office of Rajan Patel, Ocwen Loan Servicing, LLC and Owen Financial Corporation in order to try to prove by deception that his clients Andersens are the alleged lawful owner of Plaintiff's Property, submitted, as evidence of prof to the Court, for the court record the following document:

   a.    An alleged valid Final Judgment of foreclosure, signed by Hon. Jacobson;

   b.    A forged Sheriff's Deed;

   c.    An illegal Deed dated: September 14, 2011.

168.    Defendants' misconduct constituting malicious obstruction in violation of Plaintiff's rights included, but was not limited to, the purposeful concealment of relevant and exculpatory evidence, "**evidence**" favorable to Plaintiff.

169.    The concealment of relevant evidence constituting malicious obstruction.

170.    Plaintiff's rights under the First, Fourth and Fourteenth Amendments were and are clearly established such that any reasonable person would be aware of them. It was not reasonable for the Defendants to believe that their actions did not violate Plaintiff's constitutional rights under the First, Fourth and Fourteenth Amendments.

171.    As a direct result of Defendant's violation of Plaintiff's constitutional rights, Plaintiff has suffered loss of liberty in using his owned property, Property damage, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, , and is entitled to relief under 42 U.S.C. § 1983.

172.    The Defendants acted maliciously, willfully, and wantonly in violating Plaintiff's federally protected rights.

## **COUNT EIGHT**

### **Common Law - Offered False Evidence of - Defendants Law Office of Rajan Patel, Ocwen Loan Servicing, LLC and Owen Financial Corporation**

173.    Plaintiff hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

174.    Defendants Law Office of Rajan Patel, Ocwen Loan Servicing, LLC and Owen Financial Corporation acting in conspiracy with the state officials, at all times they acted under color of state law.

175.    Defendants Law Office of Rajan Patel, Ocwen Loan Servicing, LLC and Owen Financial Corporation in order to try to prove by deception that his clients Andersens are the alleged lawful owner of Plaintiff's Property, submitted, as evidence of prof to the  Court, for the court record the following document:

    a.   An alleged valid Final Judgment of foreclosure, signed by Hon. Jacobson;

    b.   A forged Sheriff's Deed;

    c.   An illegal Deed dated: September 14, 2011.

176.    Defendants' misconduct constituting malicious obstruction in violation of Plaintiff's rights included, but was not limited to, the purposeful concealment of relevant and exculpatory evidence, "**evidence**" favorable to Plaintiff.

177.    The concealment of relevant evidence constituting malicious obstruction.

178.    Plaintiff's rights under the First, Fourth and Fourteenth Amendments were and are clearly established such that any reasonable person would be aware of them. It was not reasonable for the Defendants to believe that their actions did not violate Plaintiff's constitutional rights under the First, Fourth and Fourteenth Amendments.

179.    As a direct result of the Defendant's violation of Plaintiff's constitutional rights, Plaintiff has suffered loss of liberty in using his owned property, Property damage, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is entitled to relief under New Jersey common law.

180.    Defendants acted maliciously, willfully, and wantonly in violating Plaintiff's rights.

## COUNT NINE

### Violation of Civil Rights Pursuant to 42 U.S.C. § 1983 Fraudulent Court Proceeding of - Defendants Law Office of Rajan Patel, Ocwen Loan Servicing, LLC and Owen Financial Corporation

181.    Plaintiff hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

182.    Defendants Law Office of Rajan Patel, Ocwen Loan Servicing, LLC and Owen Financial Corporation acting in conspiracy with the state officials, at all times they acted under color of state law.

183.    Defendants owed a Duty to the Court against Concealment, Nondisclosure and Suppression of Information as Coextensive with the Duty Not to Allow Fraud to be Committed upon the Court.

184.    The Defendants' false and misleading statement given under oath concerning issues central to his opposition amounted to fraud. *See Cox v. Burke*, 706 So. 2d 43, 47 (Fla. 5th DCA 1998).

185.    Where an attorney begins an action with knowledge of facts that would make the allegations made in their opposition un- true, constitutes "fraud upon the court".

186.    Whenever any officer of the court commits fraud during a proceeding in the court, he/she is engaged in "fraud upon the court".

187.    According to BLACK'S LAW DICTIONARY, 6TH EDITION: **"Fraudulent"** "Proceeding from or characterized by fraud; done, made, or effected with a purpose or design to carry out a fraud. A statement, or claim, or document is "fraudulent" if it was falsely made, or caused to be made with the intent to deceive. To act with "intent to defraud" means to act willfully, and with the specific intent to deceive or cheat; ordinarily for the purpose of either causing some financial loss to another, or bringing about some financial gain to oneself."

188.    As a direct result of the Defendants' violation of Plaintiff's constitutional rights, Plaintiff has suffered loss of liberty in using his owned property, Property damage, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, , and is entitled to relief under 42 U.S.C. § 1983.

189.    Law Office of Rajan Patel acted maliciously, willfully, and wantonly in violating Plaintiff's federally protected rights.

## COUNT TEN

### Common Law - Fraudulent Court Proceeding of - Defendants Law Office of Rajan Patel, Ocwen Loan Servicing, LLC and Owen Financial Corporation

190.    Plaintiff hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

191.    Defendants Law Office of Rajan Patel, Ocwen Loan Servicing, LLC and Owen Financial
        Corporation acting in conspiracy with the state officials, at all times they acted under color of
        state law.

192.    Defendants owed a Duty to the Court against Concealment, Nondisclosure and Suppression
        of Information as Coextensive with the Duty Not to Allow Fraud to Be Committed upon the
        Court.

193.    The Defendants' false and misleading statement given under oath concerning issues central
        to his opposition amounted to fraud. *See Cox v. Burke*, 706 So. 2d 43, 47 (Fla. 5th DCA 1998).

194.    Where an attorney begins an action with knowledge of facts that would make the
        allegations made in their opposition un- true, constitutes "fraud upon the court".

195.    Whenever any officer of the court commits fraud during a proceeding in the court, he/she
        is engaged in "fraud upon the court".

196.    According to BLACK'S LAW DICTIONARY, 6TH EDITION: **"Fraudulent"**
        "Proceeding from or characterized by fraud; done, made, or effected with a purpose or design
        to carry out a fraud. A statement, or claim, or document is "fraudulent" if it was falsely made,
        or caused to be made with the intent to deceive. To act with "intent to defraud" means to act
        willfully, and with the specific intent to deceive or cheat; ordinarily for the purpose of either
        causing some financial loss to another, or bringing about some financial gain to oneself."

