EE 222952896 US

THOMAS I. GAGE
P.O. Box 4210
Warren, NJ 07059
(908) 419-0937
E-mail: thomasgage63@aol.com

Date: October 9, 2018

## To:  United State District Court

## For the District of Columbia

To the Clerk's Office:

Re: Gage v. Ocwen, et al, case 18-cv-1226.

Dear Angela D. Caesar,

I enclose, for filing according of the foundation rules of a court of record, under the common law, the follows hereto attached documents:

PLAINTIFF'S EMERGENCY PETITION OF RIGHT FOR WRIT OF MANDAMUS OR OTHER APPROPRIATE RELIEF.

AND

84 PAGES OF PLAINTIFF'S EXHIBITS IN SUPPORT OF WRIT OF MANDAMUS.

Very truly yours,

Plaintiff, Thomas I Gage



RECEIVED
Mail Room

OCT 1 0 2018

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

EE 222952896 US

United States District Court, District of Columbia.

----------------------------------------------------------------------------

## Case No. 18-cv-1226

----------------------------------------------------------------------------

Thomas I Gage, Plaintiff

v.

OCWEN LOAN SERVING, LLC, et al, Defendants.

----------------------------------------------------------------------------

## CONSTITUTIONAL - COMMON LAW

## EMERGENCY PETITION OF RIGHT FOR MANDATORY INJUNCTION, WRIT OF MANDAMUS OR OTHER APPROPRIATE RELIEF.

### Sec. 1361 - Action to compel an officer of the United States to perform his duty.

To compel the FBI Director Christopher Asher Wray and the U.S Attorney General Jeff Sessions to investigate criminal activity discovered during the course of this Civil Court proceedings that have been executed by the Defendants and therefore to perform their duties pursuant to Title 28 U.S.C. § 547, and Title 28 U.S.C. § 542, to impaneled of special grand jury under Title 18 U.S.C. § 3331.

----------------------------------------------------------------------------

Date: October 9, 2018.

Filed by:

Plaintiff, Thomas I Gage

P.O. Box 4210,

Warren, New Jersey 07059

Tel: (908) 419-0937

E-mail: ThomasGage63@aol.com



RECEIVED
Mail Room

OCT 1 0 2018

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

1

EE 222952896 US

**PURSUANT TO TITLE 28**

**JUDICIARY AND JUDICIAL PROCEDURE PART IV - JURISDICTION AND VENUE**
**CHAPTER 85 - DISTRICT COURTS; JURISDICTION.**

1.  This Court has jurisdiction over this action pursuant to section 304(a) of the Act, 42 U.S.C. § 7604(a), which authorizes any person, after duly giving notice, to commence an action in district court to compel agency action unreasonably delayed. The Court also has jurisdiction to hear this civil action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1361 (action to compel officer or agency to perform a duty owed to plaintiffs).

2.  Venue in this Court is proper pursuant to 28 U.S.C. § 1391(e), because this civil action is brought against an agency of the United States and officers of the United States, acting in their official capacity, and a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred in this judicial district, since, the U.S. Attorney General Jeff Sessions and FBI Director Christopher Asher Wray unreasonably delayed to perform their duties, imposed by law, to investigate criminal activity that were brought to their attention as they are the federal prosecutors authorities, by Plaintiff who is a victim of crime and a witness to the federal crime, committed by during the course of Civil Court proceedings and where the majority of the criminal activity occurred in the U.S. District Court.

3.  Both, the U.S. Attorney General Jeff Sessions and FBI Director Christopher Asher Wray, maintains an office in this District of Columbia.

4.  Since this action deals with the unreasonably delayed, it would be reviewable in the United States Court of Appeals for the District of Columbia Circuit under section 307(b) of the Act, 42 U.S.C. § 7607(b), venue is also proper in this Court under section 304(a) of the Act, 42 U.S.C. § 7604(a) ("[A]n action to compel agency action referred to in section 7607(b) of this

EE 222952896 US

title which is unreasonably delayed may only be filed in a United States District Court within the circuit in which such action would be reviewable under section 7607(b) of this title.").

## STATUTORY AND REGULATORY BACKGROUND

5. Federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

> See. 28 U.S.C. §1361. Action to compel an officer of the United States to perform his duty. The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. (Added Pub. L. 87–748, §1(a), Oct. 5, 1962, 76 Stat. 744.)

6. 18 U.S. Code § 1968 - Civil investigative demand: (j) Whenever any petition is filed in any district court of the United States under this section, such court shall have jurisdiction to hear and determine the matter so presented, and to enter such order or orders as may be required to carry into effect the provisions of this section.

7. Upon reviewing the Complaint for writ in the nature of mandamus, the petitioner's individual circumstances and any applicable law, the court may command the responsible government official or entity take an administrative action in accordance with the law, **Marbury v. Madison**, case decided in 1803 by the U.S. Supreme Court.

## PLAINTIFF'S RIGHT TO RELIEF REQUESTED.

8. Plaintiff is a U.S., born citizen and natural person who has unalienable rights, such as **"Life, Liberty and the pursuit of Happiness"** and which rights are protected and guaranteed by the U.S. Constitution and for which governments are created to protect.

9. Pursuant to the United States Constitution: A citizen can file a Petition for Writ of Mandate to a court to enforce an action required by law and that is exactly what Plaintiff's request from

EE 222952896 US

this Honorable Court is all about. An action to compel the U.S. Attorney General Jeff Sessions and FBI Director Christopher Asher Wray to perform their duties.

10. Plaintiff is a victim of arranged constructive fraud, fraud upon the court and abuses under the COLOR OF LAW by officers of the state court and government officers (all public trustees) in the state of New Jersey and all is proven by the court's records.

11. Since 2004, under the former administration of Governor Chris Christie and now under the newly administration of Governor Philip Murphy, in the State of New Jersey, under the color of law , Plaintiff has been and is being deprived of his rights of, **Due Process**, **Life**, **Liberty** and the **Pursuit of Happiness**.

12. Therefore, pursuant to the U.S. Constitution, Plaintiff has right to relief requested.

## **THE DUTY OWN BY**

### **U.S. Attorney General Jeff Sessions and FBI Director Christopher Asher Wray**

13. United States Department of Justice is an executive agency of the United States responsible for the enforcement of federal civil and criminal laws.

14. The FBI is the principal federal law enforcement agency operating under the jurisdiction of the United States Department of Justice.

15. Pursuant to Title 28 U.S.C. § 547, the United States Attorneys are directed to "prosecute for all offenses against the United States and their authority to conduct grand jury proceedings in the district of their appointment from their appointment statute, 28 U.S.C. § 542.

16. Further, under Title 42, U.S.C., Section 1997, the Department of Justice has the ability to initiate civil actions against the derivations of the constitutional rights of persons and so on.

17. While, the FBI's white-collar crime work integrates the analysis of intelligence with its investigations of criminal activities such as public corruption, money laundering, corporate

EE 222952896 US

fraud, securities and commodities fraud, mortgage fraud, financial institution fraud, bank fraud and embezzlement, fraud against the government, election law violations, mass marketing fraud, and health care fraud.

18. The following are some of what the United States Department of Justice and FBI investigates on and which are involved in this case:

19. The violations of federal law by public officials at the federal, state, and local levels of government.

20. Overseeing the nationwide investigation of allegations of fraud related to federal government procurement, contracts, and federally funded programs.

21. **Kleptocracy**, which is a form of political corruption in which the ruling government seeks personal gain and status at the expense of the governed, literally meaning "the rule by thieves."

22. **Securities and Commodities Fraud**. Securities fraud, also known as **stock fraud and investment fraud**, is a **deceptive practice in the stock or commodities markets** that induces investors to make purchase or sale decisions on the basis of false information, frequently resulting in losses, in violation of securities laws.

23. **Color of Law Violations.** It's a federal crime for anyone acting under "color of law" to willfully deprive or conspire to deprive a person of a right protected by the Constitution or U.S. law. "Color of law" simply means the person is using authority given to him or her by a local, state, or federal government agency. The FBI is the lead federal agency for investigating color of law violations, which include acts carried out by government officials operating both within and beyond the limits of their lawful authority. Off-duty conduct may be covered if the perpetrator asserted his or her official status in some way. Those violations include the following acts:

EE 222952896 US

a. **Excessive force:** In making arrests, maintaining order, and defending life, law enforcement officers are allowed to use whatever force is "reasonably" necessary. The breadth and scope of the use of force is vast—from just the physical presence of the officer...to the use of deadly force. Violations of federal law occur when it can be shown that the force used was willfully "unreasonable" or "excessive."

b. **False arrest and fabrication of evidence:** The Fourth Amendment of the U.S. Constitution guarantees the right against unreasonable searches or seizures. A law enforcement official using authority provided under the color of law is allowed to stop individuals and, under certain circumstances, to search them and retain their property. It is in the abuse of that discretionary power—such as an unlawful detention or illegal confiscation of property—that a violation of a person's civil rights may occur.

24. **Fabricating evidence** against or falsely arresting an individual also violates the color of law statute, taking away the person's rights of due process and unreasonable seizure. In the case of deprivation of property, the color of law statute would be violated by unlawfully obtaining or maintaining a person's property, which oversteps or misapplies the official's authority. The Fourteenth Amendment secures the right to due process; the Eighth Amendment prohibits the use of cruel and unusual punishment. During an arrest or detention, these rights can be violated by the use of force amounting to punishment (summary judgment). The person accused of a crime must be allowed the opportunity to have a trial and should not be subjected to punishment without having been afforded the opportunity of the legal process.

25. **Failure to keep from harm:** The public counts on its law enforcement officials to protect local communities. If it's shown that an official willfully failed to keep an individual from harm, that official could be in violation of the color of law statute.

EE 222952896 US

26. **Criminal Enterprise:** The RICO statute, or Title 18 of the United States Code, Section 1961(4), defines an enterprise as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."

27. **Significant Racketeering Activity.** The FBI defines significant racketeering activities as those predicate criminal acts that are chargeable under the Racketeer Influenced and Corrupt Organizations statute. These are found in Title 18 of the United States Code, Section 1961 (1) and include the following federal crimes:

    a. Bribery

    b. Sports Bribery

    c. Counterfeiting

    d. Embezzlement of Union Funds

    e. Mail Fraud

    f. Wire Fraud

    g. Money Laundering

    h. Obstruction of Justice

    i. Murder for Hire

    j. Drug Trafficking

    k. Prostitution

    l. Sexual Exploitation of Children

    m. Alien Smuggling

    n. Trafficking in Counterfeit Goods

    o. Theft from Interstate Shipment

    p. Interstate Transportation of Stolen Property

28. And the following state crimes:

    a. Murder

    b. Kidnapping

    c. Gambling

EE 222952896 US

    d.  Arson

    e.  Robbery

    f.  Bribery

    g.  Extortion

    h.  Drugs

## NO OTHER ADEQUATE REMEDY IS AVAILABLE

29. Plaintiff filed many criminal Complaints in the District of New Jersey (see court record-"Affidavit").

30. The latest of Plaintiff's criminal Complaint was filed, on February 13, 2017 and on March 25, 2017, into the U.S. Attorney General Office, DC, to the attention of Honorable Jeff Session, ID #3814405. Since, non-actions has been taken by Mr. Sessions, or by Mr. William E. Fitzpatrick, the U.S. Attorney of the District of NJ. See Exhibit "A" & "B".

31. Then, because of the obscure delay from the DOJ to action on this case, on June 26, 2017, Plaintiff brought his case to the attention of the integrity branch of the FBI Headquarters office in Washington, D.C., asking for their investigation, but yet since June 26, 2017, Plaintiff haven't either heard anything back from them. See Exhibit "C"

32. Unfortunately, all the sworn criminal Complaints, the "Evidences" have been ignored, by both, State and federal authorities of the District of New Jersey and that is a fact. See Exhibit "B".

33. The State and federal Prosecutors have so far ignored this case either after the fact that they have knowledge of court record that proves RICO activities, such Exhibit "D" and "E".

34. The failures of both, State and federal Prosecutors to follow the prescribed procedures of their, office duty, are sufficiently disruptive to the goal of providing fair justice that the court must finds it necessary to Grand Plaintiff's writ to relief requested, for investigate the crimes that are reported in the sworn Plaintiff's Verified Affidavit of Fact and are find in the court record, which proves without of doubt, that Plaintiff and his family are victims of white-collar crime.

EE 222952896 US

## CAUSE OF ACTION

### Investigations, Grand Juries, and Arrests

35. The unreasonably delayed of the U.S. Attorney General Jeff Sessions and the FBI Director Christopher Asher Wray to perform their duties pursuant to Title 28 U.S.C. § 547, and Title 28 U.S.C. § 542, has caused Plaintiff to take action pursuant to  Title 28 U.S.C. §1361, to compel the U.S.  Attorney General Jeff Sessions and FBI Director Christopher Asher Wray to perform their duties, to act on the federal law violations committed by the Defendants and others public officials at the state, and local levels of government involved in this Plaintiff's case.

36. Some of the violations that are believed to be involved, are: **Fraud upon the court**; **Obstruction of Justice**; **Criminal Enterprise; Significant Racketeering Activity; Color of Law Violations; Securities and Commodities Fraud; Federal Fair Debt Collection Practices Act; Kidnapping; False arrest; fabrication of evidence and Failure to keep from harm and so on to...**

37. Further, in regard to the Defendants State officers. While the FBI does not investigate civil violations, Title 42, U.S.C., Section 14141 makes it unlawful for state or local law enforcement agencies to allow officers to engage in a pattern or practice of conduct that deprives persons of rights protected by the Constitution or U.S. laws. This law, commonly referred to as the **Public officer Misconduct Statute, Color of Law Violations** gives the **Department of Justice authority** to seek civil remedies in cases where law enforcement agencies have policies or practices that foster a pattern of misconduct by employees. This action is directed against an agency, not against individual officers. The types of issues which may initiate a pattern and practice investigation include:

    a.  Lack of supervision/monitoring of officers' actions;

    b.  Lack of justification or reporting by officers on incidents involving the use of force;

    c.  Lack of, or improper training of, officers; and

    d.  Citizen complaint processes that treat complainants as adversaries.

## STATEMENT OF FACTS

38. When a crime is brought to the attention of federal authorities, as Plaintiff did as a victim of

the crime and as witness to it, a federal law enforcement agency by law, Title 28 U.S.C. § 547,

and Title  28 U.S.C. § 542, must undertake an investigation to determine whether a federal

offense was committed and, if so, who committed it. See, hereto Exhibits: "A" U.S.  Attorney

General Jeff Sessions (Sworn Constitutional Criminal Complaint); Exhibit "B" a fax to the NJ

District Attorney General William E. Fitzpatrick and Exhibit "C" FBI Headquarters, DC.

39. The unreasonably delayed of the U.S. Attorney General Jeff Sessions and the FBI Director

Christopher Asher Wray to perform their duties pursuant to Title 28 U.S.C. § 547, and Title

28 U.S.C. § 542, are allowing Defendants' perpetual filing, of bogus and forged legal

documents, keeping misleading the District Court as the defendants, Patel and Ocwen recently

did, with their filed Motions to dismiss, which are supported with the follows bogus and forged

Exhibit documents:

40. See hereto Tab "1", the Declaration of Rajain Patel. Defendant Patel in support of his motion

has filed the Exhibits; "A" which is a Fraudulent State Final Judgment and Exhibit "B" which

is also a Fraudulent and Forged Sheriff's DEED.

41. See hereto Tab "2", the Declaration of Walter J Buzzetta. Ocwen's attorney in support of their

motion has filed the Exhibits "3" which is a bogus and Forged "Robo-signer" Assignment of

mortgage. See hereto Exhibits Ocwen approved "Robo-Signer" list where are find the names

of: "BLECHINGER TONYA"; "COLSTON NORIKO"; "Michele M. Curtis" and of the

Notary, "D. Platte". The alleged "Assignment of mortgage" was notarized by a "Robo-signer"

who never witnessed the signatures that he notarized and is proven by the date of the alleged

advent, "May 19, 2008, which is inconsistent with the "Assignment of Mortgage" "WITNESS"

date of the "11th day of June, 2008". Is a fact, that the date of the signature on the "Assignment

of Mortgage" document and the date the signature was notarized are not the same.

Further, the Complaint of Foreclosure was filed on June 10, 2008, see Buzzetta's exhibit "4",

a day before of the alleged "Assignment of Mortgage" which then, was later recorded in

Somerset County. Exhibit "5", a Fraudulent State Final Judgment, Exhibit "7", a Fraudulent

and Forged Sheriff's DEED and Exhibit "8", which is a Bogus and Forged WRIT of

Possession.

42. The above, Defendants' submitted Exhibit evidences constitute Fraud upon the Court and

moreover the following federal law violations:

    a. **18 U.S. Code § 505 - Seals of courts; signatures of judges or court officers:**
Whoever forges the signature of any judge, register, or other officer of any court of the United States, or of any Territory thereof, or forges or counterfeits the seal of any such court, or knowingly concurs in using any such forged or counterfeit signature or seal, for the purpose of authenticating any proceeding or document, or tenders in evidence any such proceeding or document with a false or counterfeit signature of any such judge, register, or other officer, or a false or counterfeit seal of the court, subscribed or attached thereto, knowing such signature or seal to be false or counterfeit, shall be fined under this title or imprisoned not more than five years, or both.

    b. **18 U.S. Code § 1018 - Official certificates or writings:**
Whoever, being a public officer or other person authorized by any law of the United States to make or give a certificate or other writing, knowingly makes and delivers as true such a certificate or writing, containing any statement which he knows to be false, in a case where the punishment thereof is not elsewhere expressly provided by law, shall be fined under this title or imprisoned not more than one year, or both.

    c. **Title 18 Section 1001**: (a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully— (1) Falsifies, conceals, or covers up by any trick, scheme, or device a material fact; (2) Makes any materially false, fictitious, or fraudulent statement or representation, or (3) Makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry, shall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both. If the matter relates to an offense under chapter 109A, 109B, 110, or 117, or section 1591, then the term of imprisonment imposed under this section shall be not more than 8 years.

43. Where an attorney begins an action with knowledge of facts that would make the allegations

made in their opposition untrue, such as of the Defendants pending Motions, not only

EE 222952896 US

constitutes **"fraud upon the court"** but also **"Obstruction of Justice"** which in this case, their Motion to Dismiss supported with **fraudulent documents** and **willfully submitted** as **Court Record**, has made this case to become a **criminal case** by law and a dismissal of this case it will be an automatic **appeal** under the doctrine of **fraud upon the Court**.

Hence, Perjury and fraud are involved and are the cause of action for order the United States Department of Justice to investigate, provide the Grand Juries, and the Arrests in this case.

44. It is a fact, that Plaintiff's case, deals with false statements of fact, fabrication of evidence, serious misstatement of fact also with Fraud upon the court, which is an egregious offense against the integrity of the judicial system and all this is proven by the court record.

45. The hereto Exhibit "A" U.S. Attorney General Jeff Sessions (Sworn Constitutional Criminal Complaint), Plaintiff must pursuit, as of right, according to 18 U.S.C. § 3332(a), which creates a right in every person to have information known by them concerning organized crime to be presented to the grand jury, due to the fact that no State and federal judges has judged them or had them prosecuted the criminal Tangible Forensic Evidence involved in this case.