197.    Plaintiff's rights under New Jersey common law were and are clearly established such that
        any reasonable person would be aware of them.

198.    It was not reasonable for Defendants who are officers, to believe that their actions and
        omissions did not violate Plaintiff's clearly established rights.

199.    As a direct result of Defendants' violation of Plaintiff's constitutional rights, Plaintiff has
        suffered loss of liberty in using his owned property, Property damage, mental anguish,
        emotional distress, embarrassment, humiliation and financial loss; all in extraordinary
        amounts, and is entitled to relief under New Jersey common law.

200.    Defendants acted maliciously, willfully, and wantonly in violating Plaintiff's rights.

## COUNT ELEVEN

## Violation of Civil Rights Pursuant to 42 U.S.C. § 1983 Fraud upon Court of –
## All Defendants

201.    Plaintiff hereby incorporates all of the preceding allegations and makes them a part of this
        Count as if fully set forth herein.

202.    Defendants at all times acted under color of state law.

203.    Defendants, in their individual and official capacities, acting alone and in concert, agreed
        to engage in and engaged in misconduct amounting to Fraud upon the Court depriving Plaintiff
        of his rights as a citizen of the United States under the First, Fourth and Fourteenth
        Amendments to the Constitution of the United States.

204.    As per BLACK'S LAW DICTIONARY, 6TH EDITION "**Fraud**" "An intentional
        perversion of the truth for the purpose of inducing another in reliance upon it to part with some
        valuable thing belonging to him or to surrender a legal right.  A false representation of a matter
        of fact, whether by words or by conduct, by false or misleading allegations, or by concealment
        of that which should have been disclosed, which deceives and is intended to deceive another
        so that he shall act upon it to his legal injury.

        *Anything calculated to deceive, whether by single act or combination, or by suppression of
        the truth, or suggestion of what is false, whether it be by direct falsehood, or innuendo, by
        speech or silence, word of mouth, or look or gesture.  Suppression of the truth, and includes
        all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated."*

205.    Defendants acted maliciously and for purposes other than bringing justice to Plaintiff.

206.    As a result of Defendants' Fraud upon the Court, Plaintiff suffered a severe deprivation of
        his liberty and use of his owned Property.

207.    Plaintiff's rights under the First, Fourth and Fourteenth Amendments were and are clearly
        established such that any reasonable person would be aware of them. It was not reasonable for
        Defendants who are officers of the court, to believe that their actions did not violate Plaintiff's
        constitutional rights under the First, Fourth and Fourteenth Amendments.

208.    As a direct result of Defendants' violation of Plaintiff's constitutional rights, Plaintiff has
        suffered loss of liberty in using his owned property, Property damage, mental anguish,
        emotional distress, embarrassment, humiliation and financial loss; all in extraordinary
        amounts, and is entitled to relief under 42 U.S.C. § 1983.

209.    Defendants acted maliciously, willfully, and wantonly in violating Plaintiff's federally protected rights.

## COUNT TWELVE

### Common Law - Fraud upon Court of – All Defendants

210.    Plaintiff hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

211.    Defendants acting in conspiracy with the state officials, at all times he acted under color of state law.

212.    Defendant owed a Duty to the Court against Concealment, Nondisclosure and Suppression of Information as Coextensive with the Duty Not to Allow Fraud to Be Committed upon the Court.

213.    Defendant Ocwen Loan Servicing submitted for court record a robo-signed mortgage assignment and many others bogus documents in an earlier illegal foreclosure and court cases, knowing that documents were fraudulent.

214.    The Defendants false and misleading statement given under oath concerning issues central to the opposition amounted to fraud. *See Cox v. Burke*, 706 So. 2d 43, 47 (Fla. 5th DCA 1998).

215.    Where an Officer of the Court begins an action with knowledge of facts that would make the allegations made in their opposition un- true, constitutes "fraud upon the court".

216.    Whenever any officer of the court commits fraud during a proceeding in the court, he/she is engaged in "fraud upon the court".

217.    As per BLACK'S LAW DICTIONARY, 6TH EDITION "**Fraud**" "An intentional perversion of the truth for the purpose of inducing another in reliance upon it to part with some valuable thing belonging to him or to surrender a legal right. A false representation of a matter of fact, whether by words or by conduct, by false or misleading allegations, or by concealment of that which should have been disclosed, which deceives and is intended to deceive another so that he shall act upon it to his legal injury.

*Anything calculated to deceive, whether by single act or combination, or by suppression of the truth, or suggestion of what is false, whether it be by direct falsehood, or innuendo, by speech or silence, word of mouth, or look or gesture. Suppression of the truth, and includes all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated."*

218.    Plaintiff's rights under New Jersey common law were and are clearly established such that any reasonable person would be aware of them. It was not reasonable for Defendants who are all officer of court, to believe that their actions and omissions did not violate Plaintiff's clearly established rights.

219.    As a direct result of Defendants violation of Plaintiff's constitutional rights, Plaintiff has suffered loss of liberty in using his owned property, Property damage, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is entitled to relief under New Jersey common law.

220.    Defendants acted maliciously, willfully, and wantonly in violating Plaintiff's rights.


## COUNT THIRTEEN

### Violation of Civil Rights Pursuant to 42 U.S.C. § 1983. Abuse of process
### (1st, 4th and 14th Amendments) All Defendants

221.    Plaintiff hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

222.    Defendants at all times acted under color of state law.

223.    Defendants, in their individual and official capacities, acting alone and in concert, agreed to engage in and engaged in misconduct amounting to Abuse of process of court proceeding depriving Plaintiff of his rights as a citizen of the United States under the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

224.    Defendants acted maliciously and for purposes other than bringing justice to Plaintiff.

225.    As a result of Defendants' Abuse of process, Plaintiff suffered a severe deprivation of his liberty and Property.

226.    Plaintiff's rights under the First, Fourth and Fourteenth Amendments were and are clearly established such that any reasonable person would be aware of them. It was not reasonable for Defendants who are officers of the court, to believe that their actions did not violate Plaintiff's constitutional rights under the First, Fourth and Fourteenth Amendments.