46. Further fact of Defendant Ocwen's fraudulent Practices are proven by this Honorable Court case: 1:13-cv-02025-RMC, and by the hereto Exhibit "D", a report of fraud involving Mortgage-back securities.

47. The Defendant Ocwen's "**settlement**", (see U.S. District Court, District of Columbia, case# 1:13-cv-02025-RMC) does not grant to them immunity from criminal offenses and would not affect Plaintiff's request for criminal prosecution. The settlement does not prevent Plaintiff, a homeowner to file a criminal charge or prevents the authority of state attorneys general who has well knowledge of the crimes, see hereto Exhibit "D", and federal agencies to investigate criminal activities which they committed, in this, present Plaintiff's case.

EE 222952896 US

## WRIT

48. Accordingly, with all the above statement of facts and all hereto Exhibits and pursuant to 28 U.S.C. § 1746. "Whether an affidavit or a declaration is used under penalty of perjury, be based on personal knowledge, present facts that are admissible in evidence, and demonstrate that the affiant or declarant is competent to testify about the matters stated".

49. It is Plaintiff Whish that this Honorable **Court** provides a **Court Order** pursuant to Title 28 U.S.C. § 547, directing the United States Attorneys to "prosecute all the federal offenses which are reported in the attached Exhibit "A", the Plaintiff's sworn 28 USC § 1746(1) "Verified Affidavit of Fact", and by their authority to conduct grand jury proceedings pursuant to their appointment statute, 28 U.S.C. § 542, for federal empanelment of a Special Grand Jury to investigate the crimes without unnecessary delay, in order to achieve the due justice in this particular and unusual case, where the Plaintiff and his family's lives have been destroyed by the negligent and voluntary criminal actions of all the Defendants involved in Plaintiff's case.

## 28 USC § 1746(1)

50. I declare under the laws of Our Creator and your penalty of perjury under the laws of the United States of America that the foregoing is believed to be true, and correct to the best of my knowledge.

51.
Executed on this 9th day of the October month in the year of our Lord and Savior two thousand eighteen.




All Rights Reserved and retained without prejudice,
without dishonor and without recourse

By: _Thomas I Gage_

Plaintiff, Thomas I. Gage

13

Registered Mail No · RE 063 766 969 US

Thomas I. Gage
P.O. Box 4210
Warren, NJ 07059
(908) 419-0937
Thomasgage63@aol.com

**EXHIBIT A**

March 25, 2017.

### Re: GAGE v. SOMERSET COUNTY, et al

To: Attorney General Jeff Sessions
   Office of the Attorney General
   950 Pennsylvania Ave., N.W.
   Washington, DC 20530-0001

### NOTICE

### <u>Constitutional Criminal Complaint</u>

Honorable Jeff Sessions:

First of all, congratulations on your successful appointment to this honorable office of the U.S. Attorney General. I have been carefully following all of our President's nominees and so far I like all of the outcomes, but I became worried once when there was a rumor about Christie to be one of the nominees for your office. It has taken lots of prayers to not let that happen! I am confident now since I have heard you say that you will do all you can to restore the justice to the Justice Department. I believe this has been needed for a long time!

We the People have spoken. We want law and order to prevail again, and we want a Just Nation. We once again, want to be a Nation under God, where justice is the foundation of our civilization  As Americans, we all know well that our supreme law of our land is our Constitution, the Bill of Rights, which is exactly what I am exercising today with this Constitutional Criminal Complaint. I am reaching out to my fourth branch of government who are governed and administered to directly by and on behalf of the American people, because public officials have criminally violated the law of our land in this case. See Supreme Court case of United States v. Williams, 112 S.Ct. 1735, 504 U.S. 36, 118 L.Ed.2d 352 (1992).

According to Bouvier's Law Dictionary 1856 Edition Page 148, a Criminal Complaint is filed with the US Attorney or US Magistrate Judge and outlines the alleged offenses against individuals in the government; both elected and employed.

Registered Mail No.: RE 063 766 969 US

Please, be informed that I am aware of, and I allege that one or more serious offenses against the criminal laws of the United States have been committed in the district of NJ, resulting in the necessity of a federal grand jury inquiry, and in complying with a criminal complaint, hereto, is a twenty (20) pages of a sworn Verified Affidavit for Criminal Complaint that proves the probable cause, which the accused persons have committed a crime and violated the laws of the United States.

I am a crime victim, having been injured as a direct and proximate result of one or more of the alleged offenses.

I am entitled to all the rights of a crime victim applicable to this request.
Also, to the best of my knowledge and belief, none of the matter alleged has already been tried or committed to any criminal court proceeding; I don't believe any statute of limitation has expired on lawful and timely enforcement; and no means of remedy on the state level is more proper or reasonably available

I have evidence and testimony supporting my allegations, and under 18 U.S. Code § 3332, it is the federal grand jury's duty to inquire into the allegations.

I respectfully request that your honorable office inform an appropriate grand jury in the district of the alleged offenses, the testimony and evidence due for their inquiry

My contact information as provided above. Your honorable office may provide them with this letter.

I trust the grand jury will have already been informed of their duty to inquire, and your office take all appropriate actions and make all appropriate recommendations in consideration of our dependence on you in this process, as without this, due process may fail.

I also trust that your honorable office promptly inform me of the satisfaction of this request, or any exception to it.

Thank you for your attention, and as Christians, we share ours values of integrity, Justice.

Respectfully,

Signed reserving all my rights at UCC 1-308

Notice to Principle is Notice to Agent          Non Negotiable          RE 063 766 969 US
Notice to Agent is Notice to Principal

# NOTICE OF VERIFIED AFFIDAVIT FOR CRIMINAL COMPLAINT

## Thomas I. Gage

Comes now THOMAS I. GAGE by and through Thomas I. Gage ("Affiant") and one of the people on the soil on New Jersey, as Authorized Signatory Grantor, Donor and Beneficiary of the ESTATE THOMAS I. GAGE and with personal knowledge of matters set forth herein, and appearing specially not generally nor voluntarily without waiving any rights, remedies or defenses, being competent in mind and body to testify do hereby declare, verify and affirm that the facts stated herein are true, correct based on the undersigns own knowledge to the best of the under sign's current information, knowledge and belief pursuant to reference 28 U.S.C. § 1746(1) and is admissible as evidence. Additionally, to those matters that are made upon information and belief, the undersigned believes them to be true and admissible as evidence, and if called upon as a witness, Thomas Gage will testify to the veracity of said statements to wit.

I, Thomas I Gage, hereinafter "Affiant", being of lawful age, qualified and competent to testify and having first-hand knowledge of the following facts, and make these statements under the laws of the Creator:

1. Affiant is a victim of arranged constructive **fraud, fraud upon the court,** filing **false instruments, theft of property, abuses under COLOR OF LAW, Kidnapping,** taken as **Hostage, false Arrest, false Imprisonment, Malicious Prosecution, Obstruction of Justice,** and **RICO** (to name just a few!) by Wells Fargo Bank, Ocwen Loan Servicing, LLC, State Attorneys and Somerset County law enforcement. All of the above has been allowed to be carried out under the administration of Governor Chris Christie.

2. Affiant witnessed a 150-page manual instructing Wells Fargo lawyers how to process foreclosures when a key document, known as an endorsement, is missing. A blueprint for fraud, of which a copy of the manual has been evidence in a lawsuit filed in U.S. District Court in White Plains, N.Y

3. Affiant declares and has personal firsthand knowledge that in his fraudulent foreclosure Docket No.: F-22089-08, Wells Fargo Bank's attorneys, the law firm FEIN, SUCH, KAHN & SHEPARD, P.C., on June 10, 2008, pursued with false representation of the facts, misleading the Administrative office of the Superior Court of the State of New Jersey.

4. In this case, Affiant witnessed that the Wells Fargo Bank's Attorneys willfully provided the Superior State Court, with a **forged Robo-Signers** Assignment of Mortgage and securitization pool as evidence of proof of funds due and owing. In cases of foreclosure this is considered inadequate evidence of ownership as real party in interest of the Title to stand for a foreclosure action, which constitutes multiple felonies

5. Affiant declares and has personal firsthand knowledge that Wells Fargo's Securitization Constitutes a Violation of Federal RICO Statutes.

6. In 'true-sale', 'assignment' securitizations, are fraudulent transactions which serve as 'predicate acts' under federal RICO statutes **30**. The specific **RICO** sections implicated are:

    a.  Section 1341 (mail fraud)
    b.  Section 1343 (wire fraud)
    c.  Section 1344 (financial institution fraud)
    d.  Section 1957 (engaging in monetary transactions in property derived from specified Unlawful activity).
    e.  Section 1952 (racketeering).

7. Affiant declares and has personal firsthand knowledge that Wells Fargo Bank's attorneys, the law firm FEIN, SUCH, KAHN & SHEPARD, P.C., willfully have submitted for foreclosure, court proceeding, and for court record, several forged and bogus documents, in order to succeed, through court proceeding, in stealing Affiant's property, which they successfully achieved with the support of the Somerset County law enforcement on August 8, 2011.

8. Affiant witnessed that on April 15, 2009, the Administrative office of the Court, issued a **"Notice of Assignment Deficiency"**, which meant that the court lacked subject matter jurisdiction and it was given to Wells Fargo Bank's Attorneys who never satisfied it, or corrected it to this day. To establish standing, the plaintiff must submit the note bearing a special endorsement in favor of the plaintiff, an assignment from payee to the plaintiff or an affidavit of ownership proving its status as holder of the note. In this case, Wells Fargo Bank's Attorneys never satisfied the law requirement. Servedio v. U.S. Bank Nat'l Ass'n, 46 So. 3d 1105, 1107 (Fla. 4th DCA 2010). "A party must have standing to file suit at its inception and may not remedy this defect by subsequently obtaining standing." Venture Holdings & Acquisitions Grp., LLC v. A.I.M. Funding Grp., LLC, 75 So. 3d 773, 776 (Fla. 4th DCA 2011).

9. Affiant witnessed through court proceedings an assignment of mortgage, dated the 11th day of June, 2008, that seems to have been executed in Sacramento, California, by **Robo-signers** Noriko Colston and Tonya Blechinger, who both claim to be an Assistant Secretary for the assignor. The fact is that Noriko Colston and Tonya Blechinger are **Robo-signer actors**!

10. Also, Affiant witnessed through court proceedings that the date of the assignment does not match with the one of the notary and therefore, lack of a lawful valid notarization by a real notary, not a bogus one such as "D. PLATTE," a **Robo-signer actor**, is a bogus assignment of mortgage.

11. Affiant witnessed through court proceedings that Wells Fargo Bank Attorneys, FEIN, SUCH, KAHN & SHEPARD, PC., produced for court proceeding, a **Robo-signer**, a bogus Michele M. Curtis's Certification of amount due in support of entry of final judgment, dated August 12, 2008.

12. Affiant witnessed through court proceedings that Wells Fargo Bank did not acquire the alleged Affiant's mortgage at the time their complaint was filed and the fact that the fraudulent Assignment of Mortgage was not recorded in Somerset County, as required by

law, to show that they are Agents for the Principal. This demonstrates that reasonable minds can only conclude that Wells Fargo Bank did not have standing to foreclose upon Affiant's property.

13. The above said, is nothing more than an act of **fraud upon the court**! See *Wells Fargo v. Reyes WITH PREJUDICE, Fraud on Court & Sanctions Judge Schack June2008*

14. Affiant witnessed through court proceedings that Wells Fargo Bank Attorneys. FEIN, SUCH, KAHN & SHEPARD, PC., produced two bogus and forged "WRIT OF POSSESSION # 002935F11" and "WRIT OF POSSESSION # 002779F11, documents and both were submitted many times in state and federal court, as court records, see Civil Action No. 3:11-cv-00862-FLW-TJB, with many others bogus and robo-signed documents to support their case of theft of Affiant's property. This is a Federal Crime!

15. Affiant witnessed through court proceedings that the Sheriff's Office under the direction of Frank Provenzano, produced a forged and fraudulent Sheriff DEED, to be recorded in the County Clerk's Office. On October 28, 2010, the unlawful, Fraudulent Sheriff Deed was recorded in Book 6366 at Page 2898 in the Somerset County Clerk's Office, transferring the Affiant's property to Wells Fargo Bank, N.A

16. Said Deed is a forged unlawful document as it was obtained by Fraud and Fraud upon the court and by a "fraudulent sale" of Affiant's Home property.

17. Affiant declares and has personal firsthand knowledge that since 2013, State Judges. Mary C. Jacobson. Jennifer M. Perez, Esq., and Thomas C. Miller. (former county attorney, now turned family court judge), who all have been served and put on NOTICE that someone has been using their official signatures on court documents and Deed, are still concealing the fact that Sheriff Frank Provenzano used a forged DEED and a bogus forced eviction court order, allegedly signed from the superior court clerk, Jennifer M. Perez, Esq. and was, allegedly witnessed by State Judges. Mary C. Jacobson, without any judicial order or their seal. These actions constitute Federal Crimes, namely **Fraud** and **fraud upon the court, filing false instruments, conspiracy to commit fraud and RICO to name just a few**!

18. On February 14, 2011, Affiant filed civil lawsuit in the District Court due to the fact that the Sheriff's Sale and DEED was a Fraud because it rested on the false statements made by Wells Fargo's attorneys in court, insufficient evidence provided by Wells Fargo, and the total lacked of court proceeding ignored by the State judges, of very important evidence in Affiant's case. This case was assigned to Judge, Freda L. Wolfson under Docket No.3:11-cv-00862-FLW-TJB.

19. On April 11, 2011, Affiant moved for an Entry of Default against the Sheriff.

20. Affiant declares and has personal firsthand knowledge that through court proceedings, in case #3:11-cv-00862-FLW-TJB, Defendant Sheriff Frank Provenzano "Defaulted" on the Affiant's Complaint.

21. On April 18, 2011, Sheriff Frank J. Provenzano moved against the Entry of Default with an ANSWER, "Demanding judgment dismissing Affiant's Complaint with prejudice.

22. It is Affiant's belief that Somerset County, Sheriff Frank J. Provenzano made an improper, illegal and perverted use of an alleged legal procedure as it was neither warranted nor authorized by law. An act of "**trespass**", without jurisdiction, due to a lacked of an issued court order from a judge, which is required under 4th Amendment! The County Sheriff was not under any obligation by any authority to execute a forceful eviction on Affiant and his family that took place on August 8, 2011. Provenzano's ulterior motive was to **abuse** his authority as a County Sheriff, in an alleged legal procedure, involving the courts, Docket No. F-22089-08 and SOM-L-1340-08, in a manner not authorized by law, which was to intimidate, harass and coerce Affiant and his family, in order to obtain a collateral advantage in case 3:11-cv-00862-FLW, which was to throw Affiant and his family into the street for the purpose of making it difficult for Affiant to proceed with his lawsuit against their criminal actions.

23. Affiant declares and has personal firsthand knowledge that on August 8, 2011, just before the Affiant, his family and Tenant were "evicted", the Sheriff authority was asked by the Affiant about the name of the judge who signed the court order, and was advised and reminded that there was a lawsuit still pending against the Sheriff himself! Affiant also reminded the Sheriff authority that the Sheriff "Defaulted" on the Affiant's Complaint.    The Sheriff "acknowledged" the "Default" and the pending case, Civil Action: # 3:11-cv-00862-FLW-TJB under federal jurisdiction **Title 18 U.S.C. § 1505**

24. Affiant witnessed through court proceedings that "**Forgery**" was committed in the issuance of a Writ of Possession as the signature of the Acting Clerk of the State Superior Court on the original foreclosure order of April 13, 2010, as it is not even a close match to the same Acting Clerk's signature on the forceful eviction order of August 2, 2011.

25. Affiant declares and has personal firsthand knowledge of an invalid and "**Forged**" court order which the Sheriff of Somerset County used in the name of the law, to force evict a United States Veteran Angelo Gage, Stephanie Gage, Monica Gage and Infinity Builders, Inc., who were among the people and businesses evicted with the Affiant on August 8, 2011. None of these names were listed on the fraudulent forceful eviction state court order nor were **any of them notified of the eviction** according to the "Due Process of law" clause of the Constitution. This is an outrage crime!

26. Affiant witnessed that on August 8, 2011, Wells Fargo Bank and Sheriff Provenzano not only executed an unlawful eviction without a "Court Order" as required by Affiant's 4th Amendment right, but they went way beyond human morality by allowing vandalism of the family's furniture and belongings, as the movers damaged, mistreated and misplaced them, along with the tenant's tools and materials, of which some of it had been stolen.

27. Affiant declares that Sheriff Provenzano's forced eviction action of August 8, 2011 is a contempt of court, a breach of the Public Trust, and "contemnor", which was to carry out in retaliation to a federal lawsuit that Affiant filed against him on 4/27/2011, **Case # 3:11-cv-**

**00862-FLW-TJB**, for a fraudulent Sheriff's Sale and fraudulent Sheriff property DEED that he did in regard(s) to Affiant's property. This is an act of "Obstruction of Justice". see reference to **Title 18 U.S.C. § 1505**, since this case was pending in Federal Court.

28. Affiant declares and has personal firsthand knowledge that Sheriff Frank Provenzano committed an act of Obstruction of Justice when he knew that a judicial proceeding was still pending against him in a federal court, due to a fraudulent foreclosure sale of Affiant's property, 51 Hillcrest Blvd. Warren, NJ, after he defaulted on Affiant's Complaint, (18 U.S.C. § 1503) and still proceeded to unlawfully and forcefully evict Affiant and his family, and the tenants from their home and off of their property, without a Court Order!

29. Affiant declares that on August 8, 2011, just before Affiant and his family, and the tenant were "evicted", the Sheriff was asked by Affiant for the name of the judge who signed the court order and was advised and reminded that there was a lawsuit still pending against the Sheriff and other parties.

30. Affiant declares and has personal firsthand knowledge, that the Sheriff never gave the name of the Judge to the Affiant. He only stated that he was there on a "Court Order" and this was clearly on the audio of **DVD** and **CD**, (available upon request) along with the events of the forced eviction day by the Sheriff.

31. Affiant can be heard clearly on the audio of the **DVD** and **CD** where on August 8, 2011, Affiant reminded the Sheriff that he had "Defaulted" on Affiant's Federal Complaint. All this can be heard on **DVD** and **CD**, which are available upon request.

32. Affiant witnessed that on August 8, 2011, the Sheriff "acknowledged" the "Default" and the pending case, Civil Action: **# 3:11-cv-00862-FLW-TJB** under federal jurisdiction, but he lied about the court eviction order by making Affiant and his family believe that it was signed by some judge who ordered it, the likes of which Affiant has not seen to this day, therefore rendering false statements, which is a felony

33. Affiant declares that he is not aware of **any** writ of possession signed by a judge involving case Wells Fargo vs. THOMAS GAGE, et al, Docket No. F-22089-08 or any related matter after pulling all the files, CD's and doing extensive research

34. Without a doubt, Affiant and his family have been thrown into the street for the purpose of making it difficult for Affiant to proceed with a lawsuit against the court and sheriffs for their criminal actions.