227.    As a direct result of Defendants' violation of Plaintiff's constitutional rights, Plaintiff has suffered loss of liberty in using his owned property, Property damage, mental anguish,

emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is entitled to relief under 42 U.S.C. § 1983.

228.   Defendants acted maliciously, willfully, and wantonly in violating Plaintiff's federally protected rights.

## COUNT FOURTEEN

### Violation of Civil Rights Pursuant to N.J.S.A. § 10:6-1 et seq. Abuse of process
### (1st, 4th and 14th Amendments)-All Defendants

229.   Plaintiff hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

230.   Defendants at all times acted under color of state law.

231.   Defendants, in their individual and official capacities, acting alone and in concert, agreed to engage in and engaged in misconduct amounting to Abuse of process of court proceeding depriving Plaintiff of his rights as a citizen of the United States under the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

232.   Defendants acted maliciously and for purposes other than bringing justice to Plaintiff.

233.   As a result of Defendants' Abuse of process, Plaintiff suffered a severe deprivation of his liberty and Property.

234.   Plaintiff's rights under the New Jersey Constitution were and are clearly established such that any reasonable person would be aware of them.

235.   It was not reasonable for Defendants who are officers of the court, to believe that their actions did not violate Plaintiff's rights under the New Jersey Constitution, including but not limited to Article I.

236.    As a direct result of Defendants' violation of Plaintiff's constitutional rights, Plaintiff has suffered loss of liberty in using his owned property, Property damage, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, , and is entitled to relief under N.J.S.A. § 10:6-1.

237.   Defendants acted maliciously, willfully, and wantonly in violating Plaintiff's rights.

## COUNT FIFTEEN

### Violation of Civil Rights Pursuant to 42 U.S.C. § 1983 Deprivation of Substantive Due Process – All Defendants.

238.    Plaintiff hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

239.    Defendants at all times acted under color of state law.

240.    Defendants, in their individual and official capacities, acting alone and in concert, engaged in conduct that shocks the conscience and deprived Plaintiff of interests protected by the First, Fourth and Fourteenth Amendments, resulting in the violation of Plaintiff's rights to substantive due process.

241.    Defendants knowingly disregarded a substantial and relevant Tangible "***Forensic Evidence***" of fraudulent court proceeding that are involved in the thief of Plaintiff's property, resulting in the deprivation of Plaintiff's life, liberty, and property interests.

242.    Plaintiff's rights to substantive due process under the First, Fourth and Fourteenth Amendments were and are clearly established such that any reasonable person would be aware of them.

243.    Defendants to believe that their actions and omissions did not violate Plaintiff's rights to substantive due process under the First, Fourth and Fourteenth Amendments.

244.    As a direct result of Defendants' violation of Plaintiff's constitutional rights, Plaintiff has suffered loss of liberty in using his owned property, Property damage, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is entitled to relief under 42 U.S.C. § 1983.

245.    Defendants acted maliciously, willfully, and wantonly in violating Plaintiff's federally protected rights.

## COUNT SIXTEEN

### Violation of Civil Rights Pursuant to N.J.S.A. § 6:10-1 et seq. Deprivation of Substantive Due Process – All Defendants

246.    Plaintiff hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

247.    Defendants at all times acted under color of state law, and were acting within the scope of their (its) responsibilities.

248.    Defendants, in their individual and official capacities, acting alone and in concert, engaged in conduct that shocks the conscience and deprived Plaintiff of interests protected by the New Jersey Constitution, resulting in the violation of Plaintiff's rights to substantive due process.

249.    Defendants knowingly disregarded a substantial and relevant Tangible "***Forensic Evidence***" of fraudulent court proceeding that are involved in the thief of Plaintiff's property, resulting in the deprivation of Plaintiff's life, liberty, and property interests.

250.    Plaintiff's right to substantive due process under the New Jersey Constitution was and are clearly established such that any reasonable person would be aware of them. It was not reasonable for Defendants to believe that their actions and omissions did not violate Plaintiff's right to substantive due process under the New Jersey Constitution.

251.    As a direct result of Defendants' violation of Plaintiff's constitutional rights, Plaintiff has suffered loss of liberty in using his owned property, Property damage, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, , and is entitled to relief under N.J.S.A. § 10:6-1.

252.    Defendants acted maliciously, willfully, and wantonly in violating Plaintiff's rights.


## COUNT SEVENTEEN

### Common Law Aiding and Abetting – All Defendants

253.    Plaintiff hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

254.    Defendants deprived Plaintiff of his rights guaranteed by New Jersey common law, the United States Constitution, 42 U.S.C. § 1983, the New Jersey Constitution, and N.J.S.A. § 10:6-1 et seq.

255.    Defendants aided others whom performed wrongful acts that caused violations of Plaintiff's rights.

256.    Defendants were at all times aware of their roles as part of overall illegal and tortious activity.

257.    Defendants knowingly and substantially assisted the principal violations.

258.   Plaintiff's common law and constitutional rights were and are clearly established such that
       any reasonable person would be aware of them. It was not reasonable for Defendants to believe
       that their actions and omissions did not violate Plaintiff's common law and constitutional r As
       a direct result of Defendants violation of Plaintiff's constitutional rights, Plaintiff has suffered
       loss of liberty in using his owned property, Property damage, mental anguish, emotional
       distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is
       entitled to relief under New Jersey common law.

259.   Defendants acted maliciously, willfully, and wantonly in violating Plaintiff's rights.

## COUNT EIGHTEEN.

## Violation of Civil Rights Pursuant to 42 U.S.C. § 1983 "Class of One" Pro-per litigant.
## (Equal Protection Clause, 14th Amendment) – All Defendants

260.   Plaintiff hereby incorporates all of the preceding allegations and makes them a part of this
       Count as if fully set forth herein.

261.   Defendants at all times acted under color of state law.

262.   Defendants, in their individual and official capacities, acting alone and in concert, engaged
       in conduct that deprived Plaintiff of his right to equal protection of the laws under the
       Fourteenth Amendment.

263.   Persons similarly situated and alike in all relevant aspects to Plaintiff were allowed access
       to justice and to retrieve their stolen property and so on.

264.   The decision to not allowed Plaintiff to access to justice was made on the basis of Pro-per
       litigant, who does not belong to, any association law Bar, such as are the Defendants, which is
       an unjustifiable standard and arbitrary factors.

265.   Defendants intentionally treated Plaintiff differently from others similarly situated and
       alike in all relevant aspects.