35. The Sheriff never gave the name of the judge who signed an alleged order nor the order itself to Affiant.

36. Affiant is not aware of any writ of possession signed by any judge in this instant matter!

37. Affiant declares that Sheriff Frank J. Provenzano "voluntarily" and "negligently" "breached" his fiduciary "Duty" by pursuing the fraudulent sale and Writ of possession of Affiant's

property and the forceful eviction of Affiant and his family, and his tenant, despite the Sheriff's full knowledge and understanding that he was clearly aware that he didn't have a court order to evict us from own property.

38. Affiant declares and has personal firsthand knowledge, that there was never any writ of possession ordered by the Superior Court of Somerset County or any other court.

39. Affiant witnessed through court proceedings, that in case #3:11-cv-00862-FLW-TJB Sheriff Frank Provenzano produced two forged property DEEDs by the law firm of Fein, Such, Kahn & Shepard, P.C., and both were submitted many times during court appearances in the fraudulent foreclosure action cases, Docket No.. F-22089-08, and #3:11-cv-00862-FLW-TJB as Court records support their claim in stealing Affiant's property. These actions involve multiple acts of criminal misconduct, and trespass.

40. Affiant witnessed through court proceedings, that in case #3:11-cv-00862-FLW-TJB, District Judge, Freda L. Wolfson rendered her Opinion and Order to Granted Sheriff's Cross Motion against Affiant's claim, based on the submissions Sheriff's Cross Motion supported with fraudulent documents, such as their exhibits:

"A" a forged and bogus "WRIT OF EXECUTION

"E" a fraudulent Sheriff's sale.

"H" a fraudulent and forged Sheriff's DEED.

"I" a fraudulent and forged Sheriff's DEED which was recorded in Book 6366 at Page 2898 2906 in the Somerset County Clerk's Office, transferring the Affiant's property to Wells Fargo Bank, N.A.

"L" a bogus and forged "WRIT OF POSSESSION, "Writ# 002779F11"

41. Affiant witnessed through court proceedings, that in case #3:11-cv-00862-FLW-TJB, District Judge, Freda L. Wolfson rendered her Opinion and Order to Grant Sheriff's Cross Motion against Affiant's claim, based on the submissions Sheriff's Cross Motion supported with false statements, such as: "a Writ of Execution entered by Mary C. Jacobson, P.J.Ch. on April 13, 2010"

42. Affiant is not aware of any writ of Execution entered and signed by Mary C. Jacobson, P.J.Ch. on April 13, 2010, in this instant matter!

43. Sheriff's statement: "WFB representative tendered the successful bid of $461,000.00"

44. According to Ocwen Loan Servicing, LLC, in a letter dated September 5, 2014 to the Consumer Financial Protection bureau, (cfpb) says the following: "Ocwen acquired the servicing rights of your loan from HomEq Servicing Corp. on September 1, 2010, with your loan due for the February 1, 2008 payment and in active foreclosure." Ocwen's records

indicates that on September 05, 2010, the foreclosure sale of the property was held as scheduled, at which time the property was reverted to Ocwen's Real Estate Owned (REO) Department. Who is lying?

45. Based on the Ocwen Loan Servicing, LLC, letter dated September 5, 2014, Wells Fargo Bank, is not the only Bank who is claiming to hold Affiant's alleged mortgage, but also Ocwen Loan Servicing, LLC, is claiming to hold Affiant's alleged mortgage.

46. How fraudulent is that, that here we have two banks making the same claim at the same time? Each claiming to have acquired a mortgage in active foreclosure? This would be "FRAUD". And further claiming, that both banks on September 05, 2010, at the Sheriff's foreclosure sale, the Affiant's property was reverted back to them. So what does the Sheriff's DEED say? Who bought the Affiant's property?

47. Sheriff's statement: "On October 4, 2010, the Sheriff's Deed was executed covering title to the Subject Property "

48. Affiant is not aware of a lawful and legal executed Sheriff's Deed. There is not such Deed!

49. Sheriff's statement: "On October 28, 2010, the realty transfer fee and Sheriff's Deed were presented to the Somerset County Court Clerk's office for filing "

50. Affiant witnessed a fraudulent and forged Sheriff's DEED which was recorded in Book 6366 at Page 2898-2906 in the Somerset County Clerk's Office, transferring the Affiant's property to Wells Fargo Bank, N.A.

51. Sheriff's statement: "On January 3, 2011, Sheriff's Office Andrew Mospack served Mr. Gage with a Writ of Possession at which time Mr. Gage refused to leave the Subject Property."

52. Affiant is not aware of a lawful and a legal executed Writ of Possession served to him. The truth is that on February 22, 2011, the Sheriff unlawfully invaded the Affiant's home, which he then left, right after having been advised about a lawsuit pending against him in relation to such property. Why would the Affiant leave from his own property?

53. Sheriff's statement: "On August 5, 2011 the Sheriff's Office received a Writ of Possession entered by Mary C. Jacobson, P.J.Ch. on August 2, 2011 with attached Certification to Support Issuance of Writ of Possession."

54. Affiant is not aware of a lawful and legal executed Writ of Possession signed by Mary C Jacobson, P.J.Ch. on August 2, 2011. In fact, such Writ of Possession signed by Mary C. Jacobson, P.J.Ch. on August 2, 2011 never existed and never has been served to Affiant, his family, or tenant before we were all forced to be evicted from Affiant's own home on August 8, 2011.

55. Sheriff's statement: "On August 8, 2011, Judge Jacobson's Writ of Possession was executed at the Subject Property by representatives of the Sheriff's Office including myself. Also

present were Officers from the Warren Township Police Department as well as Mr. Gage
himself"

56. Affiant is not aware of **any** lawful and legal Judge Jacobson's Writ of Possession, or a forced
eviction court order involving case Wells Fargo vs. THOMAS GAGE, et al, Docket No. F-
22089-08 or any related matter after pulling all the files, CD's and doing extensive research.

57. Affiant was present and witnessed an execution of a bogus and forged document, lead to
believe that was a forced eviction court order, a conspired theft of Affiant's property was
executed by the Sheriff, with the support of some Officers from the Warren Township Police
Department on August 8, 2011, while a default judgment to be entered against the Sheriff
itself was still pending in Federal Court!

58. Affiant declares that Sheriff Provenzano moved with an unlawful forced eviction of the
Affiant, his family and Tenants from his Property, in retaliation of Affiant's lawsuit against
him, committing "Obstruction of Justice", **Title 18 U.S.C. § 1505**, allowed *robbery* and
*vandalism* of the Affiant's household belongings and Tenant's business materials, tools and
equipment.

59. The facts and court records clearly show and prove that, on August 8, 2011, Sheriff Frank J.
Provenzano not only executed an unlawful eviction, but also allowed vandalism of all that
Affiant and his family owned.

60. Additionally movers damaged, mistreated, stole and misplaced, furniture and belonging(s) of
Affiant and his family, along with the tenant's business tools and materials

61. Affiant declares that in case #3:11-cv-00862-FLW-TJB, District Judge, Freda L. Wolfson,
after been misled by the false statements and fraudulent documents, she rendered an Opinion
and Order that denied Affiant his "Meaningful access to justice", therefore a fraud upon the
Court was committed.

62. Affiant declares and has personal firsthand knowledge that since 2011, Affiant made many
attempts to bring the fact of a fraud upon the court executed by the state officer, in regard to
Docket No. F-22089-08 to the New Jersey Governor's Office and N.J. Administrative Office
of the Court, who negligently up today keeps ignoring the thief of Affiant's home property
that accorded on August 8, 2011 and the following are some of those attempts:

   a. On January 26, 2014, the New Jersey Governor's Office was asked by "**letter**" sent
      via **Certified Mail # 7005116000037542490**, to take action on the Misconduct of the
      State Attorney General Deputy Attorney General Brian P. Wilson. The New Jersey
      Governor's Office ignored Affiant's complaint.

   b. On December 13, 2014, The Chief Justice of the state Supreme Court of New Jersey,
      was served with a "NOTICE/LETTER" by via of a **Registered Mail, "RE 063 766
      819 US"** and copies of the same were sent also by via of a Registered Mail to: New
      Jersey Legislature Committee, Hon. Glen A. Grant and State Judge Yolanda Ciccone.

8, 2011, Sheriff, Frank J. Provenzano executed a forced eviction of Affiant's family and tenant without the Court order, as required by Affiant's 4th amendment. (The state attorney general as full knowledge of this fact)

76. Arriving in the Somerset County Jail, without a warrant signed by a judge, so without jurisdiction, the officer at the jail desk, under the pretense of having a "no-bail warrant", proceeded, to take in custody the Affiant, where, they treated Affiant even more as criminal, and never allowing the Affiant to make a call to his family, or a lawyer! (Taken in Hostage)

77. Then, instead of putting Affiant in a single cell as according to the rules of law to be separated from others, these officers locked Affiant in a cell with one other prisoner for three days, without due process!

78. As a result of the Accused's action, Affiant was arrested, imprisoned for three (3) days and required to pay administrative cost before he was released.

79. The false arrest on a Saturday morning was a well-planned conspiracy, so that no lawyers or judge, could not assist the Affiant, for the next three days, so that, they could harm the Affiant, who was Taken in Hostage. (The former, U.S. Attorney, Paul Fishman, for the District of NJ has been silent on this matter).

80. On February 8, 2016 at about 1:30 pm, the third day of Affiant being kidnapped and Taken in Hostage by the Accused, Affiant was brought before the Superior court judge, who established the so-called BAIL conditions under a different alleged Complaint-Warrant W-2015-000302-1818, that was supposedly signed by a judge, which is not so

81. At the same time, Affiant took the opportunity to set on the record that he had a Counterclaim in regard to the County Prosecutor's affidavit, given under oath that allegedly had sufficient factual information to establish probable cause that a crime was committed and that the person named in the warrant committed it, was the Affiant.

82. **NOTICE**: As of today, after Affiant's legitimate request by law, the State Attorney has failed to provide the two (2) alleged warrants, W164813951 and W-2015-000302-1818. A certain violation of Affiant's 4th Amendment. So, there weren't any Warrants!

83. Soon after, Affiant was brought back to the cell, the same cell, which they should not have brought him to in the first place, according to the laws.

84. On the way back into the cell there, Affiant told one of the guards that he wanted to pay his bail, so that he could return home, but the guard ignored what Affiant requested and therefore, denied the Affiant his right to be free on bail! (Kidnapping)

85. Not only was the Affiant denied the right to pay his bail, but also denied the right to use the phone to call his family, who at the same time, were trying to contact the Affiant from the outside to find a way in so they could see the Affiant and find out what was going on.

86. Once Affiant was back in the illegal cell #2038, he packed all of his stuff to be ready to leave, a young guard came into Affiant's cell and asked Affiant why he was getting ready to leave, and further said "You, are not going out!" (Taken in Hostage)

87. Then, later that evening, by the Will of Our Lord, Affiant was able to expose the officer's plan to hurt or kill him, which lead to the Affiant's bail out and leave the Somerset County Jail.

88. In fact, there are eyewitness, testimony and records, within the facility of Somerset County Jail and from the outside the facility of Somerset County Jail that proves that a well conspired plan to hurt or kill Affiant that evening was set in place, in retaliation of Affiant's participation in Federal judicial proceedings, where Affiant not only is the victim of their crimes, but also he is a crucial Federal eyewitness. (Taken in Hostage to Obstruct Justice)

89. The information contained in the Accused Prosecutor's affidavits were not true and after the trial which was held on February 8, 2016, one day after on February 9, 2016, the criminal allegations against Affiant were administratively dismissed by the Somerset County Prosecutor's Office, due to their Complaint being Out of Jurisdiction

90. The actions of the Accused were wrongful, malicious, and designed to obstruct justice in Affiant's federal judicial proceedings, such as Docket 2, 14-cv-05700, and the Affiant Pending Criminal Federal Complaint which was filed into the office of the U.S. Attorney General, Paul Fishman, for the District of NJ, and to embarrass and damage Affiant and violation pursuant to Title 18 U.S. Code Chapter 73 - OBSTRUCTION OF JUSTICE.

91. Affiant suffered extreme mental and emotional anguish as a result of Accused's wrong action.

92. Affiant incurred attorney's fees and loss of wages as a result of the Accused's deliberate and malicious prosecution.

93. Affiant declares and has personal firsthand knowledge, that a lawsuit was filed on May 27, 2016, against Somerset County et al by Affiant and was assigned to Honorable Michael A. Shipp, under Docket No.: 3:16-cv-03119-MAS-LHG, the original assigned District Judge to the case and for reasons unknown to Affiant, later Chief Judge Jerome B. Simandle, assigned this case to Hon. Brian R. Martinotti.

94. Affiant witnessed through court proceedings, that, the Accused of the state has had three substitutions of their attorneys and two generous extensions for a timely plea on the complaint, granted by the District Court. Meanwhile, the Affiant was led to believe that the Office of the Attorney General of the State of New Jersey, according to their official oath of office is to prosecute any criminal who commits crimes, not to protect them like they are doing in this matter with the Accused's official misconduct instead of protecting the Affiant. The Affiant is the victim of the arranged, property Theft, Kidnapping and Taking in as a Hostage to Obstruct Justice, by physically harming the Affiant. The state Attorney General

office chose to defend the Accused who have criminally violated the law of our land and who one of them had been dismissed from his office by the Governor itself. (These facts are all record)

95. It is a fact that on January 9, 2017, after seven good months of delays, the, State Attorney filed a Motion to dismiss and which was granted on 1/31/2017. (Knowingly assisting judicial officer in conduct that is a violation of the supreme law of our land).

96. The delay of State Attorney for a timely plea on the complaint was well planned for the purpose to keep concealing their False arrest, False imprisonment, Kidnapping Taking in as a Hostage to Obstruct Justice, malicious Prosecution and finally, the Theft of Affiant's property which was executed on August 8, 2011.

97. Affiant declares and has personal firsthand knowledge that the state Attorney General's office has been provided with the Overwhelming, undeniable, Tangible Forensic Evidence which without a doubt proves the stealing of Affiant's property, which consequentially leaded to this Affiant's action.

98. Affiant declares and has personal firsthand knowledge, that on October 24, 2016, regarding to DOCKET NO.: **F-22089-08**, Affiant, as a Defendant party, filed a Motion under the doctrine of Fraud upon the Court in the NJ Superior Court of Foreclosure Processing, Trenton NJ, and sent a copy to Hon. Mary C. Jacobson, who allegedly presided on the case, so that she had knowledge of the facts.

99. Affiant declares that since fraud upon the court is a crime deemed so severe and fundamentally opposed to the operation of justice, the Office of the State Attorney General was also served with the Affiant's motion, DOCKET NO.: **F-22089-08**, supported with undeniable Tangible *Forensic Evidence* which are evidences of violation of the New Jersey Code of Criminal Justice New Jersey Statutes and therefore, the case follows under their jurisdiction pursuant to:

   a.  Title 25 Frauds and Fraudulent Conveyances - 25:2-3 Conveyances,
   b.  Title 2C The New Jersey Code of Criminal Justice - 2C:21-4 Falsifying or tampering with records
   c.  Title 2C The New Jersey Code of Criminal Justice - 2C:28-1 Perjury
   d.  Title 2C The New Jersey Code of Criminal Justice - 2C:28-2 False swearing
   e.  Title 2C The New Jersey Code of Criminal Justice - 2C:35-13 obtaining by fraud and others.
   f.  1945. Procuring Filing of False Document or Offering False Document for Filing, etc.
   g.  Pursuant to the above NJ criminal law, this actions are criminal.

100.   Affiant declares and has personal firsthand knowledge, that on November 10, 2016, unexpectedly Affiant received a copy of a filed opposition from the Andersen's attorney, Rajan Patel. This party never had any role as a Plaintiff or as a Defendant in case "**Docket No. F-22089-08**"

101.   Affiant declares and has personal firsthand knowledge that Affiant never consented to the filing of an opposition from the Andersen's attorney, Rajan Patel, who by law has no standing in the case to do so

102.   Affiant declares that the Andersen's attorney, Rajan Patel, conspired to the Procuring and Filing of the False Documents, though a nonparty, in order to mislead the judge with the same bogus and fraudulent documents which were used successfully to conspire the first fraud upon the court by the Wells Fargo Bank Attorneys, FEIN, SUCH, KAHN & SHEPARD, PC, and to obstruct justice.

103.   Affiant witnessed through court proceedings, attorney, Rajan Patel's letter, addressed to state Judge Goodzeit, dated: November 9, 2016, which states the following:

> "Dear Judge Goodzeit:
>
> This office represent Luke Andersen and Helena Andersen, the current owners of real property known as 51 Hillcrest Boulevard in Warren Township, New Jersey ("Property"), previously owned by movant Thomas I. Gage (joined as Thomas Gage)."
>
> "On Monday, despite my clients not being defendants in the above referenced action, Your Honor generously permitted me to file opposition to Mr. Gage's pending motion to vacate a Final Judgement of foreclosure which extinguished Mr. Gage's interest in the Property prior to my clients' purchase from the foreclosing lender. Consequently, I have enclosed a courtesy copy of the following:
>
> 1   Certification of Counsel in opposition (with Exhibits A-I);
> 2   Brief in Opposition,
> 3   Proposed Order;
> 4   Certification of Service"

104.   Affiant declares and has personal firsthand knowledge that on November 9, 2016, attorney Rajan Patel, in order to try to prove that the Andersens are the alleged lawful owner of Affiant's Property, submitted to the superior court for the court record the following exhibit:

105.   Exhibit "A", a Final Judgment of foreclosure obtained by fraud upon the Court, which seems to be signed by Hon. Jacobson;

106.  Exhibit "B": a forged Sheriff's Deed.

107.  Exhibit "C": an illegal Deed dated: September 14, 2011. (Ocwen Lon Service, LLC.)

108.  According to the Exhibit "C" and to Ocwen's letter, the Andersons bought the stolen property from Ocwen. It is a fact that the (alleged) Andersen's Deed proves that was (allegedly) signed by Robert Kaltenbach, acting as an attorney in fact for Ocwen Loan Serving, LLC. (Documents similar like this are judicially considered as Rob-signed document. "Fraudulent") Furthermore, the above said Exhibits prove that there are two banks, Wells Fargo Bank and Ocwen Loan Servicing, claiming that both owned the alleged Affiant mortgage and both have purchased Affiant's property at a different time from the fraudulent Sheriff's sale. But, on the fraudulent and forged Sheriff's Deed appears Wells Fargo Bank as the buyer name, not the one of Ocwen Loan Servicing, where in their letter they declared "Ocwen acquired the servicing rights of your loan from HomEq Servicing Corp. on September 1, 2010, with your loan due for the February 1, 2008 payment and in active foreclosure" Why would any Bank acquire an alleged mortgage in active foreclosure??

109.  Affiant declares that according to Mr. Patel letter, Hon. Margaret Goodzeit, generously permitted Mr. Patel to file an opposition to my Motion without his clients being a Plaintiff or a Defendant party in this case, of "**Docket No. F-22089-08**".