266.   Defendants' selective treatment of Plaintiff was motivated by an intent to discriminate on
       the basis of impermissible considerations, to punish or inhibit the exercise of Plaintiff's
       constitutional rights, and by a malicious or bad faith intent to injure Plaintiff.

267.   Plaintiff's right to equal protection of the laws under the Fourteenth Amendment was and
       are clearly established such that any reasonable person would be aware of it. It was not

reasonable for Defendants to believe that their actions and omissions did not violate Plaintiff's right to equal protection of the laws under the Fourteenth Amendment.

268.    As a direct result of Defendants' violation of Plaintiff's constitutional rights, Plaintiff has suffered loss of liberty in using his owned property, Property damage, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is entitled to relief under 42 U.S.C. § 1983.

269.    Defendants acted maliciously, willfully, and wantonly in violating Plaintiff's federally protected rights.

## COUNT NINETEEN
### Violation of Civil Rights Pursuant to N.J.S.A. § 6:10-1 et seq.  "Class of One"
### Pro-per litigant. – All Defendants

270.    Plaintiff hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

271.    Defendants at all times acted under color of state law, and were acting within the scope of their/its responsibilities.

272.    Defendants, in their individual and official capacities, acting alone and in concert, engaged in conduct that deprived Plaintiff of his right to equal protection of the laws under the New

273.    Jersey Constitution.

274.    Persons similarly situated and alike in all relevant aspects to Plaintiff were allowed access to justice and to retrieve their stolen property and so on.

275.    The decision to not allowed Plaintiff to access to justice was made on the basis of Pro-per litigant, who does not belong to, any association law Bar, such as are the Defendants, which is an unjustifiable standard and arbitrary factors.

276.    Defendants intentionally treated Plaintiff differently from others similarly situated and alike in all relevant aspects.

277.    Defendants' selective treatment of Plaintiff was motivated by an intent to discriminate on the basis of impermissible considerations, to punish or inhibit the exercise of Plaintiff's constitutional rights, and by a malicious or bad faith intent to injure Plaintiff.

278.    Plaintiff's right to equal protection of the laws under the New Jersey Constitution was and are clearly established such that any reasonable person would be aware of it. It was not reasonable for Defendants to believe that their actions and omissions did not violate Plaintiff's right to equal protection of the laws under the New Jersey Constitution.

279.    As a direct result of Defendants' violation of Plaintiff's constitutional rights, Plaintiff has suffered loss of liberty in using his owned property, Property damage, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, , and is entitled to relief under N.J.S.A. § 10:6-1.

280.    Defendants acted maliciously, willfully, and wantonly in violating Plaintiff's rights.

## COUNT TWENTY

## Common Law False Claims Act (NJFCA) - Defendant Law Office of Rajan Patel, Ocwen Loan Servicing, LLC and Owen Financial Corporation

281.    Plaintiff hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

282.    Defendant Law Office of Rajan Patel, Ocwen Loan Servicing, LLC and Owen Financial Corporation acting in conspiracy with the state officials, at all times they acted under color of state law.

283.    Defendant owed a Duty to the Court against Concealment, Nondisclosure and Suppression of Information as Coextensive with the Duty Not to Allow Fraud to Be Committed upon the Court.

284.    As proven by the court record, of "**Docket No. F-22089-08**", Defendants  Ocwen Loan Servicing, LLC and Owen Financial Corporation and Attorney, Rajan Patel and his clients, Luke Andersen and Helena Andersen, had no standing, they never had any role as Plaintiffs or Defendants in the State Foreclosed case of "**Docket No. F-22089-08**"

285.    The Defendants' false and misleading statement given under oath concerning issues central to his opposition amounted to fraud. *See Cox v. Burke*, 706 So. 2d 43, 47 (Fla. 5th DCA 1998).

286.    Where an attorney begins an action with knowledge of facts that would make the

allegations made in their opposition un- true, constitutes "fraud upon the court".

287.    Whenever any officer of the court commits fraud during a proceeding in the court, he/she is engaged in "fraud upon the court".

288.    As for New Jersey State **False Claims Act** (NJFCA or the Act) into law. P.L. 2007, c. 265. The **Act** imposes liability on any person for, among other things, knowingly presenting a **false** or fraudulent **claim** to the state government for payment or approval.

289.    Plaintiff's rights under New Jersey common law were and are clearly established such that any reasonable person would be aware of them. It was not reasonable for Defendants who are officers, to believe that their actions and omissions did not violate Plaintiff's clearly established rights.

290.    As a direct result of Defendants' violation of Plaintiff's constitutional rights, Plaintiff has suffered loss of liberty in using his owned property, Property damage, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is entitled to relief under New Jersey common law.

291.    Defendants acted maliciously, willfully, and wantonly in violating Plaintiff's rights.


## COUNT TWENTY ONE
## Violation of Civil Rights Pursuant to 42, U.S.C., Section 14141 - Pattern and Practice.
## All Defendants

292.    Plaintiff hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

293.    Defendants at all times acted under color of state law.

294.    Defendants, in their individual and official capacities, acting alone and in concert, agreed to engage in and engaged in misconduct amounting to a malicious court proceeding depriving Plaintiff of his rights as a citizen of the United States under the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

295.    This civil statute was a provision within the Crime Control Act of 1994 and makes it unlawful for any governmental authority, or agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with an administration

responsibility, that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

296.    Defendants acted maliciously and for purposes other than bringing justice to Plaintiff.

297.    As a result of Defendants' misconduct, Plaintiff suffered a severe deprivation of his liberty and Property.

298.    Plaintiff's rights under the First, Fourth and Fourteenth Amendments were and are clearly established such that any reasonable person would be aware of them. It was not reasonable for Defendants who are officers of the court, to believe that their actions did not violate Plaintiff's constitutional rights under the First, Fourth and Fourteenth Amendments.

299.    As a direct result of Defendants' violation of Plaintiff's constitutional rights, Plaintiff has suffered loss of liberty in using his owned property, Property damage, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is entitled to relief under 42, U.S.C., Section 14141 - Pattern and Practice.