110.  Affiant declares the act of Hon. Margaret Goodzeit, to allow a filing of an opposition from the Andersen's attorney, Rajan Patel, who by law had no standing in the case to do so, is inappropriate and unethical

111.  Affiant declares that according to the record of Docket No. F-22089-08, it is a fact that Affiant is the Defendant party and Well Fargo Bank is the Plaintiff party and the Law office of Rajan Patel, ESQ, was not and is not a party, has no rule and no standing in this matter, therefore state judge Margaret Goodzeit's generously permitted Mr. Patel to file an opposition to Affiant's Motion to vacate default Judgement that never existed because of the lacked of court proceeding, due process of law, it's professional misconduct is a Canon violation "**Administrative Responsibilities**"

112.  Affiant declares and has personal firsthand knowledge, that the action of the Accused herein reflect a malicious intentional willful and reckless disregard of the rights of Affiant and therefore committing acts of official misconduct and warrant a punitive action.

113.  Affiant declares and has personal firsthand knowledge that a willful intention acts of the Accused constitute malicious prosecution, false imprisonment, false arrest, intentional obstruction of justice, intentional infliction of emotional distress and libel and slander and that Affiant is entitled to receive the long due Justice.

114.   By these above said fraudulent and criminal actions taken by the County and State under the direction of Governor Chris Christie's Administration and County Sheriff Provenzano, Affiant and his family along with the tenant have been deprived of our lifetime savings and most of all, there has been criminal trespass on our civil rights and liberties guaranteed by our 1st, 4th, 5th, and 14th Amendments of the U.S. Constitution which County and State public officials did not defend, preserve and protect in defiance and breach of their oath of Office and certainly by the pledge and alleged oath a public official gives to the State and US Constitution, which they all have breached

115.   The truth of this matter were and are found in the court record which provides Overwhelming, undeniable Tangible Forensic Evidence that triggered the Accused to commit the violations of criminal laws involved in this matter. (Such record will be submitted, with the Affiant's Brief, as the case moves forward)

116.   **The Probable Cause Elements of the Criminal Offense Under Color of Law in Affiant's case are as follows:**

117.   Voluntary and negligent "Transgression and Breach" of Court proceeding

118.   Obstruction of Justice

119.   Fraudulent conveyance of a property by a forged deed or by coercion of the Courts working in tandem with the Sheriff.

120.   Wrongful exercise of dominion and control over an individual's private property.

121.   Eviction of a family without due process of law

122.   Eviction of a "Tenant" without due process of law

123.   Voluntary and negligent act of Obstruction of justice.

124.   Voluntary and negligent damage to someone else's household belongings.

125.   Robbery of tools and materials from a business.

126.   Mistreatment, breaking, and loss of someone else's property.

127.   Exerting unauthorized use and control of someone else's property.

128.   The act of producing documents that lack authenticity with the intent to commit fraud or deception. (Filing False and Fictitious Instruments)

129.   False, misleading representation of the facts with intent to deceive another.

130.   Intentional trespass and concealment of the facts that should have been disclosed, causing extreme injury to Affiant and his family.

131.   Act of dishonesty calculated for advantage.

132.   Act of proffering off the NAME – barratry and personage.

133.   The act of filing fictitious documents and making false statements.

134.   The act of conspiracy involving the Somerset County Court, Sheriff's Department, Law firms and banks.

135.   Misprision of Felony involving the Court, knowing there were criminal acts being perpetrated and yet the Court continuing to act.

136.   Kidnapping

137.   Taken as Hostage.

138.   False arrest.

139.   False imprisonment.

140.   Malicious prosecution.

141.   Federal RICO statutes **30**. The specific RICO sections implicated are:
   a.   Section 1341 (mail fraud)
   b.   Section 1343 (wire fraud)
   c.   Section 1344 (financial institution fraud)
   d.   Section 1957 (engaging in monetary transactions in property derived from specified Unlawful activity).
   e.   Section 1952 (racketeering).

142.   All of the above stated acts of trespass (are violations and criminal acts) where there were repeated injuries to Affiant, his family and tenant, are felonies recognized by a Court of the United States.

143.   Affiant has been deprived and robbed of his equity and life savings that he had sacrificed for through hard work.

144.   By law, the matter in Affiant's case is "Criminal" in nature and there must be remedy for Affiant.

145.    The "Overwhelming" evidence of fraud, misconduct and general federal obstruction of justice provisions that have "irreparably harmed" Affiant and his family, have been ignored so far by State Attorney General and the State Administrative Office of the Court of New Jersey, which now make them liable for obstructing justice as well.

146.    The State Judiciary branch continually ignoring Affiant's claims, perpetuating activity that involves County and State Public Official's fraudulent criminal enterprise with more than likely RICO actions, thereby are complicit in the crimes stated above, and are criminals themselves.

147.    Trustees doing business as public officials that seek to intentionally injure rather than protect another are in violation of the Supreme Law of our Land for "Lack of Due Process and Equal Protection of the Law".

148.    **Note**: All the Above declared matters were and are facts found in the court record, which record provides overwhelming, undeniable Tangible Forensic Evidence that triggered the Accused to commit violations of federal and state criminal laws involved in matter.

        Also, such record will be provided by request and are overwhelming, undeniable Tangible Forensic Evidence that supports this Affiant's Brief of Verified Affidavit for his Criminal Complaint.

## Summary

        As by law and per the Court Record, this case is obviously a white collar crime case that involves Fraud and Forgery which are classified as white collar crimes, violations of both New Jersey and federal law

        The FBI defines significant racketeering activities as those predicate criminal acts that are chargeable under the Racketeer Influenced and Corrupt Organizations statute. These are found in Title 18 of the United States Code, Section 1961 (1) and includes most of the declared federal crimes herein.

        Affiant is not only a victim here, but also a federal witness, who lives in danger as a result of his pending federal testimony against some organized crime members and others...

        Since in both criminal and civil matters involves protected witnesses and being this a federal matter, the office of the U.S. Attorney General in this case need to be fully involved with local law enforcement and court authorities to bring justice, and to make sure that Affiant fulfills his legal Courts proceedings.

        It is a fact that they have already tried once to hurt or to kill Affiant in February 2016, when they took him in hostage in Somerset County, NJ.

**Declaratory and Injunctive Relief is sought and required by law.**

WHEREAS 18 U.S.C.A 3521, et. seq., Affiant requires that the U.S. Attorney General provide 24-hour protection, while Affiant is in a high-threat environment, which includes pretrial conferences, trial testimonials and other court appearances, since the Accused' actions raise multiple federal causes of actions: An immediate Federal Witness Protection Program, also known as the Witness Security Program or WITSEC, by the United States Department of Justice and by the United States Marshals Service, to protect Affiant who has been and is a threatened witnesses, before, during, and after the trial, in this proceeding concerning organized crime and other serious offenses.

WHEREAS Affiant requires the immediate return and restoration of his property and just compensation for time lost due to injury to Affiant and his family as well as, compensation for the destruction of his property.

WHEREAS Affiant directs this Office to take immediate action against all trustees involved in this case account matter Docket No.. F-22089-08 and Docket No SOM-L-1340-08 and Docket No.. 3:16-cv-03119

WHEREAS Affiant assigns as fiduciary trustee (s), **The Government of the United States**, to settle and close this case and come to an equitable solution and make all parties whole.
For the reasons stated above, Affiant in this instant matter requires just compensation and penalties must be assessed against those trustees in Somerset County, NJ, who breached their oath, their fiduciary obligation and who breached the public trust in a BIG way.

The case must be prosecuted and Affiant compensated out of good conscience and fairness and pursuant to the rules of the State of New Jersey in State v Vitiello N.J.S.A 2C 2-11 and in reference to American Jurisprudence, Title 18 and to the Criminal Codes.
_Owen v. City of Independence_: "The innocent individual who is harmed by an abuse of governmental authority is assured that he will be compensated for his injury".
Affiant requests compensation from all the above said Officers of Somerset County, NJ, in the amount that will be determined at trial by the jury of peers.
Affiant also requires that the Officers of Somerset County, NJ, be held accountable for their violations of **Article VI, Paragraph-3**, **Title 18 U.S.C. § 4**, **Title 18 U.S.C. § 1505**, **Title 18 U.S.C. § 1510** and **18 USC Sec. 2381 – TREASON**, and (**N.J.S.A. 2C:27-2**) **and all other criminal violations not referenced in this chapter.**

My English grammar is not 100% and I am not an expert in the law however I do know right from wrong. If there is any human being damaged by any statements herein, if he will inform me by facts I will sincerely make every effort to amend my ways. I hereby and herein reserve the right to amend and make amendment to this document as necessary in order that the truth

may be ascertained and proceedings justly determined.  If the parties given notice by means of
this document have information that would controvert and overcome this Affidavit, please advise
me IN WRITTEN AFFIDAVIT FORM within thirty (30) days from receipt hereof providing me
with your counter affidavit point for point, proving with particularity by stating all requisite
actual evidentiary fact and all requisite actual law, and not merely the ultimate facts or
conclusions of law, that this Affidavit Statement is substantially and materially false sufficiently
to change materially my status and factual declarations and my beliefs.  Your silence stands as
consent to, and tacit approval of, the factual declarations herein being established as fact as a
matter of law.  May the will of our Heavenly Father Almighty, through the power and authority
of the blood of his son Jesus be done on Earth as it is in Heaven.

### 28 USC § 1746(1)

I declare under the laws of Our Creator and your penalty of perjury under the laws of the United
States of America that the foregoing is true and correct.

Signed on this the $25$ day of March in the year of our Lord and Savior two thousand seventeen.

All Rights Reserved and retained without prejudice.
without dishonor and without recourse

By: _Thomas ) Gage_

Thomas I. Gage, Agent for THOMAS I. GAGE

---

### JURAT

Personally appeared before me a notary public for the state of New Jersey
Thomas I. Gage, and using good faith, executed before me this 25th day of March, 2017, A.D.
Year of Our Lord the Christ, an Affidavit of Fact and as such I place my hand and seal hereto as
an Officer of the Court.

Notary Public

SEAL:

RANDELL HERNANDEZ-KNIGHTON
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Oct. 29, 2018

_Oct 29, 2018_

My commission expires



Registered No. RE063766969US

Date Stamp
NJ 078
0967
09

Reg Fee $1.61

Handling Charge $11.7

Return Receipt

Postage $0.00

Restricted Delivery $0.00

Received by $0.00

$13.31

Customer Must Declare
Full Value $0.00

With Postal

STIRLING, NJ 07980

Domestic insurance up to $25,000 is included in the fee
International indemnity is limited
(See Reverse)

FROM
THOMAS GAGE
P.O. Box 421
WARREN   N J  07059
07980

TO
ATTORNEY GENERAL JEFF SESSIONS
OFFICE OF THE ATTORNEY GENERAL
950 PENNSYLVANIA AVE. N.W.
WASHINGTON, DC 20530-0001

PS Form 3806,   **Receipt for Registered Mail**   Copy 1 Customer
May 2004 (7530-02-000-9051)   (See Information on Reverse)
For domestic delivery information, visit our website at www.usps.com

# FAX

To: THE UNITED STATES ATTORNEY'S OFFICE
DISTRICT OF NEW JERSEY
970 Broad Street, 7th Floor
Newark, NJ 07102
Phone: 973-645-2700, Fax: 973-645-2702

Total pages faxed
Four (4)

Date May 31, 2017

# EXHIBIT B

Dear William E. Fitzpatrick:

In anticipation of the outcome of Jay B. Bohn's letter to Honorable Martinotti and pursuant to both, District court of New Jersey, **Honorable Brain R. Martinotti** (3:16-cv-3119) and the court of appeal's orders, as victim and plaintiff, I do not have standing to bring the lawsuit against the defendants for their arranged constructive fraud, fraud upon the court, filing false instruments, theft of property, abuses under Color of Law, Kidnapping, taken as Hostage, false Arrest, false Imprisonment, Malicious Prosecution, Obstruction of Justice, and RICO (to name just a few)

So, since I'm not a federal prosecutor, it's clear that such Orders grants your office full jurisdiction to act pursuant to 18 U.S.C. § 1962, (RICO) and under the White collar Crime.

Plus, the office of the U.S Attorney has already an active complaint under ID number 3814405 which I filed on March 25, 2017, supported with my "NOTICE OF VERIFIED AFFIDAVIT FOR CRIMINAL COMPLAINT"

I'm assuming, that your office in Newark has already a copy of my filed 20 pages of Affidavit dated March 25, 2017, which the same that Honorable Jeff Sessions in Washington, DC and the Third Court Circuit of Appeal, both have received and made record.

If you don't, you can find a copy online and a YouTube video, by go to, the following links:

https://www.academia.edu/32074781/Constitutional_Criminal_Complaint

https://www.youtube.com/watch?v=Mpt-0dnpd80&feature=youtu.be

Or

To the Attention of the U. S. Attorney Jeff Sessions. - YouTube

Constitutional Criminal Complaint | Thomas Gage - Academia.edu

By, Victim, Thomas I. Gage

Signed reserving all my rights at UCC 1-308



U.S. Department of Justice

Mail Referral Unit

Washington, D.C. 20530

April 6, 2017

Thomas Gage
P O Box 4210
Warren, NJ 07059-0210

Dear Friend:

Thank you for your letter dated March 25, 2017 to the Attorney General, Deputy Attorney General, or Associate Attorney General, which was received by the Department of Justice, Mail Referral Unit, on April 6, 2017 and assigned ID number 3814405.

Your letter will be reviewed and if a response or an update is necessary it will be sent to you within 60 business days. If you have any questions, please contact us at (301) 583-7350 and refer to your ID number 3814405 when requesting any information concerning your correspondence

Sincerely,

Mail Referral Unit
Department of Justice

Registered Mail No.  RE 063 766 969 US

Thomas I. Gage
P.O. Box 4210
Warren, NJ 07059
(908) 419-0937
Thomasgage63@aol.com

March 25, 2017.

## Re: GAGE v. SOMERSET COUNTY, et al

To:  Attorney General Jeff Sessions
Office of the Attorney General
950 Pennsylvania Ave., N.W.
Washington, DC 20530-0001

## NOTICE

## Constitutional Criminal Complaint

Honorable Jeff Sessions:

First of all, congratulations on your successful appointment to this honorable office of the U.S. Attorney General. I have been carefully following all of our President's nominees and so far *I like all of the outcomes, but I became worried once when there was a rumor about Christie* to be one of the nominees for your office. It has taken lots of prayers to not let that happen! I am confident now since I have heard you say that you will do all you can to restore the justice to the Justice Department. I believe this has been needed for a long time!

We the People have spoken. We want law and order to prevail again, and we want a Just Nation. We once again, want to be a Nation under God, where justice is the foundation of our civilization. As Americans, we all know well that our supreme law of our land is our Constitution, the Bill of Rights, which is exactly what I am exercising today with this Constitutional Criminal Complaint. I am reaching out to my fourth branch of government who are governed and administered to directly by and on behalf of the American people, because public officials have criminally violated the law of our land in this case. See Supreme Court case of United States v. Williams, 112 S.Ct. 1735, 504 U.S. 36, 118 L.Ed.2d 352 (1992)

According to Bouvier's Law Dictionary 1856 Edition Page 148, a Criminal Complaint is filed with the US Attorney or US Magistrate Judge and outlines the alleged offenses against individuals in the government; both elected and employed.

Registered Mail No   RF 063 766 969 US

Please, be informed that I am aware of, and I allege that one or more serious offenses against the criminal laws of the United States have been committed in the district of NJ, resulting in the necessity of a federal grand jury inquiry, and in complying with a criminal complaint, hereto, is a twenty (20) pages of a sworn Verified Affidavit for Criminal Complaint that proves the probable cause, which the accused persons have committed a crime and violated the laws of the United States

I am a crime victim, having been injured as a direct and proximate result of one or more of the alleged offenses.

I am entitled to all the rights of a crime victim applicable to this request
Also, to the best of my knowledge and belief, none of the matter alleged has already been tried or committed to any criminal court proceeding; I don't believe any statute of limitation has expired on lawful and timely enforcement; and no means of remedy on the state level is more proper or reasonably available

I have evidence and testimony supporting my allegations, and under 18 US Code § 3332, it is the federal grand jury's duty to inquire into the allegations.

I respectfully request that your honorable office inform an appropriate grand jury in the district of the alleged offenses, the testimony and evidence due for their inquiry

My contact information as provided above. Your honorable office may provide them with this letter.

I trust the grand jury will have already been informed of their duty to inquire, and your office take all appropriate actions and make all appropriate recommendations in consideration of our dependence on you in this process, as without this, due process may fail

I also trust that your honorable office promptly inform me of the satisfaction of this request, or any exception to it

Thank you for your attention, and as Christians, we share ours values of integrity Justice.

Respectfully,

*[signature]*

Signed reserving all my rights at UCC 1-308

**Last Transmission**                                       May.31.2017  11:09 PM

Name :

Tel  :

| Date | Time | Type | ID | Duration | Pages | Result |
|------|------|------|------|----------|-------|--------|
| May.31 | 11:08PM | Send | 9736452702 | 01:22 | 4 | OK |

EK528526546US

Thomas I. Gage
P.O. Box 4210
Warren, NJ 07059
(908)-419-0937

June 17, 2017

FBI Headquarters
935 Pennsylvania Avenue, NW
Washington, D.C. 20535-0001
(202) 324-3000

**EXHIBIT C**

**Extremely urgent!**

To whom it concerns:

I filed many Complaints against, high corrupt officers in New Jersey (White Color Crime cases) and all have been ignored, by both, State and federal authorities of the District of New Jersey

Because of such outcome, here now I bringing to the attention of the integrity branch of the FBI Headquarters office in Washington, D.C., and any investigation must be conducted only by the special agents of Washington office, due to the obvious reasons of the here attached forensic evidences, which are forged and bogus documents that were used in court proceeding in order to steal my property and to harmed me, have been ignored up today, by the federal authority in NJ

Hence, it's time for the Washington FBI's office to take action to investigate the federal criminally activities exposed in my cases. Gage vs Somerset County et, al. District of NJ (3:16-cv-3119) and State Court Cases which are reported and named in the attached, 20 pages of my "Notice of Verified Affidavit for Criminal Complaint "

Notice: Because of my pending filed criminal complaint, I have reasons to believe that my cell phone, have been hacked by an unknown local government source, who are tracking my phone to know exactly where I go or where I'm so they can stop me in an obscure way, having the local police chasing me, which is happening every day now, so that they can find a way to trigger or to fabricate some kind of violation of state law against me, so that they can finished what they started on February 6, 2016

I have been asking for court protection and they keep denying that to me.
The local police chasing need to be stopped immediately, it's an evident obstruction of justice, by not allowing my case going through in federal court and trying desperately to kidnap me, take me as hostage so that my case no longer go forward. Again, just like they did on February 6, 2016! Check court records

Respectfully submitted,



# USPS Tracking® Results

FAQs > (http://faq.usps.com/?articleId=220900)

Track Another Package +

Remove X

**Tracking Number:** EK528526546US

Delivered

**Scheduled Delivery Day:** Tuesday, June 20, 2017 12:00 pm ⓘ
**Money Back Guarantee**

**Signed for By: M LUNDY // WASHINGTON, DC 20535 // 4:20 am**

## Product & Tracking Information

See Available Actions

**Postal Product:**
Priority Mail Express 1-Day™

**Features:**
Insured
PO to Addressee
Up to $100 insurance included
Restrictions Apply ⓘ

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| June 21, 2017, 4:20 am | **Delivered** | **WASHINGTON, DC 20535** |

Your item was delivered at 4:20 am on June 21, 2017 in WASHINGTON, DC 20535 to M LUNDY in MR. The item was signed for by M. LUNDY.

| June 20, 2017 10:35 am | Available for Pickup | WASHINGTON, DC 20535 |
| June 20, 2017 10:25 am | Arrived at Post Office | WASHINGTON, DC 20018 |
| June 20, 2017 4:47 am | Departed USPS Facility | WASHINGTON, DC 20066 |

See More ∨

## Available Actions

| Text Updates | ∨ |
| Email Updates | ∨ |
| Proof of Delivery | ∨ |

See Less ∧

# Trust Assignment Fraud Letter to SEC
Posted on July 14, 2010

LYNN E. SZYMONIAK, ESQ.
The Metropolitan, PH2-05
403 South Sapodilla Avenue
West Palm Beach, Florida 33401

April 15, 2010
Mary L. Schapiro, Chairman
Robert S. Khuzami, Director, Division of Enforcement
Securities & Exchange Commission
100 F Street, NE
Washington, D.C. 20549
enforcement@sec.gov

**EXHIBIT  D**

Re: Mortgage-Backed Trusts Missing Critical Documents

Dear Chairman Schapiro and Director Khuzami::

This is a report of suspected fraud involving mortgage-back securities. Certain mortgage-backed trusts have been using forged and fraudulent mortgage assignments in foreclosure actions in Florida, and throughout the United States.