300.    Defendants acted maliciously, willfully, and wantonly in violating Plaintiff's federally protected rights.


## COUNT TWENTY TWO

## Violation of Civil Rights Pursuant to 42, U.S.C., Section 14141 - Official misconduct. All Defendants

301.    Plaintiff hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

302.    Defendants at all times acted under color of state law.

303.    Defendants, in their individual and official capacities, acting alone and in concert, agreed to engage in and engaged in misconduct amounting to a malicious court proceeding depriving Plaintiff of his rights as a citizen of the United States under the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

304.    This civil statute was a provision within the Crime Control Act of 1994 and makes it unlawful for any governmental authority, or agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement

officers or by officials or employees of any governmental agency with an administration responsibility, that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

305. Official misconduct is a white collar crime in New Jersey. It is governed by **N.J.S.A. 2C:30-2,**

306. Defendants acted maliciously and for purposes other than bringing justice to Plaintiff.

307. As a result of Defendants' misconduct, Plaintiff suffered a severe deprivation of his liberty and Property.

308. Plaintiff's rights under the First, Fourth and Fourteenth Amendments were and are clearly established such that any reasonable person would be aware of them. It was not reasonable for Defendants who are officers of the court, to believe that their actions did not violate Plaintiff's constitutional rights under the First, Fourth and Fourteenth Amendments.

309. As a direct result of Defendants' violation of Plaintiff's constitutional rights, Plaintiff has suffered loss of liberty in using his owned property, Property damage, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is entitled to relief under 42, U.S.C., Section 14141 - Pattern and Practice.

310. Defendants acted maliciously, willfully, and wantonly in violating Plaintiff's federally protected rights.

## COUNT TWENTY TWO

### Violation of Civil Rights Pursuant to 42, U.S.C., Section 14141 - Perverting the course of justice- All Defendants

311. Plaintiff hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

312. Defendants at all times acted under color of state law.

313. Defendants, in their individual and official capacities, acting alone and in concert, agreed to engage in and engaged in misconduct amounting to a malicious court proceeding depriving Plaintiff of his rights as a citizen of the United States under the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

314.   This civil statute was a provision within the Crime Control Act of 1994 and makes it unlawful for any governmental authority, or agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with an administration responsibility, that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

315.   Defendants acted maliciously and for purposes other than bringing justice to Plaintiff.

316.   As a result of Defendants' misconduct, Plaintiff suffered a severe deprivation of his liberty and Property.

317.   Plaintiff's rights under the First, Fourth and Fourteenth Amendments were and are clearly established such that any reasonable person would be aware of them. It was not reasonable for Defendants who are officers of the court, to believe that their actions did not violate Plaintiff's constitutional rights under the First, Fourth and Fourteenth Amendments.

318.   As a direct result of Defendants' violation of Plaintiff's constitutional rights, Plaintiff has suffered loss of liberty in using his owned property, Property damage, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is entitled to relief under 42, U.S.C., Section 14141 - Pattern and Practice.

319.   Defendants acted maliciously, willfully, and wantonly in violating Plaintiff's federally protected rights.

### **COUNT TWENTY THREE**

### **Violation of Civil Rights Pursuant to 42, U.S.C., Section 14141 – Interfering with the administration of justice - All Defendants**

320.   Plaintiff hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

321.   Defendants at all times acted under color of state law.

322.   Defendants, in their individual and official capacities, acting alone and in concert, agreed to engage in and engaged in misconduct amounting to a malicious court proceeding depriving Plaintiff of his rights as a citizen of the United States under the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

323. This civil statute was a provision within the Crime Control Act of 1994 and makes it unlawful for any governmental authority, or agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with an administration responsibility, that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

324. Defendants acted maliciously and for purposes other than bringing justice to Plaintiff.

325. As a result of Defendants' misconduct, Plaintiff suffered a severe deprivation of his liberty and Property.

326. Plaintiff's rights under the First, Fourth and Fourteenth Amendments were and are clearly established such that any reasonable person would be aware of them. It was not reasonable for Defendants who are officers of the court, to believe that their actions did not violate Plaintiff's constitutional rights under the First, Fourth and Fourteenth Amendments.

327. As a direct result of Defendants' violation of Plaintiff's constitutional rights, Plaintiff has suffered loss of liberty in using his owned property, Property damage, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is entitled to relief under 42, U.S.C., Section 14141 - Pattern and Practice.

328. Defendants acted maliciously, willfully, and wantonly in violating Plaintiff's federally protected rights.

## COUNT TWENTY FOUR

### Violation of Civil Rights Pursuant to 42, U.S.C., Section 14141 – Obstructing the administration of justice - All Defendants

329. Plaintiff hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

330. Defendants at all times acted under color of state law.

331. Defendants, in their individual and official capacities, acting alone and in concert, agreed to engage in and engaged in misconduct amounting to a malicious court proceeding depriving Plaintiff of his rights as a citizen of the United States under the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

332.    This civil statute was a provision within the Crime Control Act of 1994 and makes it unlawful for any governmental authority, or agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with an administration responsibility, that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

333.    Defendants acted maliciously and for purposes other than bringing justice to Plaintiff.

334.    As a result of Defendants' misconduct, Plaintiff suffered a severe deprivation of his liberty and Property.

335.    Plaintiff's rights under the First, Fourth and Fourteenth Amendments were and are clearly established such that any reasonable person would be aware of them. It was not reasonable for Defendants who are officers of the court, to believe that their actions did not violate Plaintiff's constitutional rights under the First, Fourth and Fourteenth Amendments.

336.    As a direct result of Defendants' violation of Plaintiff's constitutional rights, Plaintiff has suffered loss of liberty in using his owned property, Property damage, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is entitled to relief under 42, U.S.C., Section 14141 - Pattern and Practice.

337.    Defendants acted maliciously, willfully, and wantonly in violating Plaintiff's federally protected rights.

## COUNT TWENTY FIVE

### Violation of Civil Rights Pursuant to 42, U.S.C., Section 14141 – Obstructing the course of justice - All Defendants

338.    Plaintiff hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

339.    Defendants at all times acted under color of state law.

340.    Defendants, in their individual and official capacities, acting alone and in concert, agreed to engage in and engaged in misconduct amounting to a malicious court proceeding depriving Plaintiff of his rights as a citizen of the United States under the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

341.   This civil statute was a provision within the Crime Control Act of 1994 and makes it unlawful for any governmental authority, or agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with an administration responsibility, that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

342.   Defendants acted maliciously and for purposes other than bringing justice to Plaintiff.

343.   As a result of Defendants' misconduct, Plaintiff suffered a severe deprivation of his liberty and Property.

344.   Plaintiff's rights under the First, Fourth and Fourteenth Amendments were and are clearly established such that any reasonable person would be aware of them. It was not reasonable for Defendants who are officers of the court, to believe that their actions did not violate Plaintiff's constitutional rights under the First, Fourth and Fourteenth Amendments.