These assignments are most often produced by employees of Lender Processing Services, Inc., ("LPS"), a mortgage default management company located in Jacksonville, FL. LPS produced several million Mortgage Assignments, using its own employees to sign as if they were officers of the original lenders The fraud includes:
• Mortgage assignments with forged signatures of the individuals signing on behalf of the grantors, and forged signatures of the witnesses and the notaries;
• Mortgage assignments with signatures of individuals signing as corporate officers for corporations that never employed them in any such capacity;
• Mortgage assignments prepared and signed by individuals as corporate officers of mortgage companies that had been dissolved by bankruptcy years prior to the Assignment;
• Mortgage assignments prepared with purported effective dates unrelated to the date of any actual or attempted transfer (and in the case of trusts, years after the closing date of the trusts);
• Mortgage assignments prepared on behalf of grantors who had never themselves acquired ownership of the mortgages and notes by a valid transfer, including numerous such assignments where the grantor was identified as "Bogus Assignee for Intervening Assignments;" and
• Mortgage assignments notarized by notaries who never witnessed the signatures that they notarized.

Trust officers used these fraudulent mortgage assignments to conceal the fact that the trusts are missing critical documents, namely, the mortgage assignments that were supposed to have been delivered to the trusts at the inception of the trust.

These trusts suffered the following economic harm:
The Trusts paid substantial fees to the Trustees for Document Custodial Services including fees for obtaining and retaining a Mortgage Assignment for each of the properties in the trust. The

1

Assignment was supposed to have been "in recordable form" – that is, legally sufficient to allow the Trustee to foreclose in the event of default. These services were never provided. In each trust identified herein, many if not all of the Mortgage Assignments were never obtained, or were obtained and lost.

Because the Assignments were not obtained and/or retained, the Trusts incurred significant additional expenses:
i) each Trust paid, and will continue to pay, hundreds of thousands of dollars in fees to mortgage servicers, document preparation companies and law firms to prepare and record "Replacement Assignments" including Assignments that were prepared with false information regarding dates and signers;
ii) each Trust paid, and will continue to pay, hundreds of thousands of dollars in fees to the default management company and to law firms retained by the mortgage servicing companies and/or default management company (usually, Lender Processing Services) to litigate the issue of the standing of the trust to file the foreclosure action because the Assignment to the Trust that established standing was missing or never obtained.

In many cases, because the Assignments were not obtained and/or retained, the Trust could not successfully foreclose when loans in the Trust defaulted. In many cases, where the Trust has successfully foreclosed, it had no legal right to do so and the Trust has been or will be exposed to claims for wrongful foreclosure by former homeowners and claims of fraud by subsequent purchasers. In many cases, where mortgage servicing companies or law firms representing the Trust attempted to collect amounts due from defaulting homeowners of properties in the trust, the debt collection activities violated the Federal Fair Debt Collection Practices Act because the Trust had no right to pursue collection or foreclosure where it lacked a valid Assignment.

In many cases, particularly where the loan originator is a mortgage company that is no longer in existence, it may not be possible to ever obtain a valid Assignment to the Trust. Long after the Trustees and Servicers became aware that critical documents, the Assignments, were missing, the Trustees and Servicers failed to disclose that information to the Certificate Holders and to the SEC.

Attached hereto are examples of fraudulent Assignments. Many (over 100,000) of these are signed by Linda Green. From an examination of the signatures, it is apparent that many different employees signed the name Linda Green.
Job Titles attributed to Green include the following:
• Vice President, Loan Documentation, Wells Fargo Bank, N.A.,
successor by merger to Wells Fargo Home Mortgage, Inc.;
• Vice President, Mortgage Electronic Registration Systems, Inc., as
nominee for American Home Mortgage Acceptance, Inc.;
• Vice President, American Home Mortgage Servicing as successor-in-interest
to Option One Mortgage Corporation;
• Vice President, Mortgage Electronic Registration Systems, Inc., as
nominee for American Brokers Conduit;
• Vice President & Asst. Secretary, American Home Mortgage
Servicing, Inc., as servicer for Ameriquest Mortgage Corporation;
• Vice President, Option One Mortgage Corporation;
• Vice President, Mortgage Electronic Registration Systems, Inc., as
nominee for HLB Mortgage;
• Vice President, American Home Mortgage Servicing, Inc.;

• Vice President, Mortgage Electronic Registration Systems, Inc., as
nominee for Family Lending Services, Inc.;

• Vice President, American Home Mortgage Servicing, Inc. as
successor-in-interest to Option One Mortgage Corporation;

• Vice President, Argent Mortgage Company, LLC by Citi Residential
Lending Inc., attorney-in-fact;

• Vice President, Sand Canyon Corporation f/k/a Option One
Mortgage Corporation;

• Vice President, Amtrust Funsing (sic) Services, Inc., by American
Home Mortgage Servicing, Inc. as Attorney-in-fact; and

• Vice President, Seattle Mortgage Company.

*Other LPS employees similarly used job many different job titles and claimed to be officers of
many different mortgage companies on Mortgage Assignments.*
Korell Harp and Tywanna Thomas used a variety of conflicting job titles on Assignments of
Mortgages in 2008 and 2009, holding themselves out to be officers of numerous different banks
and mortgage-related entities, often using numerous conflicting titles in the same week.

Titles attributed to Korell Harp include Vice President of American Home Mortgage Servicing,
Inc. as successor-in-interest to Option One Mortgage Corporation; Vice President of American
Brokers Conduit; Vice President of Argent Mortgage Company, LLC; and Vice President of
Mortgage Electronic Registration Systems, Inc.

Titles attributed to Tywanna Thomas include Assistant Vice President of Option
One Mortgage Corporation, Assistant Vice President of American Home Mortgage
Servicing, Assistant Vice President of Mortgage Electronic Registration Systems,
Assistant vice President of Argent Mortgage Company, LLC, Assistant Vice
President of Deutsche Bank National Trust Company, Assistant Vice President of
Sand Canyon Corporation and Assistant Vice President of American Home Mortgage
Acceptance.

Regarding the Attachments,
SECTION ONE – DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE
AMERICAN HOME MORTGAGE ASSETS TRUSTS
Section One includes Mortgage Assignments prepared by LPS EMPLOYEES purporting to
showing mortgages transferred to American Home Mortgage Assets Trusts
SECTION TWO – DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE
AMERICAN HOME MORTGAGE INVESTMENT TRUSTS
Section Two includes Mortgage Assignments prepared by LPS EMPLOYEES purporting to
showing mortgages transferred to American Home Mortgage Investment Trusts
SECTION THREE – DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE
HARBORVIEW MORTGAGE LOAN TRUSTS
Section Three includes Mortgage Assignments prepared by LPS EMPLOYEES purporting to
show mortgages transferred to HarborView Mortgage Loan Trusts
SECTION FOUR – DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE
SOUNDVIEW HOME LOAN TRUSTS
Section Four includes Mortgage Assignments prepared by LPS EMPLOYEES purporting to
show mortgages transferred to Soundview Home Loan Trusts
SECTION FIVE – DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE
AMERIQUEST MORTGAGE SECURITIES TRUSTS

Section Five includes Mortgage Assignments prepared by LPS EMPLOYEES purporting to show mortgages transferred to Ameriquest Mortgage Securities Trusts

SECTION SIX – DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE ARGENT SECURITIES TRUSTS

Section Six includes Mortgage Assignments prepared by LPS EMPLOYEES purporting to show mortgages transferred to Argent Securities Trusts

SECTION SEVEN – DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE GSAA HOME EQUITY TRUSTS

Section Seven includes Mortgage Assignments prepared by LPS EMPLOYEES purporting to show mortgages transferred to GSAA Home Equity Loan Trusts

SECTION EIGHT – DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE HS1 ASSET SECURITIZATION TRUSTS

Section Eight includes Mortgage Assignments prepared by LPS EMPLOYEES purporting to show mortgages transferred to HS1 Asset Securitization Trusts

SECTION NINE – DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE IXIS REAL ESTATE TRUSTS

Section Nine includes Mortgage Assignments prepared by LPS EMPLOYEES purporting to show mortgages transferred to Ixis Real Estate Trusts

SECTION 10 – DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE LONG BEACH MORTGAGE TRUSTS

Section Ten includes Mortgage Assignments prepared by LPS EMPLOYEES purporting to show mortgages transferred to Ameriquest Long Beach Mortgage Trusts

SECTION 11 – DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE MORGAN STANLEY ABS CAPITAL 1 TRUSTS

Section Eleven includes Mortgage Assignments prepared by LPS EMPLOYEES purporting to show mortgages transferred to Morgan Stanley ABS Capital 1 Trusts

SECTION 12 – DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE NOVASTAR MORTGAGE FUNDING TRUSTS

Section Twelve includes Mortgage Assignments prepared by LPS EMPLOYEES purporting to show mortgages transferred to Novastar Mortgage Funding Trusts

SECTION 13 – DEUTSCHE BANK NATIONAL TRUST CO. AS TRUSTEE SAXON ASSETS SECURITIES TRUSTS

Section Thirteen includes Mortgage Assignments prepared by LPS EMPLOYEES  purporting to show mortgages transferred to Saxon Assets Securities Trusts

SECTION 14 – DEUTSCHE BANK NATIONAL TRUST CO. AS TRUSTEE OTHER TRUSTS WITH MISSING ASSIGNMENTS

Section Fourteen includes Mortgage Assignments prepared by LPS EMPLOYEES purporting to show mortgages transferred to WAMU 2005-AR2, QUEST 2005-X1

SECTION 15 – DEUTSCHE BANK TRUST CO. AMERICAS AS TRUSTEE MISCELLANEOUS TRUSTS

Section Fifteen includes Mortgage Assignments prepared by LPS EMPLOYEES purporting to show mortgages transferred to: MSIX 2006-1, MORGAN STANLEY, MSAC, 2007-NC3, MSHEL 2007-1, MSHEL 2007-2, 2007-3, MERITAGE 2005-2, JP MORGAN ACQUISITION TRUST, IMAC SECURED ASSETS CORP, GSR MORT. LOAN TRUST, BCAP LLC TRUST, CARRINGTON, SERIES 2005 OPT2

SECTION 16 – BANK OF NEW YORK AS TRUSTEE AMERICAN HOME MORTGAGE INVESTMENT TRUST 2004-4

Section Sixteen includes Mortgage Assignments prepared by LPS EMPLOYEES purporting to show mortgages transferred to American Home Mortgage Investment Trust 2004-4.

4

GSAA Home Equity Trust 2006-9.
SECTION 28 – WELLS FARGO BANK AS TRUSTEE ABFC TRUSTS
Section Twenty-Eight includes Mortgage Assignments prepared by LPS Employees purporting
to show mortgages transferred to several ABFC Trusts
SECTION 29 – WELLS FARGO BANK AS TRUSTEE MASTR ASSET-BACKED SECURITIES
TRUSTS
Section Twenty-Nine includes Mortgage Assignments prepared by LPS Employees purporting
to show mortgages transferred to MASTR Asset-Backed Securities Trust 2003-OPT2 and 2005-
OPT1
SECTION 30 – WELLS FARGO BANK AS TRUSTEE OPTION ONE MORTGAGE LOAN
TRUSTS
Section Thirty includes Mortgage Assignments prepared by LPS Employees purporting to show
mortgages transferred to over 25 Option One Mortgage Loan Trusts
SECTION 31 – WELLS FARGO BANK AS TRUSTEE SECURITIZED ASSET-BACK
SECURITIES and/or RECEIVABLES TRUSTS
Section Thirty-One includes Mortgage Assignments prepared by LPS Employees purporting to
show mortgages transferred to six Securitized Asset-Backed Receivables Trusts
SECTION 32 – WELLS FARGO BANK AS TRUSTEE SOUNDVIEW HOME LOAN TRUSTS
Section Thirty-Two includes Mortgage Assignments prepared by LPS Employees purporting to
show mortgages transferred to four SoundView Home Loan Trusts
SECTION 33 – WELLS FARGO BANK AS TRUSTEE MISC. OTHER TRUSTS
Section Thirty-Three includes Mortgage Assignments prepared by LPS Employees purporting to
show mortgages transferred to other trusts that use U.S. Bank at Trustee.

Thank you for your attention to this matter. While I am concerned about the defrauded investors,
particularly the pension funds that have invested in these trusts, I am also concerned about the
homeowners who are losing their homes to bank/trustees who use these Assignments without
disclosing the issue of the missing Trust documents.

Yours truly,
Lynn E. Szymoniak, Esq.

THE STATE OF NEW JERSEY
**DEPARTMENT OF LAW & PUBLIC SAFETY**
**OFFICE OF THE ATTORNEY GENERAL**

OAG Services from A - Z
Servicios en Español

**OAG Contact**    News Release

Gurbir S. Grewal
Attorney General

OAG News

**Other News Pages**
Governor's Office
Otras Noticias en Español (OAG)
Civil Rights (Division of)
Consumer Affairs (Division of)
Criminal Justice (Division of)
Election Law Enforcement Comm
Gaming Enforcement (Div. of)
Highway Traffic Safety (Division of)
Insurance Fraud Prosecutor (Office of)
Juvenile Justice Commission
State Police (Division of NJ)
Law (Division of)

**free PDF plugin**

**For Immediate Release:**
December 19, 2013

**Office of The Attorney General**
- John J. Hoffman, *Acting Attorney General*

**For Further Information:**
**Media Inquiries-**
Lee Moore
609-292-4791

**Citizen Inquiries-**
609-984-5828

## New Jersey Joins Multi-State Settlement with Ocwen Financial Corp. Over Alleged Mortgage Servicing Wrongs

View Consent Judgement

**TRENTON** – Acting Attorney General John J. Hoffman announced today that New Jersey has joined a $2.1 billion, multi-state and federal settlement with Atlanta-based Ocwen Financial Corporation and its subsidiary, Ocwen Loan Servicing, that resolves allegations the companies engaged in mortgage servicing misconduct.

The settlement terms address alleged servicing misconduct by Ocwen, as well as two companies later acquired by Ocwen -- Homeward Residential Inc. and Litton Home Servicing LP. Ocwen specializes in servicing high-risk mortgage loans.

According to a complaint filed in the U.S. District Court for the District of Columbia, the misconduct resulted in premature and unauthorized foreclosures, violations of homeowners' rights and protections, and the use of false and deceptive documents and affidavits, including "robo-signing."

The settlement with the nation's fourth largest mortgage servicer is the result of a massive civil law enforcement investigation and initiative that includes state attorneys general, state mortgage regulators and the federal Consumer Financial Protection Bureau (CFPB). Through a consent judgement, the settlement holds Ocwen accountable for past mortgage servicing and foreclosure abuses, provides relief to homeowners, and stops future fraud and abuse.

"What we found in the Ocwen case is similar to a lot of the problems we saw in our other mortgage servicer enforcement cases," Acting Attorney General Hoffman said. "This is part of our ongoing civil law enforcement effort to hold servicers, including Ocwen, accountable and ensure that they treat borrowers fairly, and return money to its rightful owners."

Under the settlement, Ocwen agreed to $2 billion in first-lien principal reduction, and $125 million for cash payments to borrowers on nearly 185,000 foreclosed loans.

In New Jersey, Ocwen will provide troubled borrowers with an estimated $151 million in first lien principal reductions, and 1,887 loans will be eligible to receive a cash payment. The payment amount, which is contingent on the number of consumers who submit valid claims, is projected to exceed $1,000.

**EXHIBIT E**

Joseph A. Smith, Jr., Monitor of the National Mortgage Settlement, will oversee the Ocwen agreement's implementation and compliance through the <u>Office of Mortgage Settlement Oversight</u>.

The National Mortgage Settlement, a three-year agreement reached in 2012 with the attorneys general of 49 states and the District of Columbia, the federal government, and five mortgage servicers (Ally/GMAC, Bank of America, Citi, JPMorgan Chase and Wells Fargo), has so far provided more than $51 billion in relief to distressed homeowners and created significant new servicing standards. The U.S. District Court in Washington, D.C. entered the consent judgments on April 5, 2012.

The Ocwen settlement does not grant immunity from criminal offenses and would not affect criminal prosecutions. The settlement does not prevent homeowners or investors from pursuing individual, institutional or class action civil cases. The settlement also preserves the authority of state attorneys general and federal agencies to investigate and pursue other aspects of the mortgage crisis, including securities cases.

Among the Ocwen settlement highlights are:

- Ocwen commits to $2 billion in first-lien principal reduction.
- Ocwen pays $125 million cash to borrowers associated with 183,984 foreclosed loans.
- Homeowners receive comprehensive new protections from new mortgage loan servicing and foreclosure standards.
- An independent monitor will oversee implementation of the settlement to ensure compliance.
- The government can pursue civil claims outside of the settlement, and any criminal case; borrowers and investors can pursue individual, institutional or class action cases regardless of the settlement.
- Ocwen pays $2.3 million for settlement administration costs.

The final settlement, through a consent judgment, will be filed in U.S. District Court in Washington, D.C. If approved by a judge, it will have the authority of a court order.