345.   As a direct result of Defendants' violation of Plaintiff's constitutional rights, Plaintiff has suffered loss of liberty in using his owned property, Property damage, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is entitled to relief under 42, U.S.C., Section 14141 - Pattern and Practice.

346.   Defendants acted maliciously, willfully, and wantonly in violating Plaintiff's federally protected rights.

### COUNT TWENTY SIX

### Violation of Civil Rights Pursuant to 42, U.S.C., Section 14141 – Defeating the due course of justice - All Defendants

347.   Plaintiff hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

348.   Defendants at all times acted under color of state law.

349.   Defendants, in their individual and official capacities, acting alone and in concert, agreed to engage in and engaged in misconduct amounting to a malicious court proceeding depriving Plaintiff of his rights as a citizen of the United States under the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

350.   This civil statute was a provision within the Crime Control Act of 1994 and makes it unlawful for any governmental authority, or agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with an administration responsibility, that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

351.   Defendants acted maliciously and for purposes other than bringing justice to Plaintiff.

352.   As a result of Defendants' misconduct, Plaintiff suffered a severe deprivation of his liberty and Property.

353.   Plaintiff's rights under the First, Fourth and Fourteenth Amendments were and are clearly established such that any reasonable person would be aware of them. It was not reasonable for Defendants who are officers of the court, to believe that their actions did not violate Plaintiff's constitutional rights under the First, Fourth and Fourteenth Amendments.

354.   As a direct result of Defendants' violation of Plaintiff's constitutional rights, Plaintiff has suffered loss of liberty in using his owned property, Property damage, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is entitled to relief under 42, U.S.C., Section 14141 - Pattern and Practice.

355.   Defendants acted maliciously, willfully, and wantonly in violating Plaintiff's federally protected rights.


## COUNT TWENTY SEVEN

### Violation of Civil Rights Pursuant to 42, U.S.C., Section 14141 – Defeating the ends of justice - All Defendants

356.   Plaintiff hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

357.   Defendants at all times acted under color of state law.

358.   Defendants, in their individual and official capacities, acting alone and in concert, agreed to engage in and engaged in misconduct amounting to a malicious court proceeding depriving Plaintiff of his rights as a citizen of the United States under the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

359.   This civil statute was a provision within the Crime Control Act of 1994 and makes it unlawful for any governmental authority, or agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with an administration responsibility, that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

360.   Defendants acted maliciously and for purposes other than bringing justice to Plaintiff.

361.   As a result of Defendants' misconduct, Plaintiff suffered a severe deprivation of his liberty and Property.

362.   Plaintiff's rights under the First, Fourth and Fourteenth Amendments were and are clearly established such that any reasonable person would be aware of them. It was not reasonable for Defendants who are officers of the court, to believe that their actions did not violate Plaintiff's constitutional rights under the First, Fourth and Fourteenth Amendments.

363.   As a direct result of Defendants' violation of Plaintiff's constitutional rights, Plaintiff has suffered loss of liberty in using his owned property, Property damage, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is entitled to relief under 42, U.S.C., Section 14141 - Pattern and Practice.

364.   Defendants acted maliciously, willfully, and wantonly in violating Plaintiff's federally protected rights.

## COUNT TWENTY EIGHT

### Common Law N.J. 41:1-1 & 41:1-2. Oath of allegiance. All officers take this oath of office swearing to uphold the U.S. Constitution. All Defendant

365.   Plaintiff hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

366.   Defendants at all times acted under color of state law.

367.   Defendants, in their individual and official capacities, acting alone and in concert, agreed to engage in and engaged in misconduct amounting to a malicious court proceeding depriving Plaintiff of his rights as a citizen of the United States under the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

368.    As per **41:1-1. Oath of allegiance; form**

Every person who is or shall be required by law to give assurance of fidelity and attachment to the Government of this State shall take the following oath of allegiance:

"I, , do solemnly swear (or affirm) that I will support the Constitution of the United States and the Constitution of the State of New Jersey, and that I will bear true faith and allegiance to the same and to the Governments established in the United States and in this State, under the authority of the people So help me God."

369.    **41:1-2. Persons required to take oath of allegiance**

The governor for the time being of this state, and every person who shall be appointed or elected to any office, legislative, executive or judicial, under the authority of this state, or to any office in the militia thereof, and every counselor, solicitor and attorney at law, shall, before he enters upon the execution of his trust, office or duty, take and subscribe the oath of allegiance prescribed by section 41:1-1 of this title.

370.    All Defendants default and violated their Oath of office by acted maliciously and warred it against both Constitutions, for purposes to further injury Plaintiff, other than bringing justice to Plaintiff.

371.    As a result of Defendants' misconduct, Plaintiff suffered a severe deprivation of his liberty and Property.

372.    Plaintiff's rights under the First, Fourth and Fourteenth Amendments were and are clearly established such that any reasonable person would be aware of them.

373.    Defendants who are officers of the court, to believe that their actions did not violate Plaintiff's constitutional rights under the First, Fourth and Fourteenth Amendments.

374.    As a direct result of Defendants violation of Plaintiff's constitutional rights, Plaintiff has suffered loss of liberty in using his owned property, Property damage, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is entitled to relief under New Jersey common.

375.    Defendants acted maliciously, willfully, and wantonly in violating Plaintiff's rights.

## COUNT TWENTY NINE
## Violation of Civil Rights 42 U.S. Code § 1986 - Action for neglect to prevent.
## All Defendants

376.    Plaintiff hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

377.    Defendants at all times acted under color of state law.

378.    Defendants, in their individual and official capacities, acting alone and in concert, agreed to engage in and engaged in misconduct amounting to a malicious Concealment of fraudulent court proceeding depriving Plaintiff of his rights as a citizen of the United States under the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

379.    As per 42 U.S. Code § 1986 "Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action".....

380.    All the Defendants owed a Duty to the Court against Concealment, Nondisclosure and Suppression of Information as Coextensive with the Duty Not to Allow Fraud to Be Committed upon the Court.