Because of the complexity of the mortgage market and this settlement, which will affect

Contact Us | Privacy Notice | Legal Statement | Accessibility Statement 
Departmental: OAG Home | Contact OAG | About OAG | OAG News | OAG FAQs
Statewide: NJ Home | Services A to Z | Departments/Agencies | FAQs
Copyright © State of New Jersey
This page was last updated on ???? and ????
Ocwen will notify homeowners directly regarding principal reductions. However, borrowers should contact Ocwen to obtain more information about whether they qualify under the terms of this settlement.

A settlement administrator will contact qualified borrowers associated with foreclosed loans regarding cash payments.

More information will be made available as the settlement programs are implemented.

Forty-eight additional states and the District of Columbia are party to the settlement, along with the federal CFPB.

Deputy Attorney General Lorraine K. Rak, Chief of the Division of Law's Consumer Fraud Prosecution Section, and special Deputy Attorney General Krima Shah, handled the matter on behalf of the State.

####

News Index Page | top

**Mortgage Servicing Fraud**
**occurs post loan origination when mortgage servicers use false statements and book-keeping entries, fabricated assignments, forged signatures and utter counterfeit intangible Notes to take a homeowner's property and equity.**
Articles |The FORUM |Law Library |Videos | Fraudsters & Co. |File Complaints |How they STEAL |Search MSFraud |Contact Us



## STEPHEN C PORTER - ANOTHER ROBO SIGNER???

### RESEARCH ET AL
10/02/10

Check your documents for **Stephen C. Porter** signatures.  He seems to be a very busy man this year -- signs for BAC, Chase, Citimortgage, Wells Fargo, PHH and a few others I've found.

👍 0        👎 0

# EXHIBIT OCWEN  ROBO-SIGNER

### Brindy
10/02/10

Here are a few more robo-signers and their notary counterparts.  Most of these signed documents for HomeQ (now Ocwen) acting for Deutsche Bank and others.

1.    Joyce Nelson – Signer
2.    Tonya Blechinger – Signer
3.    Michele M. Curtis – Signer
4.    Brent Alban – Signer
5.    S. Carbajal – Notary
6.    J. Gualano – Notary
7.    D. Platte – Notary

## McDonnell Property Analytics Approved Robo-signers List

| LAST NAME | FIRST NAME | LAST NAME | FIRST NAME |
|---|---|---|---|
| ADAMS | MURIEL | CARBIENER | JEFFREY |
| AGUILAR GREENE | ANGELA | CARRICO | HEATHER |
| ALAGIC | SANELA | CARTER | CHRISTINA |
| ALFONSO | LUISA | CASTRO | VILMA |
| AL-HAMMADI | WENDY ALBERTSON | CHAPMAN | CAROL |
| ALLEN | CHRISTINA | CHAPMAN | DORIS |
| ALLEN | GREG | CHUA | JAMES |
| ALLOTEY | LIQUENDA | CLARK | NATASHA |
| ALTMAN | ROBERT | CLARK | VALERIE |
| AMICO | CHRISTOPHER | CO | DAVID |
| ANDERSON | CHRISTINE | COATS | KAY |
| ANDERSON | EARITHA | CODY | JOHN |
| ANDERSON | SCOTT | COFFMAN | MATTHEW |
| ANTONELLI | ANITA | COLSTON | NORIKO |
| ARIAS | LETICIA | COOK | J. |
| BACHMAN | MICALL | COOK | MARY |
| BACKUS | DEBORAH | COOK | WHITNEY |
| BAGGS | LORAINE | COOK | WHITNEY K. |
| BAGLEY | BRENT | CORNETT | CLAY |
| BAILEY | DENISE | COTTRELL | BETH |
| BAILEY | KIRSTEN | COTTRELL | JOHN |
| BAILEY-SLYH | MARTHA | COWEN | JEFFREY |
| BALARA | LORRIANE | CRAWCZUN | BARBARA |
| BALDWIN | CHRISTIE | CRITE | SHAWANNA |
| BALDWIN | LISA | CROFT | TOM |
| BANASZEWSKI | MATTHEW | CURETON | NIKKI |
| BARRAZA | ASHLEY | DAGGS | NICOLE |
| BARTOW | HAL | DALTON | MARGARET |
| BELL | LANCE | DAWSON | KIMBERLY |
| BENIO | DONNA | DHIMITRI | ALISA |
| BENIO | JENNIFER | DIAN | MIKE |
| BERZ | PAULA | DIETZ | DARLINE |
| BESE | TERESA | DIXON | DIANE |
| BISCHOF | MARK | DOCX | |
| BISHOP | MARK | DOKO | DHURATO |
| BLACKSTUN | NATE | DUDDY | KAREN |
| BLECHINGER | TONYA | DUNNERY | JOHN A. |
| BLY | BRYAN | EADS | SHIRLEY |
| BOLDUC | LORI | ELLER | NANCY |
| BORDER | TIFFANY | ELLIOTT | KEVIN J. |
| BRIGNAC | DEBORAH | ESPOSITO | THERESA |
| BROOKS | BEVERLY | FLANAGAN | MELISSA |
| BROWN | CHINA | FOMBY | AARON |
| BROWN | LORRAINE | FORBES | MICHAEL |
| BROWN | TRACEY | FRAZIER | BRENDA L. |
| BURGESS | JONATHAN | FRENCH | KIM |
| BURNETT | BRIAN | FRIEDMAN | ERIC |
| BURTON | LINDA | FUERSTENBERGER | ANDREW |
| BUSBY | GINER | GAAL | EVA |
| BUXTON | LAURA | GAGLIONE | RENE |

EXHIBIT  OCWEN APPROVED ROBO-SIGNER LIST

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THOMAS I GAGE,

                                Plaintiff,

                  v.

OCWEN LOAN SERVICING, LLC, OWEN
FINANCIAL CORP., STATE OF NEW JERSEY,
NEW JERSEY COURTS ADMINISTRATION
AND MICHELLE SMITH (STATE OFFICER),
MARGARET GOODZEIT (STATE OFFICER),
AND LAW OFFICE OF RAJAN PATEL,

                          Defendants.

Civil Action No. 1:18-cv-01226 (CKK)

STATE OF NEW YORK   )
                         )
COUNTY OF ROCKLAND )

1.      I am the sole principal of the Law Office of Rajan Patel. As such I am familiar with the facts and circumstances surrounding the within issues, and I submit this Affidavit in support of the Law Office of Rajan Patel's motion to dismiss Plaintiff's Complaint.

2.      The "Law Office of Rajan Patel" is not a formally organized business organization or legal entity and is merely business alias or trading name for my law practice. Therefore it is not organized under the laws of the District of Columbia.

3.      I am an attorney in good standing and licensed to practice law before the Courts of the State of New Jersey since December of 1994 (State Bar No. 044931994).

4.      I am an attorney in good standing and licensed to practice law before the Courts of the State of New York since February of 1995 (State Bar No. 2655884).

5.      I am not presently admitted to practice law before the State or Federal courts in the District of Columbia, nor have I ever sought such admission, even on a *pro hac vice* basis.

6.  I, and by extension, the Law Office of Rajan Patel, have never maintained an office in the District of Columbia. I do not have any employees, contractors, bank accounts or real estate in the District of Columbia.

7.  My present principal place of business is located at 257 South Middletown Road, 2nd Floor, Nanuet, New York 10954. The Law Office of Rajan Patel was served with the Complaint in this matter at this address. My permanent domicile is in the State of New York.

8.  I, and by extension, the Law Office of Rajan Patel, have not appeared before any court in the District of Columbia, provided legal services to any client in the District of Columbia, or otherwise provided any legal services within the District of Columbia.

9.  My, and by extension, the Law Office of Rajan Patel's, only interaction with Plaintiff stems from a completed foreclosure action of real property that Plaintiff previously owned at 51 Hillcrest Boulevard, Warren, New Jersey (the "Property").

10. A Final Judgment of foreclosure was entered in the New Jersey Superior Court, Chancery Division, Somerset County on April 13, 2010, as evidenced by a true copy of the filed document attached as **Exhibit A**.

11. Pursuant to the Final Judgment of foreclosure, the Property was sold by the Somerset County Sheriff at public auction to the mortgagee, Wells Fargo Bank, National Association, as Trustee for The Pooling and Servicing Agreement Dated as of July 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-FR3 Mortgage Pass-Through Certificates, Series 2006-FR3 ("Wells Fargo, as Trustee"). A true copy of this recorded deed is attached as **Exhibit B**.

12.     Subsequently Wells Fargo, as Trustee sold the Property to Luke and Helena Andersen (the "Andersens"). A true copy of the recorded deed conveying the Property to the Andersens is attached as **Exhibit C**.

13.     My very first involvement with Plaintiff, the Property or the Andersens was on or about January 18, 2013[1], when I appeared in the matter of *Gage v. Wells Fargo Bank, N.A. AS, Mr. Luke Andersen and Mrs. Helena Andersen* (D.N.J., Case No. 12-00777-FLW-TJB) to defend the Andersens' ownership and title to the Property against Plaintiff's attempt to unwind the deeds to the Andersens and Wells Fargo, as Trustee, as well as the Final Judgment of foreclosure.

14.     Since my first involvement described above, I have appeared in several litigations where Plaintiff's primary objective was to evict the Andersens, unwind their ownership and/or otherwise affect their interest in the Property.

15.     All of my appearances have been within actions or proceedings pending before New Jersey State Courts, Federal District Courts of the State of New Jersey and the Third Circuit Court of Appeals.

16.     Plaintiff continues to file frivolous actions and fabricate new claims merely because he disagrees with every judicial determination made that relates to the Property or a person who was involved in a proceeding that relates to the Property.[2] As a consequence, I and counsel who represented the foreclosing mortgagee, the Sheriff of Somerset County, the County of Somerset, various New Jersey State court Judges, New Jersey Federal court Judges and even the State of New Jersey have been named as defendants in a variety of suits over the last several years. Attached as **Exhibit E** is a true copy of a PACER report listing 20 federal suits in which

---

[1] At the time, my office was located at One Blue Hill Plaza, 10th Floor, Pearl River, New York 10965.

[2] A brief history of the litigation history is in the New Jersey Appellate Division's March 1, 2016 Decision and Order (the "Order"), attached hereto as **Exhibit D**.

Plaintiff is a named plaintiff (this action is 1 of the 2 open cases). Attached as **Exhibit F** is a true

copy of a PACER report listing 9 circuit court appeals Plaintiff has filed (all of which are

closed). In the interest of brevity, the New Jersey State Court litigation history is not attached.


Dated: Nanuet, New York
       August 17, 2018

                                                    _____
                                                    Rajan Patel



      Sworn to before me this
      ꟷꟷ day of August, 2018.

      _____
      Notary Public

      ┌─────────────────────────────────────┐
      │            NEIL F AGYIRI             │
      │   Notary Public - State of New York  │
      │           NO. 01AG6324731            │
      │      Qualified in Rockland County    │
      │   My Commission Expires May 11, 2019 │
      └─────────────────────────────────────┘

EXHIBIT "A"

**EXHIBIT A**

FEIN, SUCH, KAHN & SHEPARD, P.C.
7 Century Drive, Suite 201
Parsippany, New Jersey 07054
(973) 538-9300
FHQ668
Attorney for Plaintiff

FILED
SUPERIOR COURT OF NJ
APR 13 2010

| | |
|---|---|
| WELLS FARGO BANK, NA AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF JULY 1, 2006 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2006-FR3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FR3 | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION- SOMERSET COUNTY

DOCKET NO.: F-22089-08

CIVIL ACTION |
| Plaintiff | FINAL JUDGMENT |
| vs. | |
| THOMAS GAGE, et als. | |
| Defendant | |

This matter being opened to the Court by the Law Firm of

Fein, Such, Kahn & Shepard, PC, attorneys for Plaintiff, and it

appearing that service of the Summons and Complaint, and

Amendment to Complaint, if any, have been made upon the following

Defendants, in accordance with the Rules of this Court, and

default having been entered against said Defendants, and it

appearing

THOMAS GAGE
AMERICAN EXPRESS TRAVEL RELATED SERVICES
JAEGER LUMBER & SUPPLY CO., INC.
SUMMIT MEDICAL GROUP
LUCIA GAGE

and the Plaintiff's obligation, mortgage and assignments of

mortgage having been presented and marked as exhibits by the

Court, and proofs having been submitted of the amount due on

8-278678
DN:22089-08
FN:FHQ668 GAGE

Plaintiff's mortgage, and sufficient cause appearing;

IT IS on this 12th day of April, 2008,

ORDERED AND ADJUDGED that the Plaintiff is entitled to have the sum of $814,646.32 together with lawful interest thereon from 09/01/08 together with costs of this suit to be taxed, including a counsel fee of $ 2500.00 raised and paid in the first place out of the mortgaged premises, and it is further

ORDERED that the Plaintiff or its assignee or the successful purchaser at the Sheriff's Sale duly recover against the following Defendants:

THOMAS GAGE and LUCIA GAGE

and all parties holding under said Defendants, the possession of the premises mentioned and described in the said Complaint, and Amendment to Complaint, if any, with the appurtenances; and it is further

ORDERED AND ADJUDGED that the mortgaged premises be sold to raise and satisfy the several sums of money due, in the first place, to Plaintiff, the sum of $814,646.32 together with lawful interest thereon to be computed as aforesaid with the plaintiff's costs to be taxed, with lawful interest thereon, and that an execution for that purpose be duly issued out of this Court directed to the Sheriff of SOMERSET County, commanding him to make sale according to law of the mortgaged premises described in the Complaint and Amendment to Complaint, if any, and out of the monies arising from said sale, that said Sheriff pay in the first

place, to the Plaintiff, said Plaintiff's debt, with interest
thereon as aforesaid and said Plaintiff's costs with interest
thereon as aforesaid, and in case more money shall be realized by
the said sale then shall be sufficient to satisfy such several
payments as aforesaid, that such surplus be brought into this
Court to abide the further Order of this Court and that the
Sheriff aforesaid make a report of the aforesaid sale without
delay as required by the Rules of this Court; and it is further

ORDERED AND ADJUDGED that the Defendants in this cause, and
each of them stand absolutely debarred and foreclosed of and from
all equity of redemption of, in, and to said mortgaged premises
described in the Complaint, and Amendment to Complaint, if any,
when sold as aforesaid by virtue of this judgment,

Notwithstanding anything herein to the contrary, this
judgment shall not affect the rights of any person protected by
the New Jersey Tenant Anti-Eviction Act, N.J.S.A. 2A:18-61.1, et
seq., the right of redemption given the United States under 28
US. C §2410, the limited priority rights for the aggregate
customary condominium assessment for the six-month period prior
to the recording of any association lien as allowed by NJ.S.A.
46:8B-21 or rights afforded by the Servicemembers Civil Relief
Act, 50 US. C. App. 501 et seq. or N.J.S.A. 2A:23.... 

MARY C. JACOBSON, P.J.Ch.
MARIA MARINARI SYPEK, P.J. CH.

8P 6M13 CL. Am

## SHERIFF'S DEED

# To All Persons to whom these Presents shall come, or whom they may Concern:

I, Frank J. Provenzano, Sr., Sheriff of the County of Somerset in the State of New Jersey, send greetings:

WHEREAS, on the Thirteenth day of April, in the year of Our Lord Two Thousand Ten, a certain Writ of Execution was issued out of the Superior Court of New Jersey-Chancery Division-Somerset County-Docket No. F-22089-08 directed and delivered to the Sheriff of the said County of Somerset, and which said writ is in the words or to the effect following, that is to say:

NEW JERSEY, to wit: THE STATE OF NEW JERSEY to the Sheriff of the County of Somerset, GREETING:

WHEREAS, on the following date, April 13, 2010, by a certain judgment in our Superior Court of New Jersey, in a certain cause therein pending, wherein the plaintiff is Wells Fargo Bank, NA as Trustee under Pooling and Servicing Agreement dated as of July 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-FR3 Mortgage Pass-Through Certificates, Series 2006-FR3, and the following named parties are the defendants: Thomas Gage; American Express Travel Related Services; Jaeger Lumber & Supply Co., Inc.; Summit Medical Group; Lucia Gage, it was ordered and adjudged that certain mortgaged premises, with the appurtenances, in the Complaint in the said cause particularly set forth and described, that is to say:

All that certain tract or parcel of land situate, lying and being in the Township of Warren, County of Somerset and State of New Jersey, more particularly described as follows:

Also known as Tax Lot 18 in Block 86.01 on the Tax Assessment map of the Township of Warren.

More commonly known as 51 Hillcrest Blvd., Warren, NJ 07059.

Being known and designated as Lot 50 as shown on map entitled "Map of Property situated in Warren Township, Somerset near the City of Plainfield, New Jersey, Property of the Kline Realty and Improvement Company" filed on August 2, 1923 on Map No. 16-B.

Deed prepared by:  _T. L. C. P. D._

Thomas L. Przybylski
Sales Coordinator

TOGETHER with all and singular the rights, liberties, privileges, hereditaments and appurtenances thereunto belonging, or in anywise appertaining, and the reversion and remainders, rents, issues and profits thereof, and also all of the estate, right, title, interest, use, property, claim, and demand of the said defendants of, in, to and out of the same, be sold, to pay and satisfy in the first place unto the plaintiff, the sum of $814,646.32, being the principal and interest secured by a certain mortgage dated February 13, 2006 and given by Thomas Gage and Lucia Gage, together with lawful interest from 9/1/08, until the same be paid and satisfied and also the costs of the aforesaid plaintiff, with interest thereon.

And that, for that purpose a Writ of Execution should issue, directed to the Sheriff of the County of Somerset, commanding him to make sale as aforesaid; and that the surplus money arising from such sale, if any there be, should be brought into said court, subject to the further order of the said court, as by the said judgment remaining as of record in our Superior Court of New Jersey at Trenton, doth and may more fully appear; and whereas, the costs of the said Plaintiff have been duly taxed at the following sum: $8,255.00.

THEREFORE, you are hereby commanded that you cause to be made of the premises aforesaid by selling so much of the same as may be needful and necessary for the purpose, the said sum of $814,646.32 and the same you do pay to the said plaintiff together with lawful interest thereon as aforesaid, and the sum aforesaid of costs with interest thereon, and that you have the surplus money, if any there be, before the Superior Court of New Jersey, aforesaid at Trenton, within thirty (30) days after sale and if there be no sale, this Writ to be returnable within twenty-four (24) months pursuant to R. 4:59-1(a); and to abide the further Order of said court, according to the judgment aforesaid; and you are to make return at the time and place aforesaid, by certificate under your hand, of the manner in which you have executed this our Writ, together with this Writ.

WITNESS, the HONORABLE Mary C. Jacobson, P.J.Ch. of the Superior Court, at Trenton, aforesaid, this 13th of April, 2010.

/s/ Jennifer M. Perez
JENNIFER M. PEREZ
Acting Clerk of Superior Court

By: /s/ Nicholas J. Canova
NICHOLAS J. CANOVA

Page 4

AS by the Record of said Writ of Execution entered in the Records of Executions issued in the Superior Court Clerk's Office, 6156F-10, and examined by me.