381.    All the Defendants acted maliciously for purposes to Conceal fraudulent court activities instead to do justice to Plaintiff.

382.    Defendants knowingly disregarded a substantial and relevant Tangible "***Forensic Evidence***" of fraudulent court proceeding that are involved in the thief of Plaintiff's property, resulting in the deprivation of Plaintiff's life, liberty, and property interests.

383.    Plaintiff's rights to substantive due process under the First, Fourth and Fourteenth Amendments were and are clearly established such that any reasonable person would be aware of them. It was not reasonable for Defendants to believe that their actions and omissions did

not violate Plaintiff's rights to substantive due process under the First, Fourth and Fourteenth Amendments.

384.    As a direct result of Defendants' violation of Plaintiff's constitutional rights, Plaintiff has suffered loss of liberty in using his owned property, Property damage, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is entitled to relief under 42 U.S. Code § 1986 - Action for neglect to prevent.

385.    Defendants acted maliciously, willfully, and wantonly in violating Plaintiff's federally protected rights.

## COUNT THIRTY

### Common Law Frivolous filing of an Opposition - Defendant Law Office of Rajan Patel

386.    Plaintiff hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

387.    Defendant Law Office of Rajan Patel acting in conspiracy with the state officials, at all times he acted under color of state law.

388.    Defendant owed a Duty to the Court against Concealment, Nondisclosure and Suppression of Information as Coextensive with the Duty Not to Allow Fraud to Be Committed upon the Court.

389.    As proven by the court record, of "**Docket No. F-22089-08**", Defendant Attorney, Rajan Patel and his clients, Luke Andersen and Helena Andersen, have no standing, they never had any role as Plaintiffs or Defendants in the State Foreclosed case of "**Docket No. F-22089-08**"

390.    The Defendant's false and misleading statement given under oath concerning issues central to his opposition amounted to fraud. *See Cox v. Burke*, 706 So. 2d 43, 47 (Fla. 5th DCA 1998).

391.    Where an attorney begins an action with knowledge of facts that would make the allegations made in their opposition un- true, constitutes "fraud upon the court".

392.    Whenever any officer of the court commits fraud during a proceeding in the court, he/she is engaged in "fraud upon the court".

393.    Plaintiff's rights under New Jersey common law were and are clearly established such that any reasonable person would be aware of them.

394.    Defendant who is an officer of court, to believe that their actions and omissions did not violate Plaintiff's clearly established rights.

395.    As a direct result of Defendant violation of Plaintiff's constitutional rights, Plaintiff has suffered loss of liberty in using his owned property, Property damage, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is entitled to relief under New Jersey common law.

396.    Defendants acted maliciously, willfully, and wantonly in violating Plaintiff's rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Thomas I. Gage demands judgment against Defendants as follows:

(a) Awarding Thomas I. Gage compensatory damages for loss of liberty, deprivation of property, damage to property, mental anguish, emotional distress, physical injury, embarrassment, humiliation and financial loss in an amount to be deemed appropriate by a jury.

(b) Awarding Thomas I. Gage punitive damages, to the extent permitted by law, sufficient not only to punish Defendants for their egregious unconstitutional conduct but also to deter them from engaging in future acts of unconstitutional behavior against other citizens.

(c) If permitted by law, awarding Thomas I. Gage court proceeding fees already incurred as a result of Defendants' unlawful conduct and any reasonable fees and costs incurred pursuant to 42 U.S.C. § 1988, and  to the fullest extent permissible under the laws of the State of New Jersey, and the New Jersey Constitution.

(d) Awarding Thomas I. Gage pre-judgment and post-judgment interest.

(e) Awarding Thomas I. Gage all other relief that he may be entitled to under the law and all other relief that the Court deems just and proper.

## JURY TRIAL DEMANDED

Thomas I. Gage demands a trial by jury of peer on all issues so triable.

EE 108937586 US

## AFFIDAVIT OF TRUTH

I'm not a "lawyer", but a Pro-per, one of the PEOPLE in this case, who believes is exercising his rights GRANTED 1st Amendment, 4th Amendment, 7th Amendment and 14th Amendment, and who does not belong to, any association law Bar and who does not understands most of the rules of this court and the technicality how to file a Complaint, Answers or any other paper. I'm doing the best that I can and the papers that I submitted, is my best, since my English is not a 100%. Therefore, I, the Plaintiff reserves all my Rights and the right to supplement and amend any papers as investigation and discovery continue.

I swear under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 21 day of May, in the year of Our Lord, 2018.

All Rights Reserved and retained without prejudice, without dishonor and without recourse

BY: _Thomas I Gage_ ,

Pro-per, Thomas I. Gage

We recognize that the main purpose of 42 CFR Part 2 is to encourage patients with substance use disorders (SUDs) to seek treatment without fear of prosecution or discrimination, and we share SAMHSA's commitment to the privacy interests surrounding an individual's treatment for substance abuse. However, patient privacy must be balanced with (1) the need to ensure that individuals with SUDs receive comprehensive, safe, and efficacious treatment, and (2) the immediate need to reduce the diversion, misuse, and abuse of controlled prescription medications. With those goals in mind, we encourage HHS to revise the regulations to permit opioid treatment programs (OTPs) to submit dispensing data to state prescription drug monitoring programs (PDMPs).

Under the current 42 CFR Part 2 regulations, a patient must give explicit, written consent to permit the release of certain SUD treatment records, unless a particular exception applies.[3] The consent must identify to whom the records are released, and a period of time for which consent will be valid; re-disclosure is prohibited without additional patient consent.[4]

Currently, 42 CFR Part 2 applies to federally assisted drug abuse programs.[5] A "program" is defined as any individual or entity that is federally assisted and holds itself out as providing, and provides, alcohol or drug abuse diagnosis, treatment, or referral for treatment.[6] A program is considered to be federally assisted if it is being carried out under a license, certification, registration, or other authorization granted by any department or agency of the United States.[7] For-profit programs and private practitioners are not subject to these regulations unless the State licensing agency requires them to comply or the physician is subject to the regulations through his or her Drug Enforcement Administration (DEA) registration.[8] The regulation also does not apply to pharmacists because pharmacists do not fall under the definition of federally assisted drug abuse programs.[9]

PDMPs are statewide programs that collect patient-specific data on various controlled prescription medications and that enable prescribers, pharmacists, regulatory boards, and, in some states, law enforcement agencies, to access this information under state law. These programs are valuable tools to improve patient safety and health outcomes. PDMPs can aid the care of patients with chronic conditions and help identify persons engaged in high-risk behavior, such as doctor shopping and prescription forgery, indicating possible abuse of or dependence on controlled substances.[10]

---

[3] 42 C.F.R. § 2.31, 2.33.