/s/ Jennifer M. Perez
JENNIFER M. PEREZ
Acting Clerk of Superior Court

AND WHEREAS, I, the said Frank J. Provenzano, Sr., as such Sheriff, as aforesaid, did in due form of law, advertise the said lot of land and premises to be sold under and by virtue of the said writ of execution at public vendue, to be held at the Sheriff's Office in Somerville, New Jersey, on TUESDAY, the 8th day of June, 2010,* at two o'clock P.M. prevailing time of said day by advertisement signed by myself, and posted in the Sheriff's Office and also on the property which was in the Township of Warren in which the said land lies, at least three weeks next before the time appointed for selling the same, and also published in the Courier News, Somerset Spectator and Echoes-Sentinel, three newspapers printed and published in the said County, where the said land is situated, and circulating in the neighborhood of said land, for at least four weeks, successively, once in each week next preceding the said time one of which said newspapers is printed and published in Franklin the most populated Municipality of said County.

*Sale originally scheduled for Tuesday,
June 8, 2010, but was adjourned
until Tuesday, July 6, 2010,
and held at that time.

at which last-named time and place I did accordingly offer and expose the said lot of land and premises for sale at public vendue, under and by virtue of the said writ of Execution.

Page 6

WHEREUPON: Joffrey Weinberg, bidding for Wells Fargo Bank, NA as Trustee under Pooling and Servicing Agreement dated as of July 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-FR3 Mortgage Pass-Through Certificates, Series 2006-FR3, 4837 Watt Avenue, North Highlands, CA 95660, did bid the sum of Four Hundred Sixty-one Thousand Dollars and No Cents ($461,000.00) on its behalf

and no other person bidding as much, I did then and there openly and publicly, in due form of law, between the hours of two and five in the afternoon, strike off and sell the said lot of land and premises for the said sum of Four Hundred Sixty-one Thousand Dollars and No Cents ($461,000.00) to the said Wells Fargo Bank, NA as Trustee under Pooling and Servicing Agreement dated as of July 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-FR3 Mortgage Pass-Through Certificates, Series 2006-FR3, 4837 Watt Avenue, North Highlands, CA 95660, being then and there the highest bidder for the same.

NOW, THEREFORE, KNOW YE, that I the said Frank J. Provenzano, Sr., as such Sheriff aforesaid, under and by virtue of said Writ of Execution, and in execution of the power and trust in me reposed, and also for and in consideration of the said sum of Four Hundred Sixty-one Thousand Dollars and No Cents ($461,000.00) to me in hand paid, the receipt whereof I do hereby acknowledge and therefrom acquit, exonerate and forever discharge the said

Wells Fargo Bank, NA as Trustee under Pooling and Servicing Agreement dated as of July 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-FR3 Mortgage Pass-Through Certificates, Series 2006-FR3

its successors and assigns, heirs, executors and administrators, have granted, bargained, sold, assigned, transferred and conveyed, and by these presents do grant, bargain, sell, assign, transfer, and convey unto the said

Wells Fargo Bank, NA as Trustee under Pooling and Servicing Agreement dated as of July 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-FR3 Mortgage Pass-Through Certificates, Series 2006-FR3

its successors and assigns, heirs and assigns, all and singular, the said lot of land and premises, with the appurtenances, privileges and hereditaments thereto belonging or in anyway appertaining: TO HAVE AND TO HOLD the same unto the said

Wells Fargo Bank, NA as Trustee under Pooling and Servicing Agreement dated as of July 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-FR3 Mortgage Pass-Through Certificates, Series 2006-FR3

its successors and assigns, heirs and assigns, to its only proper use, benefit and behoof forever, in as full, ample and beneficial a manner as by virtue of the said Writ of Execution, I may, can, or ought to convey the same.

And I, the said Frank J. Provenzano, Sr., for myself, my heirs, executors and administrators, do hereby covenant, promise and agree to with the said

Wells Fargo Bank, NA as Trustee under Pooling and Servicing Agreement dated as of July 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-FR3 Mortgage Pass-Through Certificates, Series 2006-FR3

its successors and assigns, heirs and assigns, that I have not, as such Sheriff aforesaid, done or caused, suffered or procured to be done, any act, matter or thing whereby the estate hereby intended to be conveyed in and to the said lot of land and premises, with the appurtenances, is, may, or can be changed, charged, encumbered or defeated in any way whatever.

IN WITNESS WHEREOF, I, the said Frank J. Provenzano, Sr. as such Sheriff aforesaid, have hereunto set my hand and seal this Fourth day of October, 2010.

Signed, sealed and delivered
in the presence of

Frank J. Provenzano, Sr., Sheriff (L.S.)

Thomas C. Miller

NEW JERSEY, SOMERSET COUNTY, ss.

On this Fourth day of October, 2010 before me, the subscriber, An Attorney at Law of New Jersey, personally appeared Frank J. Provenzano, Sr., Sheriff of the County of Somerset aforesaid, who is I am satisfied, the grantor in the within indenture named, and I having first made known to him the contents thereof he did thereupon acknowledge that he sign, sealed and delivered the same as his voluntary act and deed, for the use and purposes therein expressed, and the full and actual consideration paid or to be paid for the transfer of title to realty evidenced by the within deed, as such consideration is defined in P.L. 1968, c 40, Sec. 1 (c) is \$461,000.00.

Thomas C. Miller
An Attorney at Law of New Jersey

I, Frank J. Provenzano, Sr., Sheriff of the County of Somerset, State of New Jersey do solemnly swear that the land and real estate described in this deed made by me to Wells Fargo Bank, NA as Trustee under Pooling and Servicing Agreement dated as of July 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-FR3 Mortgage Pass-Through Certificates, Series 2006-FR3, 4837 Watt Avenue, North Highlands, CA 95660, was by me sold by virtue of a good and subsisting execution, as is therein recited, that the money ordered to be made has not been, to my knowledge or belief, paid or satisfied; that the time and place of the sale of said land and real estate was by me duly advertised as required by law, and that the same was cried off and sold to a bona fide purchaser for the best price that could be obtained.

Frank J. Provenzano, Sr., Sheriff

Sworn before me, An Attorney at Law of New Jersey, on this Fourth day of October in the year of our Lord, Two Thousand and Ten. And I do certify that I have examined the above deed mentioned, and do approve the same and order it to be recorded as a good and sufficient conveyance of the lands and real estate therein described.

Thomas C. Miller
An Attorney at Law of New Jersey

Sale No. 9328

# Deed

Frank J. Provenzano, Sr.
Sheriff of Somerset County

To

Wells Fargo Bank, N.A. as Trustee under
Pooling and Servicing Agreement dated as of
July 1, 2006 Securitized Asset Backed
Receivables LLC Trust 2006-FR3 Mortgage
Pass-Through Certificates, Series 2006-FR3
4837 West Avenue
North Highlands, CA 95660

Consideration             $461,000.00

Dated, October 4, 2010

Received in the Clerk's Office of the
County of Somerset, on the _____ day
of _____, 201__

at _____ and recorded
in Book _____ of Deeds for
said County, Page _____

_____ Clerk

When recorded return to:
FEIN, SUCH, KAHN & SHEPARD, P.C.
COUNSELLORS AT LAW
7 CENTURY DRIVE
SUITE 201
PARSIPPANY, NEW JERSEY 07054

NC1650 - Affidavit of Consideration
(To be attached to Sheriff's Deed)
RTF-8(3-98) P6/02
FHQ668 .

**State of New Jersey**
**AFFIDAVIT OF CONSIDERATION**

(STATEMENT OF PRIOR MORTGAGES, LIENS OR ENCUMBRANCES)
FOR
**SHERIFF'S DEEDS**
(46:15-6.1)
To Be Recorded With Deed Pursuant to c. 49, P.L. 1968, as amended, and c.225,P.L. 1979

Printed by ALL-STATE LEGAL®
ALL-STATE International, Inc.
800.222.0510

RECEIVED
2010 APR 29  AM 10: 30

STATE OF NEW JERSEY
                    SS:
COUNTY OF   MORRIS

FOR RECORDER'S USE ONLY
Consideration $
Realty Transfer Fee $
Date  10-28-10   By  Am

**IMPORTANT NOTE:**
This form is to be attached to all Sheriff's Deeds not otherwise exempt pursuant to N.J.S.A. 46:15-10, when presented to the County Clerk or Register of Deeds for Recording. One of the following blocks MUST be checked:

☐ NO PRIOR MORTGAGES OR LIENS ARE OUTSTANDING.

☒ PRIOR MORTGAGES OR LIENS OUTSTANDING AND NOT EXTINGUISHED BY THIS SALE ARE AS LISTED IN SECTION 2 BELOW.

**(1) PARTY OF LEGAL REPRESENTATIVE**
**WELLS FARGO BANK, NA AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF JULY 1, 2006 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2006-FR3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FR3**

*(Plaintiff)*

*DOLORES DE ALMEIDA*
*(Legal Representative for Plaintiff)*

("Legal representative" is to be interpreted broadly to include any person actively and responsibly participating in the transaction, such as but not limited to: an attorney representing one of the parties; an attorney representing one of the parties; a closing officer of a title company or lending institution participating in the transaction; a holder of power of attorney from plaintiff.)

**(2) CONSIDERATION**
Deponent states that, with respect to the deed hereto annexed, there follows the name or names of all mortgagees and other holders of encumbrances constituting "consideration" as defined in the act to which this act is a supplement (C.46:15-5 (c)), to which such sale shall be subject. Such prior mortgages, liens and encumbrances are as follows:

| NAME OF SECURED PARTY | CURRENT AMOUNT DUE |
|---|---|
| 2007 SEWER 3RD PARTY LIEN SOLD ON 12/3/08, CERT # SS-964 | $663.85 |
| **TOTAL AS OF April 26, 2010:** | $663.85 |

NOTE:  The amount of consideration on which the Realty Transfer Fee shall be calculated shall include both the total listed above and the amount bid at the sale as set forth in the Sheriff's Deed.

Deponent makes this Affidavit to induce the County Clerk or Register of Deeds to record the deed and accept the fee submitted herewith in accordance with the provisions of c.49, P.L. 1968, as amended, and c.225 P.L. 1979.

Subscribed and sworn to before me this
26th day of April, 2010

*Name and address of Deponent*

A NJ ATTORNEY AT LAW

Nicholas J. Canova
Attorney-at-Law
State of New Jersey

DOLORES DE ALMEIDA
FEIN, SUCH, KAHN & SHEPARD, P.C.
7 Century Drive, Suite 201
Parsippany, New Jersey 07054

AMOUNT BID AT
SHERIFF'S SALE
$ 461,000.00

FOR OFFICIAL USE ONLY
This space for use of County Clerk or Register of Deeds
Instrument Number_____ County_____
Deed Number_____  Book_____
Deed Dated  4-13-10   Date Recorded  10-28-10



BRETT A. RADI
SOMERSET COUNTY CLERK
20 GROVE STREET
P.O. BOX 3000
SOMERVILLE, NJ 08876-1262

| | |
|---|---|
| Recorded: | 10/26/2010 02:12:46 PM |
| Book: | OPR   6366  Page: 2696-2906 |
| Instrument No.: | 2010050577 |
| | DEED   9 PGS    $113.00 |
| CONSIDERATION: | $461,000.00 |
| EXEMPTION: | OS |
| NJ REALTY XFER FEE: | $3,600.60 |

| | |
|---|---|
| Recorder: | MOUTNER |

# DO NOT DISCARD



*2010050577*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THOMAS I. GAGE | : | |
| | : | |
| Plaintiff, | : | Case No. 1:18-cv-01226-CKK |
| v. | : | |
| | : | |
| OCWEN LOAN SERVICING, LLC. et al, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## DECLARATION OF WALTER J BUZZETTA
## IN SUPPORT OF MOTION TO DISMISS

Walter J. Buzzetta, of full age, hereby certifies that:

1.      I am an attorney at law of the District of Columbia and a counsel with the firm of Stradley Ronon Stevens & Young, LLP, attorneys for Defendants, Ocwen Loan Servicing LLC ("Ocwen") and Ocwen Financial Corporation.

2.      I am familiar with all the prior proceedings in this matter. Said familiarity is based upon the books, records and files of Defendant Ocwen.

3.      The file records reflect that Fein, Such, Kahn & Shepard, P.C., was retained by a predecessor to Ocwen, on behalf of Wells Fargo as Trustee to file a foreclosure Complaint with respect to real property owned by Plaintiff, Thomas Gage, located at 51 Hillcrest Boulevard, Warren, New Jersey (hereinafter referred to as the "property"). The foreclosure Complaint filed in the Superior Court of New Jersey under Docket No. F-22089-08 was signed by Nicholas J. Canova, Esq.

4.      The file records also reflect that Fein, Such, Kahn & Shepard, P.C., subsequently represented Wells Fargo as Trustee and defended it in two Federal lawsuits filed by the Plaintiff under Docket Nos. 11-862 and 12-777 and in an appeal to the Third Circuit Court of Appeals

## ASSIGNMENT OF MORTGAGE

FHQ668
KNOW ALL MEN BY THESE PRESENTS:

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR EQUITY SOURCE HOME LOANS, LLC herein designated as the Assignor, for and in consideration of the sum of ONE and 00/100 ($1.00) DOLLAR and other good and valuable consideration, the receipt whereof is hereby acknowledged, does by these presents assign to WELLS FARGO BANK, NA AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF JULY 1, 2006 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2006-FR3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FR3 residing or located at 4837 WATT AVE, NORTH HIGHLANDS, CA 95660, herein designated as the Assignee, a certain Mortgage dated February 13, 2006, made by THOMAS GAGE and LUCIA GAGE on lands located in the of WARREN in the County of SOMERSET and State of New Jersey, to secure payment of the sum of $750,000.00 which mortgage is recorded or registered in the Clerk/Register's Office of the County of SOMERSET, in Book 5865 of Mortgages on Page 2795. *Aquisition date 8|1|06.

TOGETHER with the Bond, Note or other Obligation therein described, and the money due and to grow due thereon, with the interest. TO HAVE AND TO HOLD the same unto the said Assignee forever, subject only to all the provisions contained the said Mortgage and the Bond, Note or other Obligation. 2006013065

AND the said Assignor hereby constitutes and appoints the Assignee as the Assignor's true and lawful attorney, irrevocable in law or in equity, in the Assignor's name, place and stead but at the Assignee's cost and expense, to have, use and take all lawful ways and means for the recovery of all the said money and interest; and in case of payment, to discharge the same as fully as the Assignor might or could do if these presents were not made.

In all references herein to any parties, persons, entities or corporations the use of any particular gender or the plural or singular number is intended to include the appropriate gender or number as the text of the within instrument may require.

IN WITNESS WHEREOF, the said Assignor has hereunto set his hand and seal or caused these presents to be signed by its proper corporate officers and its corporate seal to be hereto affixed this _14th_ day of _June_, 20 08.

Signed, Sealed and Delivered
in the presence of or
attested by
SIGNER 1
(Signature w/ seal)
Norika Colston Assistant Secretary
Print Name & Title

SIGNER 2

(Signature)
Tonya Blechinger Assistant Secretary
Print Name & Title

State of California
County of Sacramento

On May 19, 2008, before me, _____ **D.Platte** _____, Notary Public, personally appeared Noriko Colston and Tonya Blechinger, who acknowledged herself/himself to be the Assist. Secretary and Assist. Secretary of Barclays Capital Real Estate Inc. dba Homeq Servicing, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

Witness my hand and official seal.

_____
Notary signature

```
D. PLATTE
COMM. #1652437
NOTARY PUBLIC-CALIFORNIA
SACRAMENTO COUNTY
COMM. EXP. MAR 18, 2010
```



BRETT A. RADI
SOMERSET COUNTY CLERK
20 GROVE STREET
P.O. BOX 3000
SOMERVILLE, NJ 08876-1262

| | |
|---|---|
| Recorded: | 07/01/2008 12:57:43 PM |
| Book: | OPR   6145 Page: 1505-1507 |
| Instrument No.: | 2008031918 |
| | ASSIGNM   3 PGS   $50.00 |

Recorder:   HAJDUNEMET

# DO NOT DISCARD



*2008031918*

# EXHIBIT 5

FEIN, SUCH, KAHN & SHEPARD, P.C.
7 Century Drive, Suite 201
Parsippany, New Jersey 07054
(973) 538-9300
FHQ668
Attorney for Plaintiff



FILED
SUPERIOR COURT OF NJ

APR 13 2010

| | |
|---|---|
| WELLS FARGO BANK, NA AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF JULY 1, 2006 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2006-FR3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FR3 | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION-SOMERSET COUNTY DOCKET NO.: F-22089-08 CIVIL ACTION |
| Plaintiff | FINAL JUDGMENT |
| vs. | |
| THOMAS GAGE, et als. | |
| Defendant | |

This matter being opened to the Court by the Law Firm of
Fein, Such, Kahn & Shepard, PC, attorneys for Plaintiff, and it
appearing that service of the Summons and Complaint, and
Amendment to Complaint, if any, have been made upon the following
Defendants, in accordance with the Rules of this Court, and
default having been entered against said Defendants, and it
appearing

THOMAS GAGE
AMERICAN EXPRESS TRAVEL RELATED SERVICES
JAEGER LUMBER & SUPPLY CO., INC.
SUMMIT MEDICAL GROUP
LUCIA GAGE

and the Plaintiff's obligation, mortgage and assignments of
mortgage having been presented and marked as exhibits by the
Court, and proofs having been submitted of the amount due on

6-278678
DN:22089-08
FN:FHQ668 GAGE

Plaintiff's mortgage, and sufficient cause appearing;

IT IS on this 14th day of APRIL , 2008,

ORDERED AND ADJUDGED that the Plaintiff is entitled to have the sum of $814,646.32 together with lawful interest thereon from 09/01/08 together with costs of this suit to be taxed, including a counsel fee of $ 7500.00 raised and paid in the first place out of the mortgaged premises, and it is further

ORDERED that the Plaintiff or its assignee or the successful purchaser at the Sheriff's Sale duly recover against the following Defendants:

THOMAS GAGE and LUCIA GAGE

and all parties holding under said Defendants, the possession of the premises mentioned and described in the said Complaint, and Amendment to Complaint, if any, with the appurtenances; and it is further

ORDERED AND ADJUDGED that the mortgaged premises be sold to raise and satisfy the several sums of money due, in the first place, to Plaintiff, the sum of $814,646.32 together with lawful interest thereon to be computed as aforesaid with the plaintiff's costs to be taxed, with lawful interest thereon, and that an execution for that purpose be duly issued out of this Court directed to the Sheriff of SOMERSET County, commanding him to make sale according to law of the mortgaged premises described in the Complaint and Amendment to Complaint, if any, and out of the monies arising from said sale, that said Sheriff pay in the first

place, to the Plaintiff, said Plaintiff's debt, with interest thereon as aforesaid and said Plaintiff's costs with interest thereon as aforesaid, and in case more money shall be realized by the said sale then shall be sufficient to satisfy such several payments as aforesaid, that such surplus be brought into this Court to abide the further Order of this Court and that the Sheriff aforesaid make a report of the aforesaid sale without delay as required by the Rules of this Court; and it is further

ORDERED AND ADJUDGED that the Defendants in this cause, and each of them stand absolutely debarred and foreclosed of and from all equity of redemption of, in, and to said mortgaged premises described in the Complaint, and Amendment to Complaint, if any, when sold as aforesaid by virtue of this judgment,

Notwithstanding anything herein to the contrary, this judgment shall not affect the rights of any person protected by the New Jersey Tenant Anti-Eviction Act, N.J.S.A. 2A:18-61.1, et seq., the right of redemption given the United States under 28 US. C §2410, the limited priority rights for the aggregate customary condominium assessment for the six-month period prior to the recording of any association lien as allowed by NJ.S.A. 46:8B-21 or rights afforded by the Servicemembers Civil Relief Act, 50 US. C. App. 501 et seq. or N.J.S.A.2B:23C-1 *Jacobson* P.J. Ch.