[4] 42 C.F.R. § 2.31, 2.32.

[5] 42 C.F.R. § 2.12.

[6] 42 C.F.R. § 2.11.

[7] 42 C.F.R § 2.12.

[8] Susan Awad, *Confused by Confidentiality? A Primer on 42 CFR Part 2*, AM. SOC'Y FOR ADDICTION MED., (Aug. 15, 2013), http://www.asam.org/magazine/read/article/2013/08/15/confused-by-confidentiality-a-primer-on-42-cfr-part-2.

[9] *See* 42 C.F.R § 2.11.

[10] G.C. Alexander, S Frattaroli, A.C. Gielen, eds, *The Prescription Opioid Epidemic: An Evidence-Based Approach*, JOHNS HOPKINS BLOOMBERG SCHOOL OF PUBLIC HEALTH (Nov. 2015), http://www.jhsph.edu/research/centers-and-institutes/center-for-drug-safety-and-effectiveness/opioid-epidemic-town-hall-2015/2015-prescription-opioid-epidemic-report.pdf.

Yet, PDMPs are severely underutilized by prescribers, and regulations, such as 42 CFR Part 2, are a significant barrier for physicians to provide valuable data to PDMPs.

Currently, two kinds of prescription opioids are used to treat patients with opioid use disorders: methadone and buprenorphine. Methadone is dispensed only at OTPs. Methadone may not be prescribed, so patients are not able to obtain it from a pharmacy. All OTPs are required to obtain certification from SAMHSA, and, therefore, meet the regulatory definition of "federally assisted drug abuse program."[11] As such, they are not allowed to submit dispensing information to PDMPs. As a result, PDMPs do not contain data regarding patients receiving methadone, even when the same patients are treated by other providers who do participate in the PDMPs. Physicians treating patients who are currently on methadone may prescribe medications that interact with methadone or, worse, that may lead to overdose and death.

On the other hand, buprenorphine is prescribed in an office-based treatment setting, and an individual prescribed buprenorphine is typically required to fill the prescription at a pharmacy. Since pharmacies are not regulated through 42 CFR Part 2, pharmacies may, and are sometimes required to, submit dispensing information to PDMPs. Therefore, PDMPs have access to dispensing data regarding buprenorphine.

An arbitrary and dangerous distinction is thus created whereby buprenorphine data is disclosed to PDMPs simply because it is dispensed by a pharmacy, but methadone data is not disclosed to PDMPs because it is dispensed in an OTP. This arbitrary distinction leads to inferior treatment for patients receiving methadone-assisted therapy compared with patients receiving buprenorphine-assisted treatment. Some individuals who intend to divert or abuse their medications actually seek treatment at OTPs because they know they have less of a chance of being caught by their doctors.

States have safeguards that would preserve the goals of 42 CFR Part 2 if OTPs are required to disclose methadone dispensing data. Although data is released to PDMPs, privacy protections ensure that patients may continue to seek treatment without fear of prosecution. The primary intended users of PDMP databases are health professionals, not law enforcement personnel. Those states that allow law enforcement access to the data impose restrictions limiting that access.[12] These states often require a court order, or, at the very least, some formal showing of a reasonable belief that unauthorized acquisition of controlled substances has occurred or is occurring.

We encourage you to exercise your rulemaking authority under 42 U.S.C. § 290dd-2 to revise the current regulations to require OTPs to submit dispensing data to PDMPs in accordance with state laws. This action will reduce the diversion, misuse, and abuse of opioids, and enable individuals with substance use disorders to receive comprehensive, safe, and more effective treatment while continuing to provide adequate privacy protections for individuals with substance use disorder. We are confident that this action will save lives.

---

[11] *Certification of Opioid Treatment Programs (OTPs)*, SUBSTANCE ABUSE & MENTAL HEALTH SERVS. ADMIN , http://www.samhsa.gov/medication-assisted-treatment/opioid-treatment-programs (last visited Dec. 22, 2015).
[12] *Types of Authorized Recipients   Law Enforcement Officials*, NAT'L ALLIANCE FOR MODEL STATE DRUG LAWS (Dec  2014), http://www.namsdl.org/library/BCEA5CFB-E29A-B561-3B62960EF453D9B3/

Thank you for your prompt consideration of this request. If you have any questions, please contact Attorneys General Mills or Olens or any of the signatories listed below. Thank you.

Sincerely,

Sam Olens
Georgia Attorney General

Janet T. Mills
Maine Attorney General

Luther Strange
Alabama Attorney General

Craig W. Richards
Alaska Attorney General

Leslie Rutledge
Arkansas Attorney General

Matthew P. Denn
Delaware Attorney General

Karl A. Racine
District of Columbia Attorney General

Doug Chin
Hawaii Attorney General

Greg Zoeller
Indiana Attorney General

Andy Beshear
Kentucky Attorney General

Jeff Landry
Louisiana Attorney General

Bill Schuette
Michigan Attorney General

Jim Hood
Mississippi Attorney General

Chris Koster
Missouri Attorney General

Tim Fox
Montana Attorney General

Douglas Peterson
Nebraska Attorney General

Joseph Foster
New Hampshire Attorney General

*/Signature Unavailable/*
Robert Lougy
New Jersey Attorney General (Acting)

Hector Balderas
New Mexico Attorney General

Roy Cooper
North Carolina Attorney General

Wayne Stenehjem
North Dakota Attorney General

Mike DeWine
Ohio Attorney General

Scott Pruitt
Oklahoma Attorney General

Peter F. Kilmartin
Rhode Island Attorney General

Alan Wilson
South Carolina Attorney General

Marty J. Jackley
South Dakota Attorney General

Herbert H. Slatery, III
Tennessee Attorney General

Ken Paxton
Texas Attorney General

William H. Sorrell
Vermont Attorney General

Mark R. Herring
Virginia Attorney General

Patrick Morrisey
West Virginia Attorney General

Brad Schimel
Wisconsin Attorney General

Peter R. Michael
Wyoming Attorney General