<u>MARY C. JACOBSON, P.J.Ch.</u>
MARIA MARINARI SYPEK, P.J. CH.

# EXHIBIT 7

## SHERIFF'S DEED

# To All Persons to whom these Presents shall come, or whom they may Concern:

I, Frank J. Provenzano, Sr., Sheriff of the County of Somerset in the State of New Jersey, send greetings:

WHEREAS, on the Thirteenth day of April, in the year of Our Lord Two Thousand Ten, a certain Writ of Execution was issued out of the Superior Court of New Jersey-Chancery Division-Somerset County-Docket No. F-22089-08 directed and delivered to the Sheriff of the said County of Somerset, and which said writ is in the words or to the effect following, that is to say:

NEW JERSEY, to wit: THE STATE OF NEW JERSEY to the Sheriff of the County of Somerset, GREETING:

WHEREAS, on the following date, April 13, 2010, by a certain judgment in our Superior Court of New Jersey, in a certain cause therein pending, wherein the plaintiff is Wells Fargo Bank, NA as Trustee under Pooling and Servicing Agreement dated as of July 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-FR3 Mortgage Pass-Through Certificates, Series 2006-FR3, and the following named parties are the defendants: Thomas Gage; American Express Travel Related Services; Jaeger Lumber & Supply Co., Inc.; Summit Medical Group; Lucia Gage, it was ordered and adjudged that certain mortgaged premises, with the appurtenances, in the Complaint in the said cause particularly set forth and described, that is to say:

All that certain tract or parcel of land situate, lying and being in the Township of Warren, County of Somerset and State of New Jersey, more particularly described as follows:

Also known as Tax Lot 18 in Block 86.01 on the Tax Assessment map of the Township of Warren.

More commonly known as 51 Hillcrest Blvd., Warren, NJ 07059.

Being known and designated as Lot 50 as shown on map entitled "Map of Property situated in Warren Township, Somerset near the City of Plainfield, New Jersey, Property of the Kline Realty and Improvement Company" filed on August 2, 1923 on Map No. 16-B.

Deed prepared by: _____

Thomas L. Przybylski
Sales Coordinator

TOGETHER with all and singular the rights, liberties, privileges, hereditaments and appurtenances thereunto belonging, or in anywise appertaining, and the reversion and remainders, rents, issues and profits thereof, and also all of the estate, right, title, interest, use, property, claim, and demand of the said defendants of, in, to and out of the same, be sold, to pay and satisfy in the first place unto the plaintiff, the sum of $814,646.32, being the principal and interest secured by a certain mortgage dated February 13, 2006 and given by Thomas Gage and Lucia Gage, together with lawful interest from 9/1/08, until the same be paid and satisfied and also the costs of the aforesaid plaintiff, with interest thereon.

And that, for that purpose a Writ of Execution should issue, directed to the Sheriff of the County of Somerset, commanding him to make sale as aforesaid; and that the surplus money arising from such sale, if any there be, should be brought into said court, subject to the further order of the said court, as by the said judgment remaining as of record in our Superior Court of New Jersey at Trenton, doth and may more fully appear; and whereas, the costs of the said Plaintiff have been duly taxed at the following sum: $8,255.00.

THEREFORE, you are hereby commanded that you cause to be made of the premises aforesaid by selling so much of the same as may be needful and necessary for the purpose, the said sum of $814,646.32 and the same you do pay to the said plaintiff together with lawful interest thereon as aforesaid, and the sum aforesaid of costs with interest thereon, and that you have the surplus money, if any there be, before the Superior Court of New Jersey, aforesaid at Trenton, within thirty (30) days after sale and if there be no sale, this Writ to be returnable within twenty-four (24) months pursuant to R. 4:59-1(a); and to abide the further Order of said court, according to the judgment aforesaid; and you are to make return at the time and place aforesaid, by certificate under your hand, of the manner in which you have executed this our Writ, together with this Writ.

WITNESS, the HONORABLE Mary C. Jacobson, P.J.Ch. of the Superior Court, at Trenton, aforesaid, this 13th of April, 2010.

/s/ Jennifer M. Perez
JENNIFER M. PEREZ
Acting Clerk of Superior Court

By: /s/ Nicholas J. Canova
NICHOLAS J. CANOVA

Page 4

AS by the Record of said Writ of Execution entered in the Records of Executions issued in the Superior Court Clerk's Office, 61561²-10, and examined by mo.


/s/ Jennifer M. Perez
JENNIFER M. PEREZ
Acting Clerk of Superior Court


AND WHEREAS, I, the said Frank J. Provenzano, Sr., as such Sheriff, as aforesaid, did in due form of law, advertise the said lot of land and premises to be sold under and by virtue of the said writ of execution at public vendue, to be held at the Sheriff's Office in Somerville, New Jersey, on TUESDAY, the 8th day of June, 2010,* at two o'clock P.M. prevailing time of said day by advertisement signed by myself, and posted in the Sheriff's Office and also on the property which was in the Township of Warren in which the said land lies, at least three weeks next before the time appointed for selling the same, and also published in the Courier News, Somerset Spectator and Echoes-Sentinel, three newspapers printed and published in the said County, where the said land is situated, and circulating in the neighborhood of said land, for at least four weeks, successively, once in each week next preceding the said time one of which said newspapers is printed and published in Franklin the most populated Municipality of said County.


*Sale originally scheduled for Tuesday,
June 8, 2010, but was adjourned
until Tuesday, July 6, 2010,
and held at that time.


at which last-named time and place I did accordingly offer and expose the said lot of land and premises for sale at public vendue, under and by virtue of the said writ of Execution.

WHEREUPON: Jeffrey Weinberg, bidding for Wells Fargo Bank, NA as Trustee under Pooling and Servicing Agreement dated as of July 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-FR3 Mortgage Pass-Through Certificates, Series 2006-FR3, 4837 Watt Avenue, North Highlands, CA 95660, did bid the sum of Four Hundred Sixty-one Thousand Dollars and No Cents ($461,000.00) on its behalf

and no other person bidding as much, I did then and there openly and publicly, in due form of law, between the hours of two and five in the afternoon, strike off and sell the said lot of land and premises for the said sum of Four Hundred Sixty-one Thousand Dollars and No Cents ($461,000.00) to the said Wells Fargo Bank, NA as Trustee under Pooling and Servicing Agreement dated as of July 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-FR3 Mortgage Pass-Through Certificates, Series 2006-FR3, 4837 Watt Avenue, North Highlands, CA 95660, being then and there the highest bidder for the same.

NOW, THEREFORE, KNOW YE, that I the said Frank J. Provenzano, Sr., as such Sheriff aforesaid, under and by virtue of said Writ of Execution, and in execution of the power and trust in me reposed, and also for and in consideration of the said sum of Four Hundred Sixty-one Thousand Dollars and No Cents ($461,000.00) to me in hand paid, the receipt whereof I do hereby acknowledge and therefrom acquit, exonerate and forever discharge the said

Wells Fargo Bank, NA as Trustee under Pooling and Servicing Agreement dated as of July 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-FR3 Mortgage Pass-Through Certificates, Series 2006-FR3

its successors and assigns, heirs, executors and administrators, have granted, bargained, sold, assigned, transferred and conveyed, and by these presents do grant, bargain, sell, assign, transfer, and convey unto the said

Wells Fargo Bank, NA as Trustee under Pooling and Servicing Agreement dated as of July 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-FR3 Mortgage Pass-Through Certificates, Series 2006-FR3

its successors and assigns, heirs and assigns, all and singular, the said lot of land and premises, with the appurtenances, privileges and hereditaments thereto belonging or in anyway appertaining: TO HAVE AND TO HOLD the same unto the said

Wells Fargo Bank, NA as Trustee under Pooling and Servicing Agreement dated as of July 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-FR3 Mortgage Pass-Through Certificates, Series 2006-FR3

its successors and assigns, heirs and assigns, to its only proper use, benefit and behoof forever, in as full, ample and beneficial a manner as by virtue of the said Writ of Execution, I may, can, or ought to convey the same.

And I, the said Frank J. Provenzano, Sr., for myself, my heirs, executors and administrators, do hereby covenant, promise and agree to with the said

Wells Fargo Bank, NA as Trustee under Pooling and Servicing Agreement dated as of July 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-FR3 Mortgage Pass-Through Certificates, Series 2006-FR3

its successors and assigns, heirs and assigns, that I have not, as such Sheriff aforesaid, done or caused, suffered or procured to be done, any act, matter or thing whereby the estate hereby intended to be conveyed in and to the said lot of land and premises, with the appurtenances, is, may, or can be changed, charged, encumbered or defeated in any way whatever,

(To be attached to Sheriff's Deed)
RTF-8(3-98)  P6/02
FHQ668 .

**(STATEMENT OF PRIOR MORTGAGES, LIENS OR ENCUMBRANCES)**
**FOR**
**SHERIFF'S DEEDS**
**(46:15-6.1)**
To Be Recorded With Deed Pursuant to c. 49, P.L. 1968, as amended, and c.225,P.L. 1979

SOMERSET 800.222.0510
RECEIVED
2010 APR 29  AM 10: 30

STATE OF NEW JERSEY
                        SS:
COUNTY OF __MORRIS__

FOR RECORDER'S USE ONLY
Consideration $_____
Realty Transfer Fee  $_____
Date_____  By_____
Date _10-28-10___  By _Ann_

IMPORTANT NOTE:
    This form is to be attached to all Sheriff's Deeds not otherwise exempt pursuant to N.J.S.A. 46:15-10, when presented to the County Clerk or Register of Deeds for Recording.  One of the following blocks MUST be checked:

☐ NO PRIOR MORTGAGES OR LIENS ARE OUTSTANDING.

☒ PRIOR MORTGAGES OR LIENS OUTSTANDING AND NOT EXTINGUISHED BY THIS SALE ARE AS LISTED IN SECTION 2 BELOW.

**(1) PARTY OF LEGAL REPRESENTATIVE**
    WELLS FARGO BANK, NA AS TRUSTEE UNDER POOLING AND SERVICING AGEEMENT DATED AS OF JULY 1, 2006 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2006-FR3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FR3
*(Plaintiff)*

*DOLORES DE ALMEIDA*
*(Legal Representative for Plaintiff)*

    ("Legal representative" is to be interpreted broadly to include any person actively and responsibly participating in the transaction, such as but not limited to: an attorney representing one of the parties; an attorney representing one of the parties; a closing officer of a title company or lending institution participating in the transaction; a holder of power of attorney from plaintiff.)

**(2) CONSIDERATION**
    Deponent states that, with respect to the deed hereto annexed, there follows the name or names of all mortgagees and other holders of encumbrances constituting "consideration" as defined in the act to which this act is a supplement (C.46:15-5 (c)), to which such sale shall be subject.  Such prior mortgages, liens and encumbrances are as follows:

| NAME OF SECURED PARTY | CURRENT AMOUNT DUE |
|---|---|
| 2007 SEWER 3RD PARTY LIEN SOLD ON 12/3/08, CERT # SS-964 | $663.85 |
| TOTAL AS OF April 26, 2010: | $663.85 |

NOTE:  The amount of consideration on which the Realty Transfer Fee shall be calculated shall include both the total listed above and the amount bid at the sale as set forth in the Sheriff's Deed.

    Deponent makes this Affidavit to induce the County Clerk or Register of Deeds to record the deed and accept the fee submitted herewith in accordance with the provisions of c.49, P.L. 1968, as amended, and c.225 P.L. 1979.

Subscribed and sworn to before me this
26th day of April, 2010

_____
*Name and address of Deponent*

_____
A NJ ATTORNEY AT LAW

Nicholas J. Canova
Attorney-at-Law
State of New Jersey

DOLORES DE ALMEIDA
FEIN, SUCH, KAHN & SHEPARD, P.C.
7 Century Drive, Suite 201
Parsippany, New Jersey 07054

AMOUNT BID AT
SHERIFF'S SALE
$ _461,000.00_

FOR OFFICIAL USE ONLY
This space for use of County Clerk or Register of Deeds
Instrument Number_____   County_____
Deed Number_____   Book_____
Deed Dated _4-13-10_   Date Recorded _10-28-10_

IN WITNESS WHEREOF, I, the said Frank J. Provenzano, Sr. as such Sheriff aforesaid, have hereunto set my hand and seal this Fourth day of October, 2010.

Signed, sealed and delivered
in the presence of

_____
Thomas C. Miller

_____
Frank J. Provenzano, Sr., Sheriff (L.S.)

NEW JERSEY, SOMERSET COUNTY, ss.

On this Fourth day of October, 2010 before me, the subscriber, An Attorney at Law of New Jersey, personally appeared Frank J. Provenzano, Sr., Sheriff of the County of Somerset aforesaid, who is I am satisfied, the grantor in the within indenture named, and I having first made known to him the contents thereof he did thereupon acknowledge that he sign, sealed and delivered the same as his voluntary act and deed, for the use and purposes therein expressed, and the full and actual consideration paid or to be paid for the transfer of title to realty evidenced by the within deed, as such consideration is defined in P.L. 1968, c 40, Sec. 1 (c) is $461,000.00.

_____
Thomas C. Miller
An Attorney at Law of New Jersey

I, Frank J. Provenzano, Sr., Sheriff of the County of Somerset, State of New Jersey do solemnly swear that the land and real estate described in this deed made by me to Wells Fargo Bank, NA as Trustee under Pooling and Servicing Agreement dated as of July 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-FR3 Mortgage Pass-Through Certificates, Series 2006-FR3, 4837 Watt Avenue, North Highlands, CA 95660, was by me sold by virtue of a good and subsisting execution, as is therein recited, that the money ordered to be made has not been, to my knowledge or belief, paid or satisfied; that the time and place of the sale of said land and real estate was by me duly advertised as required by law, and that the same was cried off and sold to a bona fide purchaser for the best price that could be obtained.

_____
Frank J. Provenzano, Sr., Sheriff

Sworn before me, An Attorney at Law of New Jersey, on this Fourth day of October in the year of our Lord, Two Thousand and Ten. And I do certify that I have examined the above deed mentioned, and do approve the same and order it to be recorded as a good and sufficient conveyance of the lands and real estate therein described.

_____
Thomas C. Miller
An Attorney at Law of New Jersey

Sale No. 9328

# Deed

## Frank J. Provenzano, Sr.
### Sheriff of Somerset County
#### To

Wells Fargo Bank, NA as Trustee under
Pooling and Servicing Agreement dated as of
July 1, 2006 Securitized Asset Backed
Receivables LLC Trust 2006-FR3 Mortgage
Pass-Through Certificates, Series 2006-FR3
4837 Watt Avenue
North Highlands, CA 95660

Consideration                  $461,000.00

Dated, October 4, 2010

Received in the Clerk's Office of the
County of Somerset, on the _____ day
of _____ 201_,
at _____ and recorded
in Book _____ of Deeds for
said County, Page _____

_____
                                   Clerk.

When recorded return to:
FEIN, SUCH, KAHN & SHEPARD, P.C.
COUNSELLORS AT LAW
7 CENTURY DRIVE
SUITE 201
PARSIPPANY, NEW JERSEY 07054



BRETT A. RADI
SOMERSET COUNTY CLERK
20 GROVE STREET
P.O. BOX 3000
SOMERVILLE, NJ 08876-1262

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Recorded: | 10/28/2010 02:12:48 PM |
| Book: | OPR   6366   Page: 2898-2906 |
| Instrument No.: | 2010050577 |
| | DEED   9 PGS   $113.00 |
| CONSIDERATION: | $461,000.00 |
| EXEMPTION: | OS |
| NJ REALTY XFER FEE: | $3,800.60 |

Recorder:   MOUTNER

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# DO NOT DISCARD



2010050577

# EXHIBIT 8

Entered in the records of executions
issued in the Superior Court Clerk's
Office

## Writ# 002935F11

FEIN, SUCH, KAHN & SHEPARD, PC
7 Century Drive - Suite 201
Parsippany, New Jersey 07054
(973) 538-9300
Attorneys for Plaintiff
OCE016

| | |
|---|---|
| WELLS FARGO BANK, NA AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF JULY 1, 2006 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2006-FR3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FR3 | SUPERIOR COURT OF NEW JERSEY : CHANCERY DIVISION : SOMERSET COUNTY |
| | Docket No. F-22089-08 |
| Plaintiff, | Civil Action |
| vs | |
| THOMAS GAGE, et al., | |
| Defendants. | WRIT OF POSSESSION |

THE STATE OF NEW JERSEY

to the Sheriff of the County of SOMERSET

GREETINGS:

WHEREAS, on April 13, 2010, by a certain judgment of the Superior Court of New Jersey, Chancery Division, SOMERSET County, in a cause therein pending, wherein the Plaintiff is WELLS FARGO BANK, NA AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF JULY 1, 2006 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2006-FR3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FR3 and THOMAS GAGE; LUCIA GAGE;

AMERICAN EXPRESS TRAVEL RELATED SERVICES, JAEGER LUMBER & SUPPLY
CO., INC. and SUMMIT MEDICAL GROUP; the Defendants, it was
ordered and adjudged that the Plaintiff, its assignee or the
successful bidder at Sheriff's Sale recover the possession of the
lands and premises, with the appurtenances, described in its
Complaint from the following Defendant(s) and all who hold under
said Defendant(s): THOMAS GAGE and LUCIA GAGE, which premises are
more particularly set forth on Rider annexed hereto and made a
part hereof, the possession of which said land and premises the
said Defendants have hitherto unlawfully deprived the said
Plaintiff and or its assignee, as appears to us of record.

THEREFORE, you are hereby commanded that, without
delay, you cause the said Plaintiff to have possession of the
said land premises with the appurtenances thereunto belonging and
appertaining; and make known to the said Superior Court of New
Jersey aforesaid at Trenton within six months, the manner in
which you shall have executed this writ, and have you then and
there this writ.                    MARY C. JACOBSON, P.J.Ch

WITNESS, the Honorable                      , Judge of
the Superior Court of Trenton, aforesaid, this 5th     day of
August              , 2011.

JENNIFER M. PEREZ, ESQ., ACTING CLERK
Jennifer M. Perez, Esq.
Acting Clerk of Superior Court

FEIN SUCH, KAHN & SHEPARD, PC
Attorneys for Plaintiff
By:
Francis J. Giambalvo, Esq